UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

NICOLE BROECKER, MICHELLE MARTINO,
GINA PORCELLO, AMOURA BYRAN, RENA
GELLMAN, FOTINA LAMBOS, KERRY BEN-
JACOB, EKATERINA UDINA, ANDREA
TICHIO, MARIANNA CIACCA-LISS, ANITA
QUASH, KELLY DIXON, FELICIA HAGAN,
MARITZA ROMERO, MARIA RUSCELLI,
BETIZIADA CRUZ, FRANCINE TRAPANI,·
JEANNINE LAM, JESSICA NARCISCO,
BRIANNA PEREZ, NICOLETTA MASULLO,
ANASTASIA   CHRISTOPOULOS,   FAYE
KOTZER, BENEDICT LOPARRINO, YADITZA
RODRIGUEZ, RAFAEL ADRIAN TORO,
SERINA   MENDEZ,   DINA   HUSSIEN,
HERENDYRA PEREYRA, ROSA ABREU, LISA
WILLIAMS, JOAN GIAMMARINO, ANDREA
JACKSON, MARIA KLAPAKIS, STELLA
PORTO, TONIANN MIRAGLIA, ROSEANNA
SILVESTRI-INCANTALUPO, JULIA A. MAVIS,
CHRISTOPHER   HANSEN,   ANNETTE
BACKOF, DIANE PAGEN, LYNN PEPE,
STEPHANIE   EDMONDS,   YVONNE
COSTELLO, DEBBY HARTZ, SORAYA
SANCHEZ, MONIQUE MOORE, ANGELA
VELEZ, SALLY MUSSAFI, JESSICA NICCHIO,
DORCA GENAO, RACHEL MANISCALCO,
JAMES   HOFFMAN,   SHARLAYNE
JACOBS, CRYSTAL SALAS, FRANCES
DIPROSSIMO,   CAROLA
MARTINEZ-VAN BOKKEM, AYSE USTARES,
ELIZABETH   FIGUEROA,   DIANE
BAKER-PACIUS,   NICOLE   MOORE,
ELIZABETH   PLACENCIO,   DEBBIE
BERTRAM, KIMBERLI MADDEN, FRAN
SCHMITTER, VICTORIA RUSSO, PAUL
CIFARELLI, DANIELLE HEAL, SARA
COOMBS-MORENO, LISA SIMO, TAMI
BENEDUCE, ZABDIEL VALERA, NATHALIE
CHARLES, JANELLE LOTITO, JEANEAN
SANCHEZ, MARIE MOSLEY, TARA
PALLADINO, DANIELLE MCGUIRE, JULIA
HARDING, LEAH KUKLA, STEPHANIE
FRANZESE, JULIA BALASIS-MARING, BETH
SCHIANO, on behalf of themselves and all other

INDEX NO. _____

COMPLAINT

JURY TRIAL DEMANDED

1

similarly situated employees of the New York City
Department of Education,

                                    Plaintiffs,

                    -against-

NEW   YORK   CITY   DEPARTMENT   OF
EDUCATION, MEISHA PORTER, in her official
and individual capacities, UNITED FEDERATION
OF   TEACHERS,   LOCAL   2,   AMERICAN
FEDERATION   OF   TEACHERS,   AFL-CIO,
MICHAEL   MULGREW,   in   his   official   and
individual capacities, JOHN DOE #1-10, in their
official and individual capacities; and JANE DOE
#1-10 in their official and individual capacities,
                                    Defendants.
----------------------------------------------------------------------X

        The Plaintiffs by their attorneys, The Scher Law Firm, LLP, alleges the following as their

Complaint:

## I.    PARTIES, JURISDICTION, AND VENUE

        1.      The Plaintiff NICOLE BROECKER ("Broecker") was and still is a natural person

who resides in and is a domiciliary of the County of Richmond, State of New York and is employed

as a tenured teacher with the New York City Department of Education ("NYCDOE").

        2.      The Plaintiff MICHELLE MARTINO ("Martino") was and still is a natural person

who resides in and is a domiciliary of the County of Kings, State of New York and is employed as

a tenured teacher with the NYCDOE.

        3.      The Plaintiff GINA PORCELLO ("Porcello") was and still is a natural person who

resides in and is a domiciliary of the County of Westchester, State of New York and is employed

as a secretary with the NYCDOE.

4.      The Plaintiff AMOURA BYRAN ("Bryan") was and still is a natural person who resides in and is a domiciliary of the County of Essex, State of New Jersey and is employed as a tenured teacher with the NYCDOE.

5.      The Plaintiff RENA GELLMAN ("Gelman") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a tenured teacher with the NYCDOE.

6.      The Plaintiff FOTINA LAMBOS ("Lambos") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a school counselor with the NYCDOE.

7.      The Plaintiff KERRY BEN-JACOB ("Ben-Jacob") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a tenured teacher with the NYCDOE.

8.      The Plaintiff EKATERINA UDINA ("Udina") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a tenured teacher with the NYCDOE.

9.      The Plaintiff ANDREA TICHIO ("Tichio") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a tenured teacher with the NYCDOE.

10.     The Plaintiff MARIANNA CIACCA-LISS ("Ciacca-Liss") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a tenured teacher with the NYCDOE.

11.     The Plaintiff ANITA QUASH ("Quash") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a paraprofessional with the NYCDOE.

12.    The Plaintiff KELLY DIXON ("Dixon") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a tenured teacher with the NYCDOE.

13.    The Plaintiff FELICIA HAGAN ("Hagan") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a tenured teacher with the NYCDOE.

14.    The Plaintiff MARITZA ROMERO ("Romero") was and still is a natural person who resides in and is a domiciliary of the County of Westchester, State of New York and is employed as a tenured teacher with the NYCDOE.

15.    The Plaintiff MARIA RUSCELLI ("Ruscelli") was and still is a natural person who resides in and is a domiciliary of the County of Bronx, State of New York and is employed as a tenured teacher with the NYCDOE.

16.    The Plaintiff BETIZIADA CRUZ ("Cruz") was and still is a natural person who resides in and is a domiciliary of the County of Westchester, State of New York and is employed as a teacher with the NYCDOE.

17.    The Plaintiff FRANCINE TRAPANI ("Trapani") was and still is a natural person who resides in and is a domiciliary of the County of Westchester, State of New York and is employed as a tenured teacher with the NYCDOE.

18.    The Plaintiff JEANNINE LAM ("Lam") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a tenured teacher with the NYCDOE.

19.    The Plaintiff JESSICA NARCISCO ("Narcisco") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a tenured teacher with the NYCDOE.

20.     The Plaintiff BRIANNA PEREZ ("Perez") was and still is a natural person who resides in and is a domiciliary of the County of New York, State of New York and is employed as a paraprofessional with the NYCDOE.

21.     The Plaintiff NICOLETTA MASULLO ("Masullo") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a tenured teacher with the NYCDOE.

22.     The Plaintiff ANASTASIA CHRISTOPOULOS ("Christopoulos") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a speech language pathologist with the NYCDOE.

23.     The Plaintiff FAYE KOTZER ("Kotzer") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a principal with the NYCDOE.

24.     The Plaintiff BENEDICT LOPARRINO ("Loparrino") was and still is a natural person who resides in and is a domiciliary of the County of Bronx, State of New York and is employed as a tenured teacher with the NYCDOE.

25.     The Plaintiff YADITZA RODRIGUEZ ("Rodriguez") was and still is a natural person who, upon information and belief, resides in and is a domiciliary of the State of New York and is employed as a parent coordinator with the NYCDOE.

26.     The Plaintiff RAFAEL ADRIAN TORO ("Toro") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a tenured teacher with the NYCDOE.

27.     The Plaintiff SERINA MENDEZ ("Mendez") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a tenured teacher with the NYCDOE.

28.     The Plaintiff DINA HUSSIEN ("Hussein") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a paraprofessional with the NYCDOE.

29.     The Plaintiff HERENDYRA PEREYRA ("Pereyra") was and still is a natural person who, upon information and belief resides in and is a domiciliary of the State of New York and is employed as a tenured teacher with the NYCDOE.

30.     The Plaintiff ROSA ABREU ("ABREU") was and still is a natural person who upon information and belief, resides in and is a domiciliary of the State of New York and is employed as a tenured teacher with the NYCDOE.

31.     The Plaintiff LISA WILLIAMS ("Williams") was and still is a natural person who resides in and is a domiciliary of the County of Bronx, State of New York and is employed as a paraprofessional with the NYCDOE.

32.     The Plaintiff JOAN GIAMMARINO ("Giammarino") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a speech and hearing-handicapped tenured teacher with the NYCDOE.

33.     The Plaintiff ANDREA JACKSON ("Jackson") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a tenured teacher with the NYCDOE.

34.     The Plaintiff MARIA KLAPAKIS ("Klapakis") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a tenured teacher with the NYCDOE.

35.     The Plaintiff STELLA PORTO ("Porto") was and still is a natural person who resides in and is a domiciliary of the County of Middlesex, State of New Jersey and is employed as an assistant principal with the NYCDOE.

36.    The Plaintiff TONIANN MIRAGLIA ("Miraglia") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a paraprofessional with the NYCDOE.

37.    The Plaintiff ROSEANNA SILVESTRI-INCANTALUPO ("Silvestri-Incantalupo") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a paraprofessional with the NYCDOE.

38.    The Plaintiff JULIA A. MAVIS ("Mavis") was and still is a natural person who resides in and is a domiciliary of the County of Monmouth, State of New Jersey and is employed as a paraprofessional with the NYCDOE.

39.    The Plaintiff CHRISTOPHER HANSEN ("Hansen") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a tenured teacher with the NYCDOE.

40.    The Plaintiff ANNETTE BACKOF ("Backof") was and still is a natural person who resides in and is a domiciliary of the County of Middlesex, State of New Jersey and is employed as a tenured teacher with the NYCDOE.

41.    The Plaintiff DIANE PAGEN ("Pagen") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a social worker with the NYCDOE.

42.    The Plaintiff LYNN PEPE ("Pepe") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a tenured teacher with the NYCDOE.

43.    The Plaintiff STEPHANIE EDMONDS ("Edmonds") was and still is a natural person who resides in and is a domiciliary of the County of Fairfield, State of Connecticut and is employed as a tenured teacher with the NYCDOE.

44.    The Plaintiff YVONNE COSTELLO ("Costello") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a tenured teacher with the NYCDOE.

45.    The Plaintiff DEBBY HARTZ ("Hartz") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a guidance counselor with the NYCDOE.

46.    The Plaintiff SORAYA SANCHEZ ("Sanchez") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a tenured teacher with the NYCDOE.

47.    The Plaintiff MONIQUE MOORE ("Moore") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a tenured teacher with the NYCDOE.

48.    The Plaintiff ANGELA VELEZ ("Velez") was and still is a natural person who resides in and is a domiciliary of the County of Putnam, State of New York and is employed as a school counselor with the NYCDOE.

49.    The Plaintiff SALLY MUSSAFI ("Mussafi") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a tenured teacher with the NYCDOE.

50.    The Plaintiff JESSICA NICCHIO ("Nicchio") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a paraprofessional with the NYCDOE.

51.    The Plaintiff DORCA GENAO ("Genao") was and still is a natural person who upon information and belief, resides in and is a domiciliary of the State of New York and is employed as a teacher assistant with the NYCDOE.

52.     The Plaintiff RACHEL MANISCALCO ("Maniscalco") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a tenured teacher with the NYCDOE.

53.     The Plaintiff JAMES HOFFMAN ("Hoffman") was and still is a natural person who resides in and is a domiciliary of the County of Fairfield, State of Connecticut and is employed as a tenured teacher with the NYCDOE.

54.     The Plaintiff SHARLAYNE JACOBS ("Jacobs") was and still is a natural person who, upon information and belief, resides in and is a domiciliary of the State of New York and is employed as a tenured teacher with the NYCDOE.

55.     The Plaintiff CRYSTAL SALAS ("Salas") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a tenured speech teacher with the NYCDOE.

56.     The Plaintiff FRANCES DIPROSSIMO ("Diprossimo") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a tenured teacher with the NYCDOE.

57.     The Plaintiff CAROLA MARTINEZ-VAN BOKKEM ("Martinez-Van Bokkem") was and still is a natural person who resides in and is a domiciliary of the County of Rockland, State of New York and is employed as a tenured teacher of the deaf with the NYCDOE.

58.     The Plaintiff AYSE USTARES ("Ustares") was and still is a natural person who resides in and is a domiciliary of the County of Westchester, State of New York and is employed as a social worker with the NYCDOE.

59.     The Plaintiff ELIZABETH FIGUEROA ("Figueroa") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a tenured teacher with the NYCDOE.

60.     The Plaintiff DIANE BAKER-PACIUS ("Baker-Pacius") was and still is a natural person who resides in and is a domiciliary of the County of New York, State of New York and is employed as a tenured teacher with the NYCDOE.

61.     The Plaintiff NICOLE MOORE ("Moore") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a tenured teacher with the NYCDOE.

62.     The Plaintiff ELIZABETH PLACENCIO ("Placencio") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a tenured with the NYCDOE.

63.     The Plaintiff DEBBIE BERTRAM ("Bertram") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a tenured with the NYCDOE.

64.     The Plaintiff KIMBERLI MADDEN ("Madden") was and still is a natural person who resides in and is a domiciliary of the County of Rockland, State of New York and is employed as a tenured teacher with the NYCDOE.

65.     The Plaintiff FRAN SCHMITTER ("Schmitter") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a paraprofessional with the NYCDOE.

66.     The Plaintiff VICTORIA RUSSO ("Russo") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a tenured teacher with the NYCDOE.

67.     The Plaintiff PAUL CIFARELLI ("Cifarelli") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a tenured teacher with the NYCDOE.

68.     The Plaintiff DANIELLE HEAL ("Heal") was and still is a natural person who resides in and is a domiciliary of the County of Monmouth, State of New Jersey and is employed as a tenured teacher with the NYCDOE.

69.     The Plaintiff SARA COOMBS-MORENO ("Coombs-Moreno") was and still is a natural person who resides in and is a domiciliary of the County of Bronx, State of New York and is employed as a tenured teacher with the NYCDOE.

70.     The Plaintiff LISA SIMO ("Simo") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a paraprofessional with the NYCDOE.

71.     The Plaintiff TAMI BENEDUCE ("Beneduce") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a tenured teacher with the NYCDOE.

72.     The Plaintiff ZABDIEL VALERA ("Valera") was and still is a natural person who resides in and is a domiciliary of the County of Essex, State of New Jersey and is employed as a tenured teacher with the NYCDOE.

73.     The Plaintiff NATHALIE CHARLES ("Charles") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a tenured teacher with the NYCDOE.

74.     The Plaintiff JANELLE LOTITO ("Lotito") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a paraprofessional with the NYCDOE.

75.     The Plaintiff JEANEAN SANCHEZ ("Sanchez") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a tenured teacher with the NYCDOE.

76.     The Plaintiff MARIE MOSLEY ("Mosley") was and still is a natural person who resides in and is a domiciliary of the County of Bronx and is employed as a tenured guidance counselor with the NYCDOE.

77.     The Plaintiff TARA PALLADINO ("Palladino") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a tenured teacher with the NYCDOE.

78.     The Plaintiff DANIELLE MCGUIRE ("McGuire") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a tenured teacher with the NYCDOE.

79.     The Plaintiff JULIA HARDING ("Harding") was and still is a natural person who resides in and is a domiciliary of the County of Westchester, State of New York and is employed as an education administrator with the NYCDOE.

80.     The Plaintiff LEAH KUKLA ("Kukla") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a tenured teacher with the NYCDOE.

81.     The Plaintiff STEPHANIE FRANZESE ("Franzese") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a tenured teacher with the NYCDOE.

82.     The Plaintiff JULIA BALASIS-MARING ("Balasis-Maring") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a tenured teacher with the NYCDOE.

83.     The Plaintiff BETH SCHIANO ("Schiano") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a tenured teacher with the NYCDOE.

84. The Defendant NEW YORK CITY DEPARTMENT OF EDUCATION ("NYCDOE") was and still is a municipal corporation duly organized under the laws of New York State with its principal place of business is located in the County of Kings, State of New York.

85. The Defendant CITY OF NEW YORK ("NYC") was and still is a municipal corporation organized under the laws of the State of New York.

86. The Defendant MEISHA PORTER ("Porter") was and still is a natural person whose principal place of business is located in the County Kings, State of New York.

87. The Defendant UNITED FEDERATION OF TEACHERS, LOCAL 2, AMERICAN FEDERATION OF TEACHERS, AFL-CIO ("UFT") was and still is a labor organization with its principal place of business located in the County of New York, State of New York.

88. The Defendant MICHAEL MULGREW ("Mulgrew") was and still is a natural person whose principal place of business is located in the County of New York, State of New York.

89. The Defendants JOHN DOE #1-10 ("John Doe") are unknown persons who have directly participated in, have knowledge of, and have had personal involvement in the deprivation of the Plaintiffs' constitutional rights.

90. The Defendants JANE DOE #1-10 ("Jane Doe") are unknown persons who have directly participated in, have knowledge of, and have had personal involvement in the deprivation of the Plaintiffs' constitutional rights.

91. This is a civil action seeking injunctive relief and declaratory judgment relief to protect the Plaintiffs' constitutional rights to due process and property rights (U.S. Constitution, Fourteenth Amendment).

92. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

93.     This Court has personal jurisdiction over the Defendants.

94.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(d), because, the Defendants have offices within this judicial district.

## II.     FACTS

**A.     Background**

66.     The NYCDOE is a State actor.

67.     Porter is the Chancellor of the NYCDOE.

68.     The Plaintiffs are members of the UFT.

69.     Mulgrew is President of the UFT.

70.     The Plaintiffs have not taken a COVID-19 vaccine.

71.     The Plaintiffs are:

(a)     A tenured principal (Kotzer);

(b)     An assistant principal (Porto);

(c)     Tenured teachers (Broecker, Martino, Bryan, Gellman, Ben-Jacob, Udina, Tichio, Ciaccia-Liss, Dixon, Hagen, Romero, Ruscelli, Cruz, Trapani, Lam, Narciso, Masullo, LoParrino, Toro, Mendez, Pereyra, Abreu, Giammarino, Jackson, Klapakis, Hansen, Backof, Pepe, Edmonds, Costello, Sanchez, Moore, Mussafi, Maniscalco, Hoffman, Jacobs, Salas, DiProssimo, Martinez-van Bokken, Figueroa, Baker-Pacius, Moore, Placencio, Bertram, Madden, Russo, Cifarelli, Heal, Coombs-Moreno, Beneduce, Valera, Charles, Sanchez, Palladino, McGuire, Kukla, Franzese, Balasis-Marring, Schiano);

(d)     Paraprofessionals (Quash, Perez, Hussien, Williams, Miraglia, Silverstri-Incantalupo, Mavis, Nicchio, Genao, Schmitter, Simo, Lotito);

(e)     Education Administrator (Harding)

(f)     Speech language pathologist (Christopoulos);
(g)     Social worker (Pagen, Ustares);
(h)     Parent Coordinator (Rodriguez);
(i)      Guidance counselor (Hartz, Mosley);
(j)      School counselor (Lambos, Velez); and
(k)     Secretary (Porcello)

## B.      Unconstitutional Acts By The Defendants

72.     As a direct consequence of not taking a COVID-19 vaccine, on October 2, 2021, the Plaintiffs received an email from the NYCDOE that they have been placed on a Leave Without Pay ("LWOP"). *See,* **Exhibit A**, a copy of the October 2, 2021 email.

73.     In addition, on October 2, 2021, the NYCDOE communicated to the Plaintiffs that they were not permitted to report to work or their school site beginning October 4, 2021. *See,* **Exhibit A**.

74.     From October 4, 2021 through October 15, 2021, the Plaintiffs have been paid their full salary.

75.     The NYCDOE has deemed the Plaintiffs on unauthorized absences for, upon information and belief, October 4, 5, 6, 7, 8, 11, 13, 14, and 15.

76.     From on or about October 4, 2021 through the date of this Complaint, the Plaintiffs remain on an unpaid status and unauthorized to enter the NYCDOE's buildings to work.

77.     The NYCDOE has suspended the Plaintiffs-tenured principals without pay without due process pursuant to N.Y. Education Law § 3020-a.

78.     The NYCDOE has suspended the Plaintiffs-tenured assistant principals without pay without due process pursuant to N.Y. Education Law § 3020-a.

79.     The NYCDOE has suspended the Plaintiffs-tenured teachers without pay without due process in violation of N.Y. Education Law § 3020-a.

80.     The NYCDOE has suspended the Plaintiffs-civil service employees entitled to N.Y. Civil Service Law § 75 rights without pay without due process in violation of N.Y. Civil Service Law § 75.

81.     The NYCDOE has suspended the Plaintiffs-union members entitled to charges and a hearing pursuant to the UFT's collective bargaining agreement with the NYCDOE without pay without due process in violation of the UFT's collective bargaining agreement with the NYCDOE. *See,* **Exhibit B**, a copy of the UFT's Secretary Chapter's collective bargaining agreement, at Article 16.F.  *See,* **Exhibit C**, a copy of the UFT's paraprofessional's collective bargaining agreement, at Article 23.

82.     The NYCDOE has suspended the Plaintiffs paraprofessionals without pay without due process in violation of their union's collective bargaining agreement with the UFT.  *See,* **Exhibit C**, at Article 23.

83.     The Plaintiffs individually possess a property-based, procedural due process right to their pay pursuant to the Fourteenth Amendment to the United States Constitution.

84.     The NYCDOE's unilateral decision to suspend the Plaintiffs' pay violated the Plaintiffs' property-based, procedural due process right to their pay.

85.     The Plaintiffs individually possess a procedural due process right to their jobs pursuant to the Fourteenth Amendment to the United States Constitution.

86.     The NYCDOE's unilateral decision to suspend the Plaintiffs from their job without due process pursuant to N.Y. Education Law § 3020-a violated the Plaintiffs' procedural due process right to their jobs.

87.     The NYCDOE's unilateral decision to suspend the Plaintiffs from their job without due process pursuant to N.Y. Civil Service Law § 75 violated the Plaintiffs' procedural due process right to their jobs.

88.     The NYCDOE's unilateral decision to suspend the Plaintiffs from their job without due process pursuant to the UFT's collective bargaining agreements with the NYCDOE violated the Plaintiffs' procedural due process right to their jobs.

89.     Porter's unilateral decision to suspend the Plaintiffs from their job without due process pursuant to N.Y. Education Law § 3020-a violated the Plaintiffs' procedural due process right to their jobs.

90.     Porter's unilateral decision to suspend the Plaintiffs from their job without due process pursuant to N.Y. Civil Service Law § 75 violated the Plaintiffs' procedural due process right to their jobs.

91.     Porter's unilateral decision to suspend the Plaintiffs from their job without due process pursuant to the UFT's collective bargaining agreements with the NYCDOE violated the Plaintiffs' procedural due process right to their jobs.

92.     The UFT has utterly refused to grieve the Plaintiffs' grievances that the UFT's collective bargaining agreements do not authorize or permit the NYCDOE from suspending the Plaintiffs without pay without due process.

93.     Mulgrew has utterly refused to grieve the Plaintiffs' grievances that the UFT's collective bargaining agreements do not authorize or permit the NYCDOE from suspending the Plaintiffs without pay without due process.

94.     The Plaintiffs' constitutional rights have been trampled on by the NYCDOE.

95.     The Plaintiffs' constitutional rights have been trampled on by Porter.

96.     The Plaintiffs' constitutional rights have been trampled on by the UFT.

97.     The Plaintiffs' constitutional rights have been trampled on by Mulgrew.

**C.     Class Allegations**

98.     NYCDOE's suspension of the Plaintiffs without pay without due process was pursuant to policies, customs, and/or practices of the NYCDOE.

99.     The UFT's decision not to grieve any of the Plaintiffs' grievances that they were suspended without pay without due process was pursuant to policies, customs, and/or practices of the UFT.

100.     Plaintiffs, on behalf of themselves and of the class of similarly situated persons, seek an Order declaring that the NYCDOE's unilateral decision to suspend the Plaintiffs without pay without due process was unconstitutional.

101.     Plaintiffs, on behalf of themselves and of the class of similarly situated persons, seek an Order declaring that the NYCDOE's unilateral decision to suspend the Plaintiffs without pay without due process was illegal.

102.     Plaintiffs bring this Action on their own behalf and on behalf of all persons similarly situated, pursuant to Federal Rule of Civil Procedure 23(b)(3).   Plaintiffs seek a certification of a class defined as follows: All NYCDOE employees suspended without pay for not taking the COVID-19 vaccine who have a statutory or contractual right to charges and a hearing before the employee is disciplined or terminated.

103.     Pursuant to Federal Rule of Civil Procedure 23(a), the members of the class are so numerous that joinder of all members is impractical.  Plaintiffs do not know the exact number of class members.  Plaintiffs are informed and believe, and thereupon allege that there are more than 100 persons in the class defined above.

104.     Pursuant to Federal Rule of Civil Procedure 23(a), Plaintiffs are informed and believe, and thereupon allege, that there are question of law and fact common to the class, including but not limited to:

(a)    Whether a NYCDOE tenured principal, assistant principal, or teacher possesses a property-based, procedural due process right to their pay pursuant to the Fourteenth Amendment to the United States Constitution;

(b)    Whether a NYCDOE employee possessing N.Y. Civil Service Law § 75 possesses a property-based, procedural due process right to their pay pursuant to the Fourteenth Amendment to the United States Constitution;

(c)    Whether a NYDOE employee-UFT union member, like a paraprofessional or secretary whose collective bargaining agreement with the NYDOE grants the union member the right to charges and a hearing before discipline or termination possesses a property-based, procedural due process right to their pay pursuant to the Fourteenth Amendment to the United States Constitution;

(d)    Whether a NYCDOE tenured principal, assistant principal, or teacher possesses a procedural due process right to their jobs pursuant to the Fourteenth Amendment to the United States Constitution.;

(e)    Whether a NYCDOE employee possessing N.Y. Civil Service Law § 75 possesses a procedural due process right to their jobs pursuant to the Fourteenth Amendment to the United States Constitution.;

(f)    Whether a NYDOE employee-UFT union member, like a paraprofessional or secretary, whose collective bargaining agreement with the NYDOE grants the union member the right to charges and a hearing before discipline or termination possesses a procedural due process right to their jobs pursuant to the Fourteenth Amendment to the United States Constitution.

105.    Pursuant to Federal Rules of Civil Procedure 23(a), Plaintiffs' claims are typical of the class they seek to represent. The Plaintiffs have all been suspended without pay without due process. Plaintiffs have the same interests and have suffered the same type of injuries as the proposed class. Each proposed class member suffered actual damages as a result of the challenged conduct. Plaintiffs' claims arose because of the NYCDOE's policies, customs, and/or practices. Plaintiffs' claims arose because of the UFT's policies, customs, and/or practices.

106.    Plaintiffs' counsel has the resources, experience, and expertise to successfully prosecute this Action against Defendants. Counsel knows of no conflicts among members of the class, or between counsel and any members of the class.

107.    Pursuant to Federal Rules of Civil Procedure 23(b)(3), upon certification, class members must be furnished with the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  If this action is certified as a class action, Plaintiffs contemplate that individual notice will be given to class members, at such last known address by first class mail, as well as notice by publication informing them of the following:

i.      The pendency of the class action and the issues common to the class;

ii.     The nature of the action;

iii.    Their right to "opt-out" of the action within a given time, in which event they will not be bound by a decision rendered in the class action;

iv.     Their right to "opt-out" to be represented by their own counsel and to enter an appearance in the case; otherwise they will be represented by the named class plaintiffs and their counsel; and

v.      Their right, if they do not "opt-out" to share in any recovery in favor of the class, and conversely to be bound by any judgment on the common issues adverse to the class.

## III.    CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR DECLARATORY JUDGMENT

108.    The Plaintiffs re-state and re-allege the allegations contained in ¶¶ 1 through 107, as if fully set forth herein.

109.    The Plaintiffs are a tenured principal, tenured assistant principal, and tenured teachers.

110.    The Plaintiffs are employees that possess N.Y. Civil Service Law § 75 rights.

111.    The Plaintiffs are employee-union members, paraprofessionals or secretaries entitled to charges and a hearing pursuant to the UFT's collective bargaining agreement with the NYCDOE.

20

112.   The Plaintiffs have been suspended without pay without due process in accordance with their statutory and/or contractual rights.

113.   There is an actual controversy over whether what the NYCDOE did to the Plaintiffs, namely suspend the Plaintiffs without pay without due process violating the Plaintiffs' Fourteenth Amendment rights.

114.   The Plaintiffs request an Order declaring that what the NYCDOE did to the Plaintiffs, namely suspend the Plaintiffs without pay without due process violating the Plaintiffs' Fourteenth Amendment rights to due process and to their pay without due process

115.   The Plaintiffs have no adequate remedy at law.

### AS AND FOR A SECOND CAUSE OF ACTION
### FOR PERMANENT INJUNCTION

116.   The Plaintiffs re-state and re-allege the allegations contained in ¶¶ 1 through 115, as if fully set forth herein.

117.   The Plaintiffs have a high likelihood of success on the merits because the Plaintiffs possess a property-based, procedural due process right to their pay pursuant to the Fourteenth Amendment to the United States Constitution.

118.   The Plaintiffs have a high likelihood of success on the merits because the Plaintiffs possess a procedural due process right to their jobs pursuant to the Fourteenth Amendment to the United States Constitution.

119.   The Plaintiffs have a high likelihood of success on the merits because the NYCDOE have violated their property-based, procedural due process right to their pay.

120.   The Plaintiffs have a high likelihood of success on the because the NYCDOE have violated their property-based, procedural due process right to their pay.

121.    The violation of the Plaintiffs' constitutional rights constitutes irreparable harm.

122.    Without a permanent injunction, the Plaintiff will have no adequate remedy at law.

**AS AND FOR A THIRD CAUSE OF ACTION**
**FOR VIOLATION OF 42 U.S.C. § 1983 AGAINST THE NYCDOE, PORTER, JOHN**
**DOE AND JANE DOE**

123.    The Plaintiffs re-state and re-allege the allegations contained in ¶¶ 1 through 122, as if fully set forth herein.

124.    The NYCDOE subjected the Plaintiffs to the foregoing acts and omissions without due process of law in a violation of 42 U.S.C. § 1983 thereby depriving Plaintiffs of their rights, privileges and immunities secured by the Fourteenth Amendment of the United States Constitution.

125.    The NYCDOE through its actions, violated the Plaintiffs' due process rights guaranteed to the Plaintiffs by statute (N.Y. Education Law § 3020-a or N.Y. Civil Service Law § 75) or by contract (collective bargaining agreements between the UFT and the NYCDOE) under the Fourteenth Amendment of the United States Constitution.

126.    The Plaintiffs were not provided the opportunity for a fair hearing prior to being deprived of a constitutionally protected property interest, namely their pay.

127.    The NYCDOE was barred by statute and/or contract from suspending the Plaintiffs without pay without due process.

128.    The Plaintiffs, as public employees, who can only be discharged for cause, have a constitutionally protected property interest in his job, and could not be suspended without pay without due process.

129.    The NYCDOE have denied Plaintiff due process of law by not providing a hearing before an impartial hearing officer resulting in a wrongful, and unlawful leave of absence, and a termination of a constitutionally protected liberty or property interest.

130.    The NYCDOE, Porter, John Doe and Jane Doe, acting under color of law, and through their employees, servants, agents and designees, have engaged in a course of action and behavior rising to the level of a policy, custom, and condoned practice, which has deprived Plaintiffs of their rights, privileges and immunities secured by the Constitution and laws in violation of 42 U.S.C. § 1983. These actions were condoned, adopted and fostered by policy makers including but not limited to Porter, John Doe and Jane Doe.

131.    As a direct and proximate result of said acts, Plaintiffs and others similarly situated have suffered and continue to suffer irreparable harm, loss of income, loss of other employment benefits, injury to reputation and good name, being subjected to scandalous claims and investigations and have suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damages to their reputation.

132.    As a direct and proximate result of said acts, Plaintiffs and others similarly situated have suffered and continues to suffer suspension, leave of absence, diminished employment, and have suffered and continues to suffer distress, humiliation, great expense, embarrassment and damage to their reputation.

133.    As a result of the NYCDOE's acts, Plaintiffs suffered and are entitled to, damage sustained to date and continuing in a sum in excess of the jurisdictional limits of all State courts which might otherwise have jurisdiction and this court, costs and attorney's fees as well as equitable and injunctive relief and any other relief this Court may find and just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
### FOR VIOLATION OF 42 U.S.C. § 1983 AGAINST THE UFT, MULGREW, JOHN DOE AND JANE DOE

134.    The Plaintiffs re-state and re-allege the allegations contained in ¶¶ 1 through 133, as if fully set forth herein.

135.   The UFT has colluded with the NYCDOE to subject the Plaintiffs to a deprivation of their due process rights in a violation of 42 U.S.C. § 1983 thereby depriving Plaintiffs of their rights, privileges and immunities secured by the Fourteenth Amendment of the United States Constitution.

136.   The UFT's, Mulgrew's, John Doe's and Jane Doe's actions in colluding with the NYCDOE, violated the Plaintiffs' due process rights guaranteed to the Plaintiffs by statute (N.Y. Education Law § 3020-a or N.Y. Civil Service Law § 75) or by contract (collective bargaining agreements between the UFT and the NYCDOE) under the Fourteenth Amendment of the United States Constitution.

137.   The Plaintiffs were not provided the opportunity for a fair hearing prior to being deprived of a constitutionally protected property interest, namely their pay.

138.   The NYCDOE was barred by statute and/or contract from suspending the Plaintiffs without pay without due process and the UFT, Mulgrew, John Doe, and Jane Doe have refused to grieve the violation of the Plaintiffs' statutory and contractual rights.

139.   The Plaintiffs, as public employees, who can only be discharged for cause, have a constitutionally protected property interest in his job, and could not be suspended without pay without due process.

140.   The UFT, Mulgrew, John Doe, and Jane Doe have denied Plaintiff due process of law by not grieving the NYCDOE's failure to provide a hearing before an impartial hearing officer resulting in a wrongful, and unlawful leave of absence, and a termination of a constitutionally protected liberty or property interest.

141.   The UFT, Mulgrew, John Doe and Jane Doe, in collusion with the NYCDOE, who was acting under color of law, and through their employees, servants, agents and designees, have engaged in a course of action and behavior rising to the level of a policy, custom, and condoned

24

practice, which has deprived Plaintiffs of their rights, privileges and immunities secured by the Constitution and laws in violation of 42 U.S.C. § 1983. These actions were condoned, adopted and fostered by policy makers including but not limited to Porter, John Doe and Jane Doe.

142.    As a direct and proximate result of said acts, Plaintiffs and others similarly situated have suffered and continue to suffer irreparable harm, loss of income, loss of other employment benefits, injury to reputation and good name, being subjected to scandalous claims and investigations and have suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damages to their reputation.

143.    As a direct and proximate result of said acts, Plaintiffs and others similarly situated have suffered and continues to suffer suspension, leave of absence, diminished employment, and have suffered and continues to suffer distress, humiliation, great expense, embarrassment and damage to their reputation.

144.    As a result of the UFT's, Mulgrew's, John Doe's, and Jane Doe's acts, Plaintiffs suffered and are entitled to, damage sustained to date and continuing in a sum in excess of the jurisdictional limits of all State courts which might otherwise have jurisdiction and this court, costs and attorney's fees as well as equitable and injunctive relief and any other relief this Court may find and just and proper.

145.    The UFT, Mulgrew, John Doe, and Jane Doe subjected the Plaintiffs to the foregoing acts and omissions without due process of law in a violation of 42 U.S.C. § 1983 thereby depriving Plaintiffs of their rights, privileges and immunities secured by the Fourteenth Amendment of the United States Constitution.

146.    The UFT, Mulgrew, John Doe, and Jane Doe through their actions, violated the Plaintiffs' due process rights guaranteed to the Plaintiffs by statute (N.Y. Education Law § 3020-a or N.Y. Civil Service Law § 75) or by contract (collective bargaining agreements between the UFT and the NYCDOE) guaranteed to the Plaintiffs under the Fourteenth Amendment of the United States Constitution.

147.    The Plaintiffs were not provided the opportunity for a fair hearing prior to being deprived of a constitutionally protected property interest, namely their pay.

148.    The NYCDOE was barred by statute and/or contract from suspending the Plaintiffs without pay without due process, yet the UFT, Mulgrew, John Doe, and Jane Doe have refused to grieve the NYDOE's misconduct.

149.    The Plaintiffs, as public employees, who can only be discharged for cause, have a constitutionally protected property interest in his job, and could not be suspended without pay without due process.

150.    The NYCDOE have denied Plaintiff due process of law by not providing a hearing before an impartial hearing officer resulting in a wrongful, and unlawful leave of absence, and a termination of a constitutionally protected liberty or property interest yet the UFT, Mulgrew, John Doe, and Jane Doe have refused to grieve the NYDOE's misconduct.

151.    The UFT, Mulgrew, John Doe, and Jane Doe in collusion with the NYCDOE, Porter, John Doe and Jane Doe, acting under color of law, and through their employees, servants, agents and designees, have engaged in a course of action and behavior rising to the level of a policy, custom, and condoned practice, which has deprived Plaintiffs of their rights, privileges and immunities secured by the Constitution and laws in violation of 42 U.S.C. § 1983. These actions were condoned, adopted and fostered by policy makers including but not limited to Porter, John Doe and Jane Doe.

152.    As a direct and proximate result of said acts, Plaintiffs and others similarly situated have suffered and continue to suffer irreparable harm, loss of income, loss of other employment benefits, injury to reputation and good name, being subjected to scandalous claims and investigations and have suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damages to their reputation.

153.    As a direct and proximate result of said acts, Plaintiffs and others similarly situated have suffered and continues to suffer suspension, leave of absence, diminished employment, and have suffered and continues to suffer distress, humiliation, great expense, embarrassment and damage to their reputation.

154.    As a result of the UFT's, Mulgrew's, John Doe's, and Jane Doe's collusion with the NYCDOE, Plaintiffs suffered and are entitled to, damage sustained to date and continuing in a sum in excess of the jurisdictional limits of all State courts which might otherwise have jurisdiction and this court, costs and attorney's fees as well as equitable and injunctive relief and any other relief this Court may find and just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION
### FOR DIRECT PARTICIPATION AND AIDING AND ABETTING IN VIOLATION OF
### 42 U.S.C. § 1983 AGAINST THE PORTER, MULGREW, JOHN DOE AND JANE DOE

155.    The Plaintiffs re-state and re-allege the allegations contained in ¶¶ 1 through 154, as if fully set forth herein.

156.    Porter, Mulgrew, John Doe, and Jane Doe, individually and collectively did foster and encourage the NYCDOE to violate the Plaintiffs' constitutional rights.

157.    Porter, Mulgrew, John Doe, and Jane Doe, individually and collectively, jointly and severally, violated the Plaintiffs' constitutional rights when they failed to stop the NYCDOE from suspending the Plaintiffs without pay without due process.

158.    Porter, Mulgrew, John Doe, and Jane Doe, individually and collectively knew and had reason to know that the NYCDOE violated the Plaintiffs' constitutional rights when the NYCDOE suspended the Plaintiffs without pay without due process.

159.    Porter, Mulgrew, John Doe, and Jane Doe, individually and collectively jointly and severally, did foster and encourage the NYCDOE to violate the Plaintiffs' constitutional rights by suspending the Plaintiffs without pay without due process.

160.    Based on the foregoing, the Porter, Mulgrew, John Doe, and Jane Doe directly participated in and/or tacitly condoned the violation of the Plaintiffs' constitutional rights, violating 42 U.S.C.§ 1983.

**WHEREFORE,** the Plaintiffs demand judgment:

(1)    on the First Cause of Action for a declaratory judgment, declaring that what the NYCDOE did to the Plaintiffs, namely suspend the Plaintiffs without pay without due process violating the Plaintiffs' Fourteenth Amendment rights to due process and to their pay without due process; and

(2)    on the Second Cause of Action for a permanent injunction, enjoining the NYCDOE from violating the Plaintiffs' constitutional rights; and

(3)    on the Third Cause of Action for violation of 42 U.S.C. § 1983 against the NYCDOE, Porter, John Doe, and Jane Doe for violations of the Plaintiffs' Fourteenth Amendment constitutional rights, seeking compensation for damages sustained by the Plaintiffs to date and continuing in a sum to be determined at trial; and

(4)    on the Fourth Cause of Action for violation of 42 U.S.C. § 1983 against the UFT, Mulgrew, John Doe, and Jane Doe for colluding with the NYCDOE, Porter, John Doe, and Jane Doe in violating the Plaintiffs' Fourteenth Amendment constitutional rights, seeking compensation for damages sustained by the Plaintiffs to date and continuing in a sum to be determined at trial; and

(5)    on the Fifth Cause of Action for violation of 42 U.S.C. § 1983 against Porter, Mulgrew, John Doe, and Jane Doe for direct participation in and aiding and abetting of the violation of the Plaintiffs' Fourteenth Amendment constitutional rights, seeking compensation for damages sustained by the Plaintiffs to date and continuing in a sum to be determined at trial; and

(6)    on all causes of action, an award of attorneys' fees, and costs; and

(7)     such other and further relief the Court deems just and fair.

Dated:          Carle Place, New York
                November 17, 2021

                                        Austin Graff
                                        THE SCHER LAW FIRM, LLP
                                        One Old Country Road, Suite 385
                                        Carle Place, New York 11514
                                        (516) 746-5040