UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

NICOLE BROECKER, *et al.*, on behalf of themselves and all other similarly situated employees of the New York City Department of Education,

INDEX NO. _____

                       Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION, MEISHA PORTER, in her official and individual capacities, UNITED FEDERATION OF TEACHERS, LOCAL 2, AMERICAN FEDERATION OF TEACHERS, AFL-CIO, MICHAEL MULGREW, in his official and individual capacities, JOHN DOE #1-10, in their official and individual capacities; and JANE DOE #1-10 in their official and individual capacities,

                       Defendants.

-----------------------------------------------------------------------X

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

THE SCHER LAW FIRM, LLP
One Old Country Road, Suite 385
Carle Place, New York 11514
(516) 746-5040

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................ i

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT ................................................................................. 1

POINT I.     STANDARD OF REVIEW FOR A PRELIMINARY
             INJUNCTION ..................................................................................... 2

POINT II.    NYCDOE IS VIOLATING THE PLAINTIFFS'
             PROPERTY-BASED PROCEDURAL DUE PROCESS
             CLAIM ................................................................................................ 5

  A.   Plaintiffs Have A Property Interest In Their Pay ................................................. 5

  B.   Plaintiffs Have Not Received Constitutionally Adequate Process In
       The Course Of The Deprivation ......................................................................... 6

       1.   Tenured Principals, Tenured Assistant Principals, And Tenured
            Teachers ..................................................................................................... 7

       2.   NYDOE's Civil Service Employees With N.Y. Civil Service
            Law § 75 Rights .......................................................................................... 9

       3.   NYCDOE Employees Entitled To Hearings Pursuant To
            Collective Bargaining Agreements ............................................................. 10

POINT III.   NYCDOE IS VIOLATING THE PLAINTIFFS'
             PROCEDURAL DUE PROCESS RIGHTS ........................................ 13

  A.   Tenured Principals, Tenured Assistant Principals, and Tenured
       Teachers ............................................................................................................ 14

  B.   NYDOE's Civil Service Employees With N.Y. Civil Service Law §
       75 Rights ........................................................................................................... 15

  C.   NYCDOE Employees Entitled To Hearings Pursuant To Collective
       Bargaining Agreements ..................................................................................... 16

CONCLUSION ......................................................................................................... 18

## TABLE OF AUTHORITIES

**Cases**

*Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir 1985)........................................... 3

*Brewer v. W. Irondequoit Cent. Sch. Dist.*, 212 F.3d 738, 743-744 (2d Cir 2000)........................................................................................................................ 4

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) ......................... 15, 20

*Dwyer v. Regan*, 777 F.2d 825, 831 (2d Cir 1985)......................................................... 17

*Jackson v. Roslyn Bd. of Educ.*, 652 F.Supp.2d 332, 343 (E.D.N.Y. 2009)................................ 18

*Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir 1984)............................................. 14, 20

*Narumanchi v. Bd. of Trustees*, 850 F.2d 70, 72 (2d Cir 1988) ................................. 7

*O'Connor v. Pierson*, 426 F.3d 187, 196 (2d Cir 2005)................................................. 6

*Palermo v. Eisenberg*, 81 Misc.2d 1014, 1015 (Sup. Ct., 1975)................................ 17

*Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577 (2d Cir 1989) ............................. 2, 3

*S & D Maintenance Co. v. Goldin*, 844 F.2d 962, 967 (2d Cir 1988)................................... 11, 19

*Shaffer v. Schenectady City Sch. Dist.*, 245 F.3d 41, 44 (2d Cir 2001)....................................... 16

*Shaul v. Cherry Val.-Springfield Cent. Sch. Dist.*, 218 F.Supp.2d 266, 271 (N.D.N.Y. 2002) ................................................................................................ 16

*Strong v. Bd. of Educ. of Uniondale Union Free Sch. Dist.*, 902 F.2d 208, 211 (2d Cir 1990)....................................................................................................... 16

*Tooly v. Schwaller*, 919 F.3d 165, 173 (2d Cir 2019) ................................................. 6

*Tooly v. Schwaller*, 919 F.3d at 173 ........................................................................... 14

*Velez v. Levy*, 401 F.3d 75, 85 (2d Cir 2005) ............................................................. 6

*Waronker v. Hempstead Union Free Sch. Dist.*, 788 F.App'x 788, 793 (2d Cir. 2019) *cert. denied, Waronker v Hempstead Union Free Sch. Dist.*, 140 S.Ct 2669 (2020)....................................................................................................... 7, 14

**Statutes**

N.Y. Civil Service Law § 75.1. ....................................................................................................... 9

N.Y. Civil Service Law § 75.3. ....................................................................................................... 9

N.Y. Education Law § 3020-a.2.b. ................................................................................................. 8

N.Y. Education Law § 3020-a.3. .................................................................................................... 8

N.Y. Education Law § 3020-a.4.a. ................................................................................................. 8

N.Y. Education Law § 3020-a.4.b. ................................................................................................. 8

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted by the Plaintiffs and all others similarly situated in this Action in support of their Motion, on an emergency basis, for a Temporary Restraining Order and Preliminary Injunction, enjoining the Defendant NEW YORK CITY DEPARTMENT OF EDUCATION ("NYCDOE") from violating the Plaintiffs' property interests and due process constitutional rights.

Since October 4, 2021, the NYCDOE has placed its employees who have failed to take a COVID-19 vaccine on an unpaid status or a Leave Without Pay ("LWOP") without providing the Plaintiffs due process before denying them the benefits of their property interests in their continued employment, which they are entitled to receive either because: (1) they have acquired the statute of tenure pursuant to N.Y. Education Law § 3020-a; or (2) they are Civil Service employees who have passed their probationary period and as a result are entitled to a hearing pursuant to N.Y. Civil Service Law § 75; or (3) they are members of unions that have a collective bargaining agreement with the NYCDOE, which requires the NYCDOE to proffer charges, hold a hearing, and obtain a determination before discipline is imposed.

The NYCDOE's financial pressure and the duress it has imposed upon the Plaintiffs and those similarly situated violates the Plaintiffs' 14th Amendment rights to due process because they have a property interest in their pay.

The NYCDOE has placed an arbitrary date of December 1, 2021 for those employees of the NYCDOE who are not yet vaccinated to decide whether to take the COVID-19 vaccine or extend their leave without pay due to their vaccination status through September 5, 2022 and if they do not make the decision the NYCDOE has threatened to "unilaterally separate employees who have not selected one of the options above or otherwise separated service." **Exhibit A**, a copy of the NYCDOE's October 2, 2021 email.

The NYCDOE cannot, constitutionally or statutorily "unilaterally separate employees" from their jobs without due process when the employees have a right to have charges proffered

1

against them and have a hearing before discipline is imposed pursuant to N.Y. Education Law § 3020-a, or N.Y. Civil Service Law § 75, or their collective bargaining agreement.

The NYCDOE has violated the Plaintiffs' constitutional rights.  As a result, the Plaintiffs are seeking a mandatory injunction to restore the Plaintiffs to payroll and enjoin the NYCDOE from disciplining the Plaintiffs without proffering charges as against each affected person individually, and holding a hearing as against each affected person individually during which each of the Plaintiffs and all those similarly situated can defend themselves before a neutral hearing officer.

The NYCDOE has used the withholding of the Plaintiffs' pay (in violation of their constitutional rights) to put undue duress, pressure, and coercion upon them, which is wrongful. The NYCDOE has created economic hardships in order to obtain a desired outcome (COVID-19 vaccination), while at the same time has trampled all over the Plaintiffs' rights.  The constitution must trump such maneuvers, and the rule of law must prevail to protect property interests, despite administrative convenience and vaccination policy objectives.

This Court should grant the Plaintiffs' requested relief to protect the Plaintiffs' due process and property interest rights.

## POINT I.     STANDARD OF REVIEW FOR A PRELIMINARY INJUNCTION

The Second Circuit has set forth two standards of review for a District Court to analyze whether an injunction should issue.  Both standards come from the Court's decision in *Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577 (2d Cir 1989).

The first standard states that

> [i]n general, the district court may grant a preliminary injunction if the moving party establishes (1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground

for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.

*Plaza Health Labs., Inc. v. Perales*, 878 F.2d at 580.

The second standard states that

where the moving party seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme, the district court should not apply the less rigorous fair-ground-for-litigation standard and should not grant the injunction unless the moving party establishes, along with irreparable injury, a likelihood that he will succeed on the merits of his claim.

*Plaza Health Labs., Inc. v. Perales*, 878 F.2d at 580.

In *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir 1985), the Court held

[w]here such is the case, an injunction is often deemed mandatory, rather than prohibitory, and a greater showing is required of the moving party. *See Jacobson & Co. v. Armstrong Cork Co.*, 548 F.2d 438, 441 (2d Cir. 1977). In these circumstances, we have held that an injunction should issue "only upon a clear showing that the moving party is entitled to the relief requested," *Flintkote Co. v. Blumenthal*, 469 F. Supp. 115, 125-26 (N.D.N.Y.), *aff'd*, 596 F.2d 51 (2d Cir. 1979), or where "extreme or very serious damage will result" from a denial of preliminary relief, *Clune v. Publishers' Ass'n*, 214 F. Supp. 520, 531 (S.D.N.Y.), *aff'd*, 314 F.2d 343 (2d Cir. 1963). In sum, we have shown "greater reluctance to issue a mandatory injunction than a prohibitory injunction." *Hurley v. Toia*, 432 F. Supp. 1170, 1175 (S.D.N.Y.), *aff'd mem.*, 573 F.2d 1291 (2d Cir. 1977).

In *Brewer v. W. Irondequoit Cent. Sch. Dist.*, 212 F.3d 738, 743-744 (2d Cir 2000), the Court held

[i]n most cases, a party seeking a preliminary injunction must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits

3

or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor. *See Forest City Daly Hous., Inc. v. Town of North Hempstead,* 175 F.3d 144, 149 (2d Cir. 1999). In some cases, a significantly higher standard applies. The moving party must make a "clear" or "substantial" showing of a likelihood of success in two instances: where (1) the injunction sought is mandatory, i.e., "will alter, rather than maintain, the status quo"; or (2) the injunction sought "will provide the movant with substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits." *Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir. 1996) (internal quotation marks omitted).

The Plaintiffs can meet their heavy burden in this Motion.

The Plaintiffs are seeking affirmative relief injunction (or mandatory injunction), seeking to alter the status quo, restoring the Plaintiffs to payroll (*i.e.,* restoring their pay status, their benefits, and pension credits) and altering the deprivation of their property interests imposed upon them unilaterally by the NYCDOE. The Plaintiffs are also seeking a prohibitory injunction to stop the NYCDOE from disciplining, including terminating the Plaintiffs and all others similarly situated, without due process.

Here, the Plaintiffs are asking for a mandatory injunction, seeking to be placed back on payroll, since the NYCDOE improperly, illegally, and unconstitutionally placed them on LWOP, having deprived them of their property rights without due process.

Since the Plaintiffs can set forth clear and unambiguous violations of their constitutional rights, the Court should grant the Plaintiffs both (1) a mandatory injunction, reinstating the Plaintiff to pay status, and (2) a prohibitory injunction barring the NYCDOE from imposing disciplinary consequences upon the Plaintiffs without due process.

Accordingly, the Plaintiffs' requested relief should be granted.

**POINT II.    NYCDOE IS VIOLATING THE PLAINTIFFS' PROPERTY-BASED PROCEDURAL DUE PROCESS CLAIM**

"In order to establish a [property-based] due process violation … plaintiff must show that state action deprived her of a property interest protected by the Fourteenth Amendment." *Velez v. Levy*, 401 F.3d 75, 85 (2d Cir 2005).

"To determine whether a plaintiff was deprived of property without due process of law in violation of the Fourteenth Amendment, we must first identify the property interest involved. Next, we must determine whether the plaintiff received constitutionally adequate process in the course of the deprivation." *O'Connor v. Pierson*, 426 F.3d 187, 196 (2d Cir 2005).

**A.    Plaintiffs Have A Property Interest In Their Pay**

In this case because the Plaintiffs, and those similarly situated, have been suspended without pay, they have been deprived of a protected property interest.

> [A]n employee who is placed on *unpaid* leave has been deprived of a protected property interest, but "an employee who is on leave and receiving his normal salary" has not. *O'Connor*, 426 F.3d at 199. And this remains so even though the employee is required to draw upon leave accruals, such as sick leave, to maintain that salary." As long as the employee is receiving a paycheck equivalent to his normal salary, that the employee is drawing down his sick leave is a bookkeeping entry with no pecuniary effect." *Id.* at 200. Such an employee has only been deprived of a property interest triggering due process when "he suffers a financial loss because of that leave's unavailability," *e.g.*, when the employee runs out of leave accruals while still on leave. *Id* at 199.

*Tooly v. Schwaller*, 919 F.3d 165, 173 (2d Cir 2019).

In *Waronker v. Hempstead Union Free Sch. Dist.*, 788 F.App'x 788, 793 (2d. Cir. 2019) *cert. denied*, *Waronker v Hempstead Union Free Sch. Dist.*, 140 S.Ct 2669 (2020) the Court held:

5

In this case, Waronker's property-based procedural due process claim rests on the Board's decision to place him on a paid administrative leave of absence. Under this Circuit's precedents, however, an employee who is suspended is not deprived of a protected property interest "[so] long as the employee is receiving a paycheck equivalent to his normal salary." *Tooly v. Schwaller*, 919 F.3d 165, 173 (2d Cir. 2019) (internal quotation marks omitted). Thus, while "an employee who is placed on unpaid leave has been deprived of a protected property interest," an employee who is placed on paid leave "has only been deprived of a property interest triggering due process when he suffers a financial loss." *Id.* (emphasis omitted) (internal quotation marks omitted). Waronker does not assert, either in his complaint or on appeal, that he was paid less than his full salary while on administrative leave. His suspension therefore does not provide an adequate basis for his procedural due process claim.

The Plaintiffs in this Action are receiving no compensation, no paycheck equivalent to their normal salary and are suffering in this manner without any due process. Accordingly, the Plaintiffs have been deprived of their protected property interest in their pay.

## B.   Plaintiffs Have Not Received Constitutionally Adequate Process In The Course Of The Deprivation

"*If* a protected interest is identified, a court must then consider whether the government deprived the plaintiff of that interest without due process. The second step of the analysis thus asks what process was due to the plaintiff, and inquires whether that constitutional minimum was provided in the case under review." *Narumanchi v. Bd. of Trustees*, 850 F.2d 70, 72 (2d Cir 1988).

The Plaintiffs have not received any due process and have no access to any review process. The Plaintiffs' union, the United Federation of Teachers ("UFT") had utterly refused to process any grievances for placing the Plaintiffs on an unpaid leave status this entire time. *See*, Affidavit of Jeannine Lam, sworn to on the 15th day of November 2021, at ¶ 2 ("Lam Affidavit"). *See also,* **Exhibit 1 to Lam Affidavit**, a copy of the email communications with the UFT.

6

In fact, until November 12, 2021, the UFT's website made clear that the UFT has suspended filing any grievances during the COVID-19 pandemic. *See,* **Exhibit 2 to the Lam Affidavit**, a copy of the UFT's website (visited November 12, 2021). *See,* Lam Affidavit, at ¶ 3.

Unlike the plaintiff in *Narumanchi* who "refused to avail himself of the grievance procedures established in the collective bargaining agreement between his union and his employer" the Plaintiffs' union has refused to process grievances challenging the NYCDOE's unilateral decision to suspend the Plaintiffs and others similarly situated without pay before granting the Plaintiffs and others similarly situated due process. *Narumanchi v. Bd. of Trustees,* 850 F.2d at 71. *See,* **Exhibit 2 to the Lam Affidavit**. *See also,* Lam Affidavit, at ¶ 2.

        1.     Tenured Principals, Tenured Assistant Principals, And Tenured Teachers

For tenured principals, tenured assistant principals, and tenured teachers, New York Education Law § 3020-a provides a process and procedure before a tenured employee of the NYCDOE can be disciplined.

The Plaintiff Stella Porto ("Porto") is a tenured assistant principal. *See,* Affidavit of Stella Porto, sworn to on the 16th day of November 2021, at ¶ 1 ("Porto Affidavit").

The Plaintiff Nicole Broecker ("Broecker") is a tenured teacher. *See,* Affidavit of Nicole Broecker, sworn to on the 16th day of November 2021, at ¶ 1 ("Broecker Affidavit").

N.Y. Education Law § 3020-a requires the filing of charges against "a person enjoying the benefits of tenure." N.Y. Education Law § 3020-a.1.

Further N.Y. Education Law § 3020-a permits an employee to

> be suspended pending a hearing on the charges and the final determination thereof. The suspension shall be with pay, except the employee may be suspended without pay if the employee has entered a guilty plea to or has been convicted of a felony crime

> concerning the criminal sale or possession of a controlled substance, a precursor of a controlled substance, or drug paraphernalia as defined in article two hundred twenty or two hundred twenty-one of the penal law; or a felony crime involving the physical abuse of a minor or student.

N.Y. Education Law § 3020-a.2.b.

In addition, N.Y. Education Law § 3020-a permits the person enjoying the benefits of tenure to choose to have a hearing on the charges, with the hearing procedures set forth in the statute and governed by N.Y. Commissioner of Education regulations. *See,* N.Y. Education Law § 3020-a.3.

Following the hearing, the "hearing officer shall render a written decision" which "shall include the hearing officer's findings of fact on each charge, his or her conclusions with regard to each charge based on said findings and shall state what penalty or other action, if any, shall be taken by the employing board." N.Y. Education Law § 3020-a.4.a.

Thereafter, "[w]ithin fifteen days of receipt of the hearing officer's decision the employing board shall implement the decision. If the employee is acquitted, he or she shall be restored to his or her position with full pay for any period of suspension without pay and the charges expunged from the employment record." N.Y. Education Law § 3020-a.4.b.

None of these statutory processes have been granted to the Plaintiffs who are tenured principals, assistant principals and/or tenured teachers. The NYCDOE imposed a penalty of suspension without pay without complying with N.Y. Education Law § 3020-a. *See,* Broecker Affidavit, at ¶ 4.

Accordingly, Plaintiffs who are tenure principals, tenured assistant principals, and tenured teachers have not received constitutionally adequate process in the course of the deprivation of their property rights to their pay.

2.   NYDOE's Civil Service Employees With N.Y. Civil Service Law § 75
Rights

There are Plaintiffs who hold civil service titles and are therefore, protected from removal and other disciplinary actions without due process pursuant to N.Y. Civil Service Law § 75.

The statute requires that those NYCDOE employees that fall within the enumerated categories of civil service employees protected by N.Y. Civil Service Law § 75 "shall not be removed or otherwise subjected to any disciplinary penalty provided in this section except for incompetency or misconduct shown after a hearing upon stated charges pursuant to this section. N.Y. Civil Service Law § 75.1.

N.Y. Civil Service Law § 75.3. states: "[p]ending the hearing and determination of charges of incompetency or misconduct, the officer or employee against whom such charges have been preferred may be suspended without pay for a period not exceeding thirty days."

The NYCDOE has violated N.Y. Civil Service Law § 75.3. since: (a) no charges have been preferred against any employee for failing to take a COVID-19 vaccine; and (b) the suspension has been for more than thirty days since the suspension without pay commenced on October 4, 2021 and continues through today November 17, 2021 (43 days).

In addition, no hearing has been held pursuant N.Y. Civil Service Law § 75.2.

Finally, N.Y. Civil Service Law § 75.3. requires that before any penalty or punishment is imposed upon a NYCDOE employee who possesses N.Y. Civil Service Law § 75 rights, the employee must first be found guilty of "incompetency or misconduct" (N.Y. Civil Service Law § 75.1.) and only then can the penalty or punishment of "a reprimand, a fine not to exceed one hundred dollars to be deducted from the salary or wages of such officer or employee, suspension without pay for a period not exceeding two months, demotion in grade and title, or dismissal from the service; provided, however, that the time during which an officer or employee is suspended without pay may be considered as part of the penalty." N.Y. Civil Service Law § 75.3.

Yet, the NYDOE has imposed a penalty upon those NYCDOE employees who possess N.Y. Civil Service Law §75 rights, of suspension without pay for more than two months without a hearing in violation of N.Y. Civil Service Law § 75.

Accordingly, Plaintiffs who possess N.Y. Civil Service Law § 75 rights have not received constitutionally adequate process in the course of the deprivation of their property rights to their pay.

        3.        NYCDOE Employees Entitled To Hearings Pursuant To Collective Bargaining Agreements

"In the employment context, a property interest arises only where the state is barred, whether by statute or contract, from terminating (or not renewing) the employment relationship *without cause.*" *S & D Maintenance Co. v. Goldin*, 844 F.2d 962, 967 (2d Cir 1988).

The NYCDOE has entered collective bargaining agreements with its unions that grant the members of those unions a right to charges and a hearing before the employment relationship is terminated. As a result, those employees who are members of those unions with collective bargaining provisions granting a right to hearing cannot be discharged without cause. As a result, those employees have a constitutional property interest.

For example, the Plaintiff Gina Porcello ("Porcello") is a school secretary. *See,* Affidavit of Gina Porcello, sworn to on the 15th day of November 2021, at ¶ 1 ("Porcello Affidavit"). Porcello is a member of School Secretaries Chapter, United Federation of Teachers, Local 2, American Federation of Teachers, AFL-CIO ("Secretaries Union"). *See,* Porcello Affidavit, at ¶ 1.

Pursuant to the collective bargaining agreement between the Secretaries Union and the NYCDOE, has a right to have charges proffered against him/her and a hearing to determine guilt or innocence and, if appropriate a penalty.

10

"Any school secretary who is suspended pending hearing and determination of charges shall receive full compensation pending such determination and imposition of any penalty...." **Exhibit 1 to the Porcello Affidavit,** a copy of the Secretaries Union's collective bargaining agreement at Article 16.F.

Yet, Porcello has been suspended without pay, but has had no charges proffered against her and there has been no hearing set to determine her guilt or innocence. *See,* Porcello Affidavit, at ¶ 4.

As another example, the Plaintiff Dina Hussein ("Hussein") is a paraprofessional. *See,* Affidavit of Dina Hussein, sworn to on the 15th day of November 2021 ("Hussein Affidavit"). Hussein is a member of the United Federation of Teachers, Local 2, American Federation of Teachers, AFL-CIO ("UFT"). *See,* Hussein Affidavit, at ¶ 1.

Pursuant to the collective bargaining agreement between the UFT and the NYCDOE, has a right to have charges proffered against him/her and a hearing to determine guilt or innocence and, if appropriate a penalty.

Article Twenty-Three of the NYCDOE's and UFT's collective bargaining agreement governing paraprofessionals' employment with the NYCDOE, before a paraprofessional can be discharged, the employee has a right to "be given a written notice of discharge and a statement of the general reasons for such action" and "upon his/her request, be afforded an opportunity for a prompt and careful review of the discharge in accordance with the provisions set forth in" the grievance procedure under the collective bargaining agreement. **Exhibit 1 to the Hussein Affidavit**, a copy of the paraprofessionals' collective bargaining agreement, at Article Twenty-Three.

The NYCDOE has failed to provide Hussein with written notice of discharge and/or provided a prompt and careful review of the reasons why the Plaintiffs-paraprofessionals have been essentially discharged from their employment.

11

Yet, the NYDOE has imposed a penalty upon Hussein and all others similarly situated whose union's collective bargaining agreement contains a right to charges and a hearing before discipline is imposed, including before suspension without pay is imposed.

Accordingly, Plaintiffs who are members of a union whose union's collective bargaining agreement contains a right to charges have not received constitutionally adequate process in the course of the deprivation of their property rights to their pay.

*****************

The NYCDOE has trampled upon the constitutional rights of its employees that have failed to take the COVID-19 vaccine. The NYCDOE has put undue financial duress and stress on its employees when, during the COVID crisis, the same government officials were praising the NYCDOE employees for their hard work and dedication to the students during the period of remote learning.

Now, just months later, the NYCDOE and the government officials are using the employees' pay as a weapon to make these hard-working men and women kowtow to a vaccine mandate without any consideration for the employees' constitutional right to their pay. *See, Tooly v. Schwaller*, 919 F.3d at 173; *Waronker v. Hempstead Union Free Sch. Dist.*, 788 F.App'x at 793. Now, the nYCDOE is ready to turn its back on those who are not consenting to become vaccinated, for reasons particularly personal to each of them, who are constitutionally and/or statutorily and/or contractually protected from such unilateral actions regardless of due process. Constitutional rights are not to be trampled in this manner.

This Court should grant the Plaintiffs a Temporary Restraining Order and a Preliminary Injunction to protect the Plaintiffs from irreparable harm.

"When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary. *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir 1984) (internal quotation marks omitted).

The Plaintiffs have a high likelihood of success on the merits of their 42 U.S.C. § 1983 causes of action (**Exhibit B**, a copy of the Complaint (without exhibits)) and therefore should be granted the relief they request.

Accordingly, the Plaintiffs' Motion should be granted.

## POINT III.   NYCDOE IS VIOLATING THE PLAINTIFFS' PROCEDURAL DUE PROCESS RIGHTS

The Plaintiffs and others similarly situated have been suspended without any due process. *See,* Broecker Affidavit, at ¶ 2.  The NYCDOE simply removed the Plaintiffs and all others similarly situated from their positions without notice, charges, or a hearing.  *See,* Porcello Affidavit, at ¶¶ 4 and 5; Porto Affidavit, at ¶¶ 2 through 5; Hussein Affidavit, at ¶¶ 4 and 5. The NYCDOE is disciplining the Plaintiffs and all others similarly situated without providing the Plaintiffs and others similarly situated their procedural due process rights.

The Plaintiffs and all other similarly situated have had their constitutional rights to their jobs violated by the NYCDOE.  The Plaintiffs and all others similarly situated are entitled to certain minimum processes to protect their rights.

"The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).

The NYCDOE have violated the Plaintiffs' constitutional rights to due process by suspending them from their NYCDOE job without any charges or an opportunity for a hearing.

Accordingly, the Court should issue a Temporary Restraining Order and a Preliminary Injunction to stop the NYCDOE's unconstitutional conduct.

A.  **Tenured Principals, Tenured Assistant Principals, and Tenured Teachers**

For tenured principals, tenured assistant principals, and tenured teachers

> [u]nder New York law a "tenured teacher has a protected property
> interest in her position and a right to retain it subject to being
> discharged for cause in accordance with the provisions of [the
> Education Law]." *Gould v. Board of Educ.*, 81 N.Y.2d 446, 451, 599
> N.Y.S.2d 787, 616 N.E.2d 142 (1993); *accord Strong v. Board of
> Educ.*, 902 F.2d 208, 211 (2d Cir. 1990) (position as tenured teacher
> is a property interest protected by Fourteenth Amendment); *see also*
> N.Y. Educ. Law §§ 2509(2), 3012(2), 3020(1) (McKinney 1995)
> (tenured employees are not removable except for cause after a
> hearing).

*Shaffer v. Schenectady City Sch. Dist.*, 245 F.3d 41, 44 (2d Cir 2001).

"Under New York law a tenured teacher may be removed only pursuant to certain
substantive and procedural safeguards, including notice and a full-blown adversarial hearing."
*Strong v. Bd. of Educ. of Uniondale Union Free Sch. Dist.*, 902 F.2d 208, 211 (2d Cir 1990).

"It is well established that tenured public teachers are employees who have a
constitutionally protected property interest in their employment." *Shaul v. Cherry Val.-Springfield
Cent. Sch. Dist.*, 218 F.Supp.2d 266, 271 (N.D.N.Y. 2002).

The constitutional and statutory protections that the tenured principal, tenured assistant
principal, and tenured teachers have been ignored, trampled upon, and violated by the NYCDOE
when the Plaintiffs and all others similarly situated were suspended from their positions without
due process because they failed to take a COVID-19 vaccine.

In fact, the NYCDOE has communicated with tenured employees that on December 1,
2021 the NYCDOE "will seek to unilaterally separate employees who have not" extended their
leave without pay due to vaccination status. **Exhibit A.**

For tenured employees, the NYCDOE cannot "unilaterally separate employees" from their jobs without due process. The threat to "unilaterally separate employees" from their jobs is a threat to further violate the Plaintiffs' constitutional rights.

The Court should grant a Temporary Restraining Order and a Preliminary Injunction enjoining the NYCDOE from "unilaterally separate employees" from their jobs without due process and to prohibit the NYCDOE from acting on its threats to do so on December 1, 2021.

**B.      NYDOE's Civil Service Employees With N.Y. Civil Service Law § 75 Rights**

For those NYCDOE Civil Service employees who have N.Y. Civil Service Law § 75 rights, N.Y. Civil Service Law § 75 bars the NYCDOE from "remov[ing] or otherwise subjected to any disciplinary penalty provided in this section except for incompetency or misconduct shown after a hearing upon stated charges pursuant to this section." N.Y. Civil Service Law § 75.1.

"[C]ivil service employment is a property right which cannot be taken from her without satisfying the dictates of due process of law." *Palermo v. Eisenberg*, 81 Misc.2d 1014, 1015 (Sup. Ct., 1975).

In *Dwyer v. Regan*, 777 F.2d 825, 831 (2d Cir 1985), the Court opined:

> Under New York law, the State would not have been allowed to remove Dwyer from his ongoing position without showing that he was incompetent or had engaged in misconduct. N.Y. Civ. Serv. Law § 75(1). Thus, if the State had determined that it wished simply to separate Dwyer from his position, it would have been required by due process to accord him a pretermination hearing.

"Due process ordinarily requires that persons receive 'some kind of hearing' prior to the deprivation of a property interest." *Jackson v. Roslyn Bd. of Educ.*, 652 F.Supp.2d 332, 343 (E.D.N.Y. 2009).

15

The NYCDOE has provided no "kind of hearing" to the Plaintiffs who have N.Y. Civil Service Law § 75 rights. The NYCDOE has unilaterally and without regard for their due process rights suspended the Plaintiffs and all others similarly situated.

The NYCDOE has sent a communication to its employees who possess N.Y. Civil Service Law § 75 rights that on December 1, 2021 the NYCDOE "will seek to unilaterally separate employees who have not" extended their leave without pay due to vaccination status. **Exhibit A**.

For Plaintiffs who have N.Y. Civil Service Law § 75 rights, the NYCDOE cannot "unilaterally separate employees" from their jobs without due process. The threat to "unilaterally separate employees" from their jobs is a threat to further violate the Plaintiffs' constitutional rights.

The Court should grant a Temporary Restraining Order and a Preliminary Injunction enjoining the NYCDOE from "unilaterally separate employees" from their jobs without due process and to prohibit the NYCDOE from acting on its threats to do so on December 1, 2021.

**C.     NYCDOE Employees Entitled To Hearings Pursuant To Collective Bargaining Agreements**

"In the employment context, a property interest arises only where the state is barred, whether by statute or contract, from terminating (or not renewing) the employment relationship *without cause.*" *S & D Maintenance Co. v. Goldin*, 844 F.2d at 967.

The NYCDOE has entered into collective bargaining agreements with its unions that provide that the members of the unions have a right to a reason for their discharge and a hearing before the employee-union member is discharged. The collective bargaining agreements between the NYCDOE and its unions create a contract-based property interest for the employees-union members. *See*, **Exhibit 1 to Hussein Affidavit**, at Article Twenty-Three; **Exhibit 1 to the Porcello Affidavit**, at Article 16.F.

16

The NYCDOE, by suspending the NYCDOE employees who possess the contract-based property interest without due process, the NYCDOE has violated those employees' constitutional rights.

Finally, the NYCDOE has sent a communication to the NYCDOE employees-union members who possess the contract-based property interest that on December 1, 2021 the NYCDOE "will seek to unilaterally separate employees who have not" extended their leave without pay due to vaccination status. **Exhibit A**.

For Plaintiffs who possess the contract-based property interest, , the NYCDOE cannot "unilaterally separate employees" from their jobs without due process. The threat to "unilaterally separate employees" from their jobs is a threat to further violate the Plaintiffs' constitutional rights.

The Court should grant a Temporary Restraining Order and a Preliminary Injunction enjoining the NYCDOE from "unilaterally separate employees" from their jobs without due process and to prohibit the NYCDOE from acting on its threats to do so on December 1, 2021.

*******************

The NYCDOE have shown no regard for the Plaintiffs' due process rights. The NYCDOE have suspended all of the Plaintiffs and all others similarly situated without providing the Plaintiffs the minimum level of due process as required by the United States Supreme Court in *Cleveland Bd. of Educ.*, namely "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Educ.v. Loudermill*, 470 U.S. at 546.

This Court should grant the Plaintiffs a Temporary Restraining Order and a Preliminary Injunction to protect the Plaintiffs from irreparable harm.

"When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary. *Mitchell v. Cuomo*, 748 F.2d at 806 (internal quotation marks omitted).

The Plaintiffs have a high likelihood of success on the merits of their 42 U.S.C. § 1983 causes of action (**Exhibit B**) and therefore should be granted the relief they request.

Accordingly, the Plaintiffs' Motion should be granted.

### CONCLUSION

For the reasons argued in this Memorandum of Law, the Broecker Affidavit, the Lam Affidavit, the Porcello Affidavit, the Porto Affidavit, the Hussein Affidavit, and the Complaint, the Plaintiffs' Motion should be granted and the Plaintiffs' constitutional rights should be restored forthwith.

Dated:     Carle Place, New York
           November 17, 2021

                                        Respectfully submitted

                                        THE SCHER LAW FIRM, LLP


                                        Austin Graff, Esq.
                                        *Attorneys for the Plaintiffs*
                                        One Old Country Road, Suite 385
                                        Carle Place, New York 11514
                                        (516) 7460-5040


                                        Jonathan L. Scher, Esq.
                                        *Attorneys for the Plaintiffs*
                                        One Old Country Road, Suite 385
                                        Carle Place, New York 11514
                                        (516) 746-5040