UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

BROECKER et al.,

                              Plaintiffs,

   -against-

                                      Index No. 21-cv-6387

NEW YORK CITY DEPARTMENT OF
EDUCATION, et al.,

                              Defendants.

------------------------------------------------------------- X

## DECLARATION OF ALAN M. KLINGER IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION

**Alan M. Klinger**, pursuant to 28 U.S.C. § 1746, declares the following to be true under penalty of perjury:

      1.      I am an attorney duly admitted to practice in the State of New York and not a party to the above-captioned action.

      2.      I am a partner with the law firm of Stroock & Stroock & Lavan LLP, the attorneys of record for Defendant United Federation of Teachers, Local 2, AFL-CIO (the "UFT") in this matter.

      3.      I submit this declaration in opposition to Plaintiffs' application for a temporary restraining order and permanent injunction.

      4.      I have personal knowledge of the matters set forth in this declaration, except for such matters as are based on my review of court files or other relevant documents, and I believe such matters to be true.  If called as a witness, I would testify competently to the matters set forth

in this declaration.

**The City Issues the DOE Vaccination Mandate**

5. On August 23, 2021, following FDA approval of the Pfizer vaccine, Mayor de Blasio and DOHMH Commissioner Chokshi announced a vaccination mandate for all employees in the City school district.[1]

6. The following day, DOHMH imposed the first version of the DOE Vaccination Mandate, which requires all DOE staff, City employees, and contractors who "work in-person in a DOE school setting or DOE building" and others in City schools to – no later than September 27, 2021 – provide proof that they have at least received the first dose of a vaccine.[2]

7. The UFT immediately moved on two parallel tracks: first, together with other City unions, bringing a challenge to the Mandate itself and the omission of medical and religious objections in New York State court on constitutional due process and other grounds; and, second, proceeding to expedited negotiations regarding the Mandate's implementation.

**The Arbitration Award**

8. The City acknowledged an obligation to bargain over the implementation of the vaccine mandates, and engaged in bargaining with the UFT on the impact and implementation of the August 23, 2021 DOE Vaccination Mandate.

9. However, given the impending first day of school on September 13, 2021, and the DOE Vaccination Mandate's September 27, 2021 compliance date, it became apparent that the UFT and the City/DOE needed to expediate negotiations.

---

[1] See Mayor de Blasio, Chancellor Porter and Commissioner Chokshi Announce Department of Education Employee Vaccine Mandate, NYC Office of the Mayor (Aug. 23, 2021), https://www1.nyc.gov/office-of-the-mayor/news/578-21/mayor-de-blasio-chancellor-porter-commissioner-chokshi-department-education.
[2] Order of the Commissioner of Health and Mental Hygiene to Require COVID-19 Vaccination For Department of Education Employees, Contractors, Visitors, and Others, New York City Department of Health and Mental Hygiene (Aug. 24, 2021), https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-doe.pdf

10. Accordingly, on September 1, 2021, the UFT filed a declaration of impasse with the New York Public Employment Relations Board ("PERB"). A true and correct copy of the UFT's declaration of impasse is attached hereto as Exhibit A.

11. The City did not challenge the UFT's declaration of impasse, leading PERB to appoint Martin F. Scheinman to mediate the matter and subsequently arbitrate the dispute.

12. Attached as Exhibit B is a September 3, 2021, letter from PERB to DOE Chancellor Meisha Porter and UFT President Michael Mulgrew alerting the parties that Martin F. Scheinman was appointed mediator for their impasse dispute.

13. Thereafter, on September 2, 3, 4, and 5, the UFT and the DOE engaged in multiple sessions (often more than one per day) to negotiate implementation of the DOE Vaccination Mandate.

14. However, it became apparent to the parties that the September 13, 2021 first day of school, coupled with the DOE Vaccination Mandate's September 27, 2021 compliance deadline, would require a further expedited negotiation timeline.

15. As such, the parties opted to move from mediation to an expedited arbitration, presided over by Martin F. Scheinman.

16. Attached as Exhibit C is my email to PERB, coping Steve Banks, Esq., Deputy Commissioner and General Counsel of the New York City Office of Labor Relations and UFT General Counsel Beth Norton, Esq., advising PERB that the parties had agreed to move to expedited arbitration in lieu of mediation.

17. On September 10, 2021, after expedited mediation and then arbitration between the UFT, the City and DOE, Scheinman issued the decision (the "Award") concerning the impact and implementation of the August 23, 2021 DOE Vaccination Mandate.

18. Attached as Exhibit D is a true and correct copy of the Award.

19. The Award provides that, although the Mandate prevents unvaccinated employees form being in school buildings, no one would be summarily dismissed. Rather, the Award provides, *inter alia,* for the following benefits:

   a. A procedure for applying for both medical and religious accommodations (see Award at 7);

   b. A procedure for appealing the denial of said accommodations to a panel of impartial arbitrators (see Award at 10);

   c. The ability to remain on payroll and continue to receive medical coverage while such applications and appeals are pending (see Award at 11-12);

   d. For those not awaiting accommodation review, who declined to vaccinate, the ability to elect non-disciplinary leave without pay that allows them to continue to receive health benefits, and from which they could resume their position upon vaccination (see Award at 13-14);

   e. The option to, within a specified window, elect to separate from the DOE, receive an incentive payment, and have health benefits continue through September 5, 2022 (see Award at 16); and

   f. A prohibition on the DOE seeking to terminate any employee for noncompliance until after December 1, 2021 (see Award at 17-18)

20. The DOE's ability *to seek* termination is limited to those employees who, after December 1, 2021, have chosen to remain unvaccinated, and have not elected one of the options provided for in the Award.

21.     The Award does not provide the DOE a unilateral right to summarily terminate employees.  Rather, it recognizes that, after December 1, 2021, the DOE may choose to use available procedures to seek termination.

22.     Following the Award, subsequent negotiation and arbitration was then had with the Council of School Supervisors and Administrators, the City, and DOE, which produced its own award from Arbitrator Scheinman on September 15, 2021.  A true and correct copy of this award is attached hereto as Exhibit E.

23.     Teamsters Local 237 and other unions pursued their own paths with the City and DOE, also overseen by Arbitrator Scheinman, which received their own analogous awards.  A true and correct copy of this award is attached hereto as Exhibit F.

24.     All the awards provided for the employer to place noncompliant employees on leave without pay under applicable circumstances

**Court Challenges To Vaccination Mandates**

25.     While pursuing impasse arbitration, on September 9, 2021, the UFT – together with other unions – filed an order to show cause and petition for a temporary restraining order and a preliminary injunction in New York Supreme Court to vacate the DOE Vaccination Mandate pursuant to CPLR Article 78.[3]

26.     In brief, the Unions argued that the Mandate, (a) violates employees' individual bodily integrity and right to refuse medical treatment by forcing employees to undergo unwanted medical procedures or be precluded from engaging in their chosen professions; (b) violates employees' due process rights by involuntarily preventing permanently-appointed DOE and City employees declining vaccination from engaging in their employment, resulting in a deprivation

---

[3] MLC et. Al. v. City of New York et al., 158368/2021 (Sup. Ct. N.Y. Cnty.).

5

of their vested property rights in violation of the Fourteenth Amendment, Article 1 § 6 of the New York Constitution, N.Y. Education Law §§ 3020 and 3020-a, and N.Y. Civil Service Law § 75; and (c) fails to provide required exceptions for those with medical contraindications or sincerely-held religious objections to inoculation.

27. On September 14, 2021, New York Supreme Court Justice Larry Love granted the application for a temporary restraining order. A true and correct copy of the executed Order to Show Cause for a Temporary Restraining Order is attached hereto as Exhibit G.

28. In a subsequent conference, the Court suggested that the City might want to re-examine the absence of medical and religious exemption, which, as indicated above, the City did.[4]

29. Following oral argument on the Unions' remaining claims, Justice Love dismissed the petition, reasoning:

> Having resolved the issue of appropriate medical and religious exemptions with the New Order, Petitioners' sole argument is that the New Order violates school-based employees substantive due process rights by threatening their personal autonomy, bodily integrity and right to reject medical treatment.
>
> [. . .]
>
> Since Jacobson, the state and federal courts have consistently held that a mandatory vaccine requirement does not violate substantive due process rights and properly fall within the State's police power. See, Phillips v. City of New York, 775 F.3d 538, 542 (2d Cir. 2015) (holding that New York's mandatory vaccine requirement did not violate substantive due process rights as the vaccinations were within the State's police power, and individual liberties did not overcome its judgement that such vaccination was in the interest of the population as a whole); Caviezel v. Great Neck Pub. Schs., 500 F. App'x 16, 19 (2d Cir. 2012); C.F. v. New

---

[4] See Order of the Commissioner of Health and Mental Hygiene to Require COVID-19 Vaccination For Department of Education Employees, Contractors, Visitors, and Others, New York City Department of Health and Mental Hygiene (Sept. 15, 2021), https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-doe-2.pdf

> York City Dept. of Health & Mental Hygiene, 191 A.D. 3d 52, 69 (2d Dep't Dec. 23, 2020) (holding that the City of New York's measles vaccine mandate did not violate the due process rights secured by the Fourteenth Amendment). As such, Petitioners will be unable to establish a likelihood of ultimate success on the merits.

See New York Municipal Labor Committee, et al. v. The City of New York, et al., 73 Misc. 3d 621, 625-27 (Sup. Ct. N.Y. Cnty. 2021).

30. The UFT is aware of multiple other failed challenges to employee vaccination mandates across the country.

31. At least two of these suits have alleged violations of employees' due process rights.

**Conclusion**

32. The UFT has never colluded or conspired with the City or DOE to enact the DOE Vaccination Mandate or violate Plaintiffs' rights. Rather, the UFT has been engaged in active litigation and impasse arbitration, seeking to stay or alter the implementation of the DOE Vaccination Mandate. Like Plaintiffs, the UFT's arguments have included allegations that the Mandate violates employees' due process rights, but those have not been sustained by the courts. Accordingly, the UFT and Plaintiffs must adjust to the existence of the Mandate and look to the ways in which the UFT has sought to soften the impact of the Mandate on those who decline to become vaccinated.

Dated: November 19, 2021                    Respectfully submitted,

                                            /s/ ALAN M. KLINGER
                                            STROOCK & STROOCK & LAVAN LLP
                                            Alan M. Klinger, Esq.
                                            180 Maiden Lane
                                            New York, New York 10038
                                            (212) 806-5400

aklinger@stroock.com

*Counsel for Defendant UFT*