# Exhibit F



**SCHEINMAN**
ARBITRATION & MEDIATION SERVICES

September 15, 2021

**Via E-Mail Only**
Renee Campion, Commissioner
Steven H. Banks, Esq.
New York City Office of Labor Relations
The Office of Labor Relations
22 Cortlandt Street, 14th Floor
New York, NY 10007

Susan Davis, Esq.
Cohen, Weiss and Simon, L.L.P.
900 Third Avenue, Suite 2100
New York NY 10022

**Re:  Board of Education of the City School District of the City of New York
and
International Brotherhood of Teamsters, Local 237
(Impact Bargaining)**

Dear Counsel:

Enclosed please find my Award in the above referenced matter.

Thank you.

Sincerely,

Martin F. Scheinman

MFS/sk
BOE.Local 237.Impact Bargaining.trans

```
------------------------------------ X
In the Matter of the Arbitration
                                      X
         between
                                      X
BOARD OF EDUCATION OF THE CITY            Re: Impact Bargaining
SCHOOL DISTRICT OF THE CITY OF        X
NEW YORK
                                      X
              "Department"
                                      X
         -and-
                                      X
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, LOCAL 237                  X

               "Union"                X

------------------------------------ X
```

**APPEARANCES**

    **For the Department**
      Renee Campion, Commissioner of Labor Relations
      Steven H. Banks, Esq., First Deputy Commissioner
      and General Counsel of Labor Relations

    **For the Union**
    COHEN, WEISS AND SIMON, L.L.P.
      Susan Davis, Esq.

**BEFORE:** Martin F. Scheinman, Esq., Arbitrator

## BACKGROUND

The Union ("Union" or "Local 237") protests the Department of Education's ("Department" or "DOE") failure to reach agreement on the impact of its decision mandating all employees working in Department buildings show proof they started the Covid-19 vaccination protocols by September 27, 2021. The Union contends the Department failed to adequately provide, among other things, for those instances where employees have proof of a serious medical condition making the vaccine a danger to their health, as well as for employees who have a legitimate religious objection to vaccines.

The basic facts are not in dispute.

A mediation session was held with the parties on September 14, 2021. Thereafter, an arbitration hearing was before me on September 15, 2021. During the course of the arbitration hearing, both sides were given full opportunity to introduce evidence and argument in support of their respective positions. They did so. Both parties made strenuous and impassioned arguments reflecting their viewpoints on this entire issue.

On September 10, 2021, I issued an Award resolving the same issues for the Department and the United Federation of Teachers. ("UFT Award"). I am hereby adopting the findings and application of the UFT Award to the issues before me in this proceeding.

However, because the Collective Bargaining Agreement ("CBA") between the Department and Local 237 contains different terms and conditions than UFT employee, I have modified this Award in two (2)

2

aspects. In order to give Local 237 members ample to file a request for an exemption or accommodation, the time to do so will be extended by one (1) day, until the close of business Tuesday, September 21, 2021. In addition, I have modified the Maternity/Parental Leave provision set forth in Section II, E, to comply with the terms of the parties' CBA. In all other respects, this Award and the UFT Award are identical.

**Opinion**

After having carefully considered the record evidence, and after having the parties respond to countless inquiries. I have requested to permit me to make a final determination, I make the rulings set forth below. While some of the language has been drafted, initially, by the parties in response to my rulings, in the end the language set forth, herein, is mine alone and I issue the following Award:

**I.  Exemption and Accommodation Requests & Appeal Process**

As an alternative to any statutory reasonable accommodation process, the City of New York (the "City"), the Board of Education of the City School District for the City of New York (the "DOE"), and Local 237, International Brotherhood of Teamsters ("Local 237"), (collectively the "Parties") shall be subject to the following Expedited Review Process to be implemented immediately for full-time staff Employed by the DOE and School Safety Agents employed by the New York City Police Department ("NYPD"). This process shall only apply to (a) religious and medical exemption requests to the

3

mandatory vaccination policy, and (b) medical accommodation requests where an employee is unable to mount an immune response to COVID-19 due to preexisting immune conditions. This process shall be in place for the 2021-2022 school year and shall only be extended by mutual agreement of the Parties.

Any requests to be considered as part of this process must be submitted via the SOLAS system for DOE employees or on a form created by NYPD to the Office of the Deputy Commissioner, Equity & Inclusion for NYPD employees, no later than 5:00 p.m. on Tuesday, September 21, 2021.

  A. Full Medical Exemptions to the vaccine mandate shall only be considered where an individual has a documented contraindication such that an individual cannot receive any of the 3 authorized vaccines (Pfizer, Moderna, J&J)—with contraindications delineated in CDC clinical considerations for COVID-19 vaccination. Note that a prior immediate allergic reaction to one type of vaccine will be a precaution for the other type of vaccine, and may require consultation with an allergist.

  B. Temporary Medical Exemptions to the vaccine mandate shall only be based on the following valid reasons to defer or delay COVID-19 vaccination for some period:
     o Within the isolation period after a COVID-19 infection;
     o Within ninety (90) days of monoclonal antibody treatment of COVID-19;

4

- Treatments for conditions as delineated in CDC clinical considerations, with understanding CDC guidance can be updated to include new considerations over time, and/or determined by a treating physician with a valid medical license responsible for the immunosuppressive therapy, including full and appropriate documentation that may warrant temporary medical exemption for some period of time because of active therapy or treatment (e.g., stem cell transplant, CAR T-cell therapy) that would temporarily interfere with the patient's ability to respond adequately to vaccination;
- Pericarditis or myocarditis not associated with COVID-19 vaccination or pericarditis or myocarditis associated with COVID-19 vaccination.

Length of delay for these conditions may vary, and the employee must get vaccinated after that period unless satisfying the criteria for a Full Medical Exemption described, above.

C. Religious exemptions for an employee to not adhere to the mandatory vaccination policy must be documented in writing by a religious official (e.g., clergy). Requests shall be denied where the leader of the religious organization has spoken publicly in favor of the vaccine, where the documentation is readily available (e.g., from an online source), or where the objection is personal, political, or

5

    philosophical in nature. Exemption requests shall be considered for recognized and established religious organizations (e.g., Christian Scientists).

D. There are cases in which, despite an individual having sought and received the full course of the vaccination, he or she is unable to mount an immune response to COVID-19 due to preexisting immune conditions. In these circumstances, each individual case shall be reviewed for potential accommodation. Medical accommodation requests must be documented in writing by a medical doctor.

E. The initial determination of eligibility for an exemption or accommodation shall be made by staff in the Division of Human Capital in the Office of Medical, Leaves and Benefits; the Office of Equal Opportunity; and Office of Employee Relations. These determinations shall be made in writing no later than Thursday, September 23, 2021, and, if denied, shall include a reason for the denial.

F. If the employee wishes to appeal a determination under the identified criteria, such appeal shall be made in SOLAS to the DOE for DOE employees and to the NYPD Office of the Deputy Commissioner, Equity & Inclusion for NYPD employees within one school day of the agency's issuance of the initial eligibility determination. The request for appeal should include the reason for the appeal and any additional documentation. Following the filing of the appeal, any

6

supplemental documentation may be submitted by the employee to the Scheinman Arbitration and Mediation Services ("SAMS") within 48 hours after the filing of the appeal. If the stated reason for denial of a medical exemption or accommodation request is insufficient documentation, the employee may request from the arbitrator and, upon good cause shown, the arbitrator may grant an extension beyond 48 hours and permit the use of sick and/or annual leave after September 27 for the employee to gather the appropriate medical documentation before the appeal is deemed submitted for determination.

G. A panel of arbitrators identified by SAMS shall hear these appeals, and may request that the employee or the agency submit additional documentation. The assigned arbitrator may also request information from City and/or DOE doctors as part of the review of the appeal documentation. The assigned arbitrator, at his/her discretion, will either issue a decision on the appeal based on the documents submitted or hold an expedited (virtual) factual hearing. If the panel requests a factual hearing, the employee may elect to have a union representative present but neither party shall be required to be represented by an attorney at the hearing. The expedited hearing shall consist of brief opening statements, questions from the arbitrator, and brief closing statements. Cross examination shall not be permitted. Any documentation submitted at the Arbitrator's request must be

provided to the agency at least one business day before the hearing or the issuance of the written decision without hearing. Appeal decisions shall be issued to the employee and the DOE no later than Saturday September 25, 2021. Appeal decisions shall be expedited without full Opinion, and final and binding.

H. Appeal decisions shall be issued to the employee and the agency no later than Saturday September 25th Appeal decisions shall be expedited without full Opinion, and final and binding. The DOE and/or the City shall cover all arbitration costs from SAMS under this process. To the extent the arbitrator requests additional medical documentation or information from the DOE, or consultation with City and/or DOE Doctors, arranging and paying for such documentation and/or consultation shall be the responsibility of the DOE.

I. While an appeal is pending, the exemption shall be assumed granted and the individual shall remain on payroll consistent with Section K below. However, if a larger number of employees than anticipated has a pending appeal as of September 27, as determined by SAMS, SAMS may award different interim relief consistent with the parties' intent. Those employees who are vaccinated and have applied for an accommodation will have the ability to use sick and/or annual leave while their application and appeal are pending, should the appeal be granted, these employees will be

8

reimbursed any sick and/or annual leave used retroactive to the date of their initial application.

J. The employing agency shall cover all arbitration costs from SAMS under this process. To the extent that the arbitrator requests additional medical documentation or information from the agency, or consultation with City and/or DOE doctors, arranging and paying for such documentation and/or consultation shall be the responsibility of the agency.

K. An employee who is granted a medical or religious exemption or a medical accommodation under this process and within the specific criteria identified above shall be permitted the opportunity to remain on payroll while the exemption and/or accommodation is in place, but in no event required/permitted to enter a school building while unvaccinated, as long as the vaccine mandate is in effect. In order to keep the employee on payroll, the agency may, in its discretion:

I. Assign the employee to work outside of a school building (e.g., at DOE administrative offices for DOE employees, or at other NYPD locations for NYPD employees) to perform functions as determined by the agency.

II. Assign the employee to work on alternative shifts, with no payment of any shift differentials.

III. Temporarily detail the employee to perform work for another City agency which is not subject to a vaccination mandate.

L. For those with underlying medical issues granted an accommodation under Section I(D), the agency will make best efforts to ensure that the alternate work setting is appropriate for the employee's medical needs. The agency shall make best efforts to make these assignments within the same borough as the employee's current school, to the extent such assignment exists. DOE employees assigned to alternative assignments shall be required to submit to COVID testing twice per week for the duration of the assignment. NYPD employees so assigned shall be required to comply with the NYPD's testing policy for unvaccinated employees.

M. The process set forth herein shall constitute the exclusive and complete administrative process for the review and determination of requests for religious and medical exemptions to the mandatory vaccination policy and accommodation requests where the requested accommodation is that the employee not appear at school. The process shall be deemed complete and final upon the issuance of an appeal decision. Should either party have reason to believe the process set forth herein is not being implemented in good faith, it may bring a claim directly to SAMS for expedited resolution.

**II. <u>Leave</u>**

   A. Any unvaccinated employee who has not requested an exemption pursuant to Section 1, or who has requested an exemption which has been denied, may be placed by the agency on leave without pay effective September 28, 2021, or upon denial of appeal, whichever is later, through November 30, 2021. Such leave may be unilaterally imposed by the agency and may be extended at the request of the employee consistent with Section III(B), below.

   B. Except as otherwise noted herein, this leave shall be treated consistent with other unpaid leaves at the agency for all purposes.

   C. During such leave without pay, employees shall continue to be eligible for health insurance. As with other agency leaves without pay, employees are prohibited from engaging in gainful employment during the leave period.

   D. Employees who become vaccinated while on such leave without pay and provide appropriate documentation to the agency prior to November 30, 2021 shall have a right of return to employment as soon as is practicable but in no case more than one week following notice and submission of documentation to the agency.

   E. Pregnancy/Parental Leave

      i. Any soon-to-be birth mother who starts the third trimester of pregnancy on or before September 27, 2021 (e.g. has a due date no later than December 27, 2021), may utilize

11

        sick leave, annual leave, and/or compensatory time prior to the child's birth date, but not before September 27, 2021. Upon giving birth, they may be eligible for paid family leave in accordance with existing law and rules.

ii. No documentation shall be necessary for this use of accrued leave, other than a doctor's written assertion that the employee is in her third trimester as of September 27, 2021.

iii. Eligible the event that an eligible employee exhausts accrued leave prior to giving birth, that employee shall be placed on a leave without pay, but with medical benefits at least until the birth of the child. As applicable, unvaccinated employees may be placed in the leave as delineated in Section II(A).

iv. Eligible employees who have a pregnancy disability or maternity disability outside of the regular maternity period may, in accordance with existing rules, borrow CAR/sick days and use a Grace Period. This eligibility to borrow CAR/sick days does not apply to employees during the regular maternity recovery period if they have opted to use Parental Leave.

v. All other eligibility and use rules regarding use of sick leave, annual leave, compensatory time, paid family leave, and FMLA remain in effect.

III. **Separation**

A. During the period of September, 28, 2021 through October 29, 2021 any employee who is on leave without pay due to vaccination status may opt to separate from the agency. In order to separate under this Section and receive the commensurate benefits, an employee must file a form created by the agency which includes a waiver of the employee's rights to challenge the employee's involuntary resignation, including, but not limited to, through a contractual or statutory disciplinary process. If an employee opts to separate consistent with this Section, the employee shall be eligible to be reimbursed for unused sick leave on a one-for-one basis, up to 100 days, to be paid following the employee's separation with documentation including the general waiver and release. Employees who elect this option shall be deemed to have resigned involuntarily effective on the date contained in the general waiver as determined by the agency, for non-disciplinary reasons. An employee who separates under this Section shall continue to be eligible for health insurance through September 5, 2022, unless they have health insurance available from another source (e.g., a spouse's coverage or another job). During the period of November 1, 2021, through November 30, 2021, any employee who is on leave without pay due to vaccination status may alternately opt to extend the leave through September 5, 2022. In order to extend this leave pursuant to this Section, and continue to receive the

13

commensurate benefits, an employee must file a form created by the DOE which includes a waiver of the employee's rights to challenge the employee's voluntary resignation, including, but not limited to, through a contractual or statutory disciplinary process. Employees who select this option shall continue to be eligible for health insurance through September 5, 2022. Employees who comply with the health order and who seek to return from this leave, and so inform the DOE before September 5, 2022, shall have a right to return to the same school as soon as is practicable but in no case more than two (2) weeks following notice to the DOE. Existing rules regarding notice of leave intention and rights to apply for other leaves still apply. Employees who have not returned by September 5, 2022, shall be deemed to have voluntarily resigned.

B. During the period of November 1st through November 30, 2021, any employee who is on leave without pay due to vaccination status may alternately opt to extend the leave through September 5, 2022. In order to extend this leave pursuant to this Section and continue to receive the commensurate benefits, an employee must file a form created by the agency which includes a waiver of the employee's rights to challenge the employee's voluntary resignation, including, but not limited to, through a contractual or statutory disciplinary process. Employees who select this option shall continue to be eligible for health insurance through September 5, 2022. Employees who comply with

the health order and who seek to return from this leave, and so inform the agency before September 5, 2022, shall have a right to return to the agency as soon as practicable but in no case more than two weeks following notice to the agency. Existing rules regarding notice of leave intention and rights to apply for other leaves still apply. Employees who have not returned by September 5, 2022 will be deemed to have voluntarily resigned.

C. Beginning December 1, 2021, the agency will seek to unilaterally separate employees who have not opted into separation under Sections III(A) and III(B). Except for the express provisions contained herein, all parties retain all legal rights at all times relevant herein.

September 15, 2021.

_____
Martin F. Scheinman, Esq.
Arbitrator

STATE OF NEW YORK    )
                     )  ss.:
COUNTY OF NASSAU     )

I, MARTIN F. SCHEINMAN, ESQ., do hereby affirm upon my oath as Arbitrator that I am the individual described herein and who executed this instrument, which is my Award.

September 15, 2021.

_____
Martin F. Scheinman, Esq.
Arbitrator

DOE.UFT.Impact Bargaining.awd

15