UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
BROECKER *et al*.,                                   :
                                                     :
                                Plaintiffs,          :
                                                     :
        -against-                                    :
                                                     :         Index No. 21-cv-6387
                                                     :
NEW YORK CITY DEPARTMENT OF                          :
EDUCATION, *et al.*,                                 :
                                                     :
                                Defendants.          :
------------------------------------------------------------- X

## DECLARATION OF BETH NORTON IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION

**Beth Norton**, pursuant to 28 U.S.C. § 1746, declares the following to be true under

penalty of perjury:

1.      I am an attorney duly admitted to practice in the State of New York and not a

party to the above-captioned action.

2.      I am General Counsel of Defendant United Federation of Teachers, Local 2, AFL-

CIO (the "UFT") in this matter.

3.      I submit this declaration in opposition to Plaintiffs' application for a temporary

restraining order and permanent injunction.

4.      I have personal knowledge of the matters set forth in this declaration, except for

such matters as are based on my review of court files or other relevant documents, and I believe

such matters to be true.  If called as a witness, I would testify competently to the matters set forth

in this declaration.

5. On August 24, 2021, DOHMH imposed the first version of the DOE Vaccination Mandate, which requires all DOE staff, City employees, and contractors who "work in-person in a DOE school setting or DOE building" and others in City schools to – no later than September 27, 2021 – provide proof that they have at least received the first dose of a vaccine.[1]

6. The UFT immediately moved on two parallel tracks: first, together with other City unions, bringing a challenge to the Mandate itself and the omission of medical and religious objections in New York State court on constitutional due process and other grounds; and, second, proceeding to expedited negotiations regarding the Mandate's implementation.

7. On September 10, 2021, after expedited mediation and then arbitration between the UFT, the City and DOE, Arbitrator Martin F. Scheinman issued the decision (the "Award") concerning the impact and implementation of the August 23, 2021 DOE Vaccination Mandate.

8. The Award is attached as Exhibit D to the Klinger Declaration.

9. The Award provides that, although the Mandate prevents unvaccinated employees form being in school buildings, no one would be summarily dismissed. Rather, the Award provides, *inter alia,* for the following benefits:

    a. A procedure for applying for both medical and religious accommodations (see Award at 7);

    b. A procedure for appealing the denial of said accommodations to a panel of impartial arbitrators (see Award at 10);

    c. The ability to remain on payroll and continue to receive medical coverage while such applications and appeals are pending (see Award at 11-12);

---

[1] Order of the Commissioner of Health and Mental Hygiene to Require COVID-19 Vaccination For Department of Education Employees, Contractors, Visitors, and Others, New York City Department of Health and Mental Hygiene (Aug. 24, 2021), https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-doe.pdf

d.  For those not awaiting accommodation review, who declined to vaccinate, the ability to elect non-disciplinary leave without pay that allows them to continue to receive health benefits, and from which they could resume their position upon vaccination (see Award at 13-14);

e.  The option to, within a specified window, elect to separate from the DOE, receive an incentive payment, and have health benefits continue through September 5, 2022 (see Award at 16); and

f.  A prohibition on the DOE seeking to terminate any employee for noncompliance until after December 1, 2021 (see Award at 17-18)

10.  The DOE's ability *to seek* termination is limited to those employees who, after December 1, 2021, have chosen to remain unvaccinated, and have not elected one of the options provided for in the Award.

11.  The Award does not provide the DOE a unilateral right to summarily terminate employees.  Rather, it recognizes that, after December 1, 2021, the DOE may choose to use available procedures to seek termination.

12.  Following issuance of the Mandate, some UFT members reached out to the UFT to request that the union file grievances on their behalf.

13.  Initially, the UFT considered the requests; however, given the binding protocols and procedures in the Award (the terms of which are incorporated into the UFT's CBA) it was apparent that any grievances would lack merit.

14.  Accordingly, the UFT advised inquiring members that procedures regarding unvaccinated employees were governed by the binding Award, which was circulated to members along with plain-language guidance of the Award's terms.  See Arbitrator rules in union's favor

on medical accommodations, UFT (Sept. 10, 2021), https://www.uft.org/news/news-stories/arbitrator-rules-unions-favor-on-medical-accommodations

15.     Moreover, the UFT informed its members that they were still able to file step 1 grievances on their own.

16.     Indeed, on November 11, 2021, prior to filing this Complaint, Plaintiff Jeannine Lam emailed the UFT requesting that it file grievances on her behalf for "stopping my pay without any 'right to due process' at all"; and for "8 unauthorized absences, so far, which have been put into the system under my name[.]"  A true and correct copy of Plaintiff Lam's email chain with the UFT is attached hereto as Exhibit A.

17.     In response, I replied:

> the DOE's procedure for unvaccinated employees is governed by the September 10, 2021 interest arbitration award issued by Arbitrator Martin Scheinman (the "Award").  Under the Award, unvaccinated DOE employees have until November 30, 2021 to elect to either (1) separate from service or (2) remain on an unpaid leave through September 5, 2022.  If an unvaccinated DOE employee does not select either of these options by the November 30, 2021 deadline, the Award provides that as of December 1, 2021, "the DOE shall seek to unilaterally separate employees who have not opted" to either separate from service or remain on an unpaid leave.
>
> At this time, the DOE has not announced the procedure it will seek to implement to "unilaterally separate" employees that do not elect to separate from service or extend their leave through September 5, 2022 by the November 30, 2021 deadline.  When the announcement is made, we will send a communication to all affected members explaining the next steps.

See Ex. A.

**Conclusion**

18.      The UFT has been transparent with members regarding (a) their rights under the Award (which is incorporated by reference into the UFT's CBA); and (b) UFT's position that it will not file grievances that lack merit under the Award.  Indeed, UFT has provided members not only with copies of the Award, but also with plain language explanations of same.  Plaintiffs, and other employees, are still free to initiate step 1 grievances of their own accord.


Dated:  November 19, 2021                Respectfully submitted,


                                /s/ BETH A. NORTON, ESQ.
UNITED FEDERATION OF TEACHERS
Beth A. Norton, Esq.
52 Broadway
New York, NY 10004
bnorton@uft.org

*Counsel for Defendant UFT*