UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NICOLE BROECKER, *et al.*, on behalf of themselves and all other similarly situated employees of the New York City Department of Education,

                                              Plaintiffs,

**INDEX NO. 21-cv-6387**

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION, MEISHA PORTER, in her official and individual capacities, UNITED FEDERATION OF TEACHERS, LOCAL 2, AMERICAN FEDERATION OF TEACHERS, AFL-CIO, MICHAEL MULGREW, in his official and individual capacities, JOHN DOE #1-10, in their official and individual capacities; and JANE DOE #1-10 in their official and individual capacities,

                                              Defendants.
------------------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW REGARDING NEW YORK CITY DEPARTMENT OF EDUCATION'S THREAT TO UNILATERALLY TERMINATE THE PLAINTIFFS ON OR AFTER DECEMBER 1, 2021**

THE SCHER LAW FIRM, LLP
One Old Country Road, Suite 385
Carle Place, New York 11514
(516) 746-5040

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

LEGAL ISSUE ........................................................................................................................... 1

BRIEF ANSWER ....................................................................................................................... 2

ARGUMENT .............................................................................................................................. 3

    A.  Commissioner's Mandate Did Not Make A COVID-19 Vaccine A Job Requirement To Be An NYCDOE Employee ................................................. 3

    B.  Mayor's Executive Orders Does Not Impose A COVID-19 Vaccine As A Job Requirement Upon Current NYCDOE Employees, Like The Plaintiff ................................................................................................................ 3

    C.  N.Y. Education Law § 913 and N.Y. Education Law § 2568 Requires Procedural Safeguards Before A School District Employee Is Determined Unfit For Duty ................................................................................ 5

    D.  Since The Vaccine Is Not A Job Requirement, Then The Plaintiffs Are Entitled To Due Process Pursuant To N.Y. Education Law § 3020-a, N.Y. Civil Service Law § 75, or contractual due process in accordance with their unions' collective bargaining agreements with the NYCDOE ........................................................................................................... 7

        1.  Word "Seek" Implies Due Process Is Required Before Termination ................................................................................................................ 7

        2.  Since The Vaccine Is Not A Job Requirement, The Plaintiffs Maintain Their Due Process Rights Before Termination .................................. 8

CONCLUSION ......................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Felix v. NY City Dept. of Citywide Admin. Servs.*, 3 N.Y.3d 498 (2004) .................................... 9

*Matter of Adrian v. Bd. of Educ. of City Sch. Dist. of City of Niagara Falls*, 92 A.D.3d 1272 (4th Dept 2012) ................................................................................ 9

*Matter of O'Connor v. Bd. of Educ. of City Sch. Dist. of City of Niagara Falls*, 48 A.D.3d 1254 (4th Dept 2008) ................................................................................ 9

*Newman v. Bd. of Educ.*, 594 F.2d 299, 304 (2d Cir 1979) .......................................................... 7

**Statutes**

N.Y. Education Law § 2568 .......................................................................................................... 5

N.Y. Education Law § 913 ............................................................................................................ 5

**Other Authorities**

https://www.merriam-webster.com/dictionary/seek (visited November 26, 2021) .................................................................................................................................... 8

https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-doe-2.pdf (visited November 29, 2021) ............................................... 3

https://www1.nyc.gov/assets/home/downloads/pdf/executive-orders/2021/eo-75.pdf (visited November 29, 2021) .................................................................. 4

https://www1.nyc.gov/assets/home/downloads/pdf/executive-orders/2021/eo-75.pdf (visited November 30, 2021) ............................................................... 2, 9

https://www1.nyc.gov/office-of-the-mayor/news/078-000/executive-order-78 (visited November 30, 2021) ............................................................................................. 2, 4, 9

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted by the Plaintiffs in this Action in support of their position that the Defendant NEW YORK CITY DEPARTMENT OF EDUCATION ("NYCDOE") cannot lawfully unilaterally terminate the Plaintiffs on or after December 1, 2021 because the Plaintiffs are not vaccinated with a COVID-19 vaccine.

## LEGAL ISSUE

The NYCDOE argued in opposition to the Plaintiffs' Motion for a Preliminary Injunction that the COVID-19 vaccine is a job requirement to be an employee of the NYCDOE and also argued that the COVID-19 vaccine is a fitness for duty requirement to work for the NYCDOE. As a result, the NYCDOE threatened that on December 1, 2021, the NYCDOE will enforce the COVID-19 vaccine mandate and unilaterally terminate the Plaintiffs.

The Arbitration Award (**ECF Doc. No. 19-1**) states: "Beginning December 1, 2021, the DOE shall seek to unilaterally separate employees who have not opted into separation under Section III(A) and IIII(B). Except for the express provisions contained, herein, all parties retain all legal rights at all times relevant, herein." **ECF Doc. No. 19-1**, at pages 18-19.

The Arbitration Award, which this Court has held governs the COVID-19 vaccine mandate enforcement (**ECF Doc. No. 33**) with respect to the Plaintiffs, uses the word "seek" to describe how the NYCDOE shall seek to separate employees on or after December 1, 2021.

Therefore, the legal issue is: Does the NYCDOE have the legal authority to terminate the Plaintiffs, who are unvaccinated, on or after December 1, 2021 without due process, when the governing document uses the word "seek" to separate?

## BRIEF ANSWER

No, the NYCDOE cannot terminate the Plaintiffs without due process because the COVID-19 mandate issued by the New York City Health Commissioner ("Commissioner") did not make the COVID-19 vaccine a job requirement to work for the NYCDOE.

In addition, Executive Order 75 issued by Mayor Bill DeBlasio ("Mayor") imposed a COVID-19 vaccine mandate to work for New York City only on new hires, not current employees of the City, such as the Plaintiffs. *See,* https://www1.nyc.gov/assets/home/downloads/pdf/executive-orders/2021/eo-75.pdf (visited November 30, 2021).

Further, the Mayor's Executive Order 78 did not impose the vaccine mandate on current employees because it gave City employees an opportunity to have PCR testing weekly instead of the vaccine. *See,* https://www1.nyc.gov/office-of-the-mayor/news/078-000/executive-order-78 (visited November 30, 2021).

In addition, N.Y. Education Law requires a process for a school district, such as the NYCDOE to determine whether an employee of the school district is fit for duty. The NYCDOE has not complied with the N.Y. Education Law process to determine fitness for duty for an NYCDOE employee who is not vaccinated. Therefore, without complying with the N.Y. Education Law, the NYCDOE cannot lawfully unilaterally separate the Plaintiffs from their jobs with the NYCDOE.

In addition, the word "seek" implies that it cannot, on its own, accomplish termination, but must pursue a specific avenue of due process before termination can be finalized.

Accordingly, the NYCDOE cannot terminate the Plaintiffs without due process because they are not vaccinated.

# ARGUMENT

### A. Commissioner's Mandate Did Not Make A COVID-19 Vaccine A Job Requirement To Be An NYCDOE Employee

The Commissioner's September 15, 2021 Order (htttps://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-doe-2.pdf (visited November 29, 2021)) ("Order") states: "1. No later than September 27, 2021, or prior to beginning employment, the following individuals must provide proof of vaccination as described below: a. DOE staff must provide proof of vaccination to the DOE...."

The Order does not state that the Commissioner's Mandate is a job requirement.

Moreover, if it was a job requirement, the fact that exemptions were offered and, in some cases, granted, raises the questions whether it is in fact a true job requirement. *See,* **ECF Doc. No. 19-1**. If it is in fact a true job requirement and a condition of employment, why are certain employees granted exemptions from a job requirement.

If it is a true job requirement that a person have a COVID-19 vaccine, then how can any employee be exempted for any reason from the job requirement?

### B. Mayor's Executive Orders Does Not Impose A COVID-19 Vaccine As A Job Requirement Upon Current NYCDOE Employees, Such As The Plaintiffs

On August 2, 2021, the Mayor issued Executive Order 75 ("EO 75"). EO 75 states:

> Section 1. All persons newly hired for employment by any City agency must provide proof of having received at least one dose of an approved COVID-19 vaccine prior to beginning their employment, except for those who obtain an exception due to medical or religious reasons through the reasonable accommodation process.
>
> § 2. After receiving a conditional offer of employment from a City agency, an applicant for employment must provide proof of having

3

> received at least one dose of an approved COVID-19 vaccine within a reasonable period of time. Failure by the applicant to provide the agency with proof of having received at least one dose of an approved COVID-19 vaccine will result in the agency revoking the conditional offer, unless the applicant obtains an exception through the reasonable accommodation process.
>
> § 3. Any person to whom this Order applies, who begins their employment after providing proof of having received only one dose in a 2-dose series of a COVID-19 vaccine, will also be required to provide their City agency with proof of receipt of a second dose within 30 days of the first dose. Failure to do so will result in termination.
>
> § 4. The Department of Citywide Administration Services shall promulgate guidance to agencies regarding this Order immediately.
>
> § 5. This Order shall take effect immediately.

https://www1.nyc.gov/assets/home/downloads/pdf/executive-orders/2021/eo-75.pdf (visited November 29, 2021).

EO 75 does not apply to the Plaintiffs since they are currently employed by the NYCDOE and are not new hires.

On August 31, 2021, the Mayor issued Executive Order 78 ("EO 78") that applies to current New York City employees. EO 78 states, in relevant part:

> Section 1. City employees must either:
> a. Provide the City agency or office where they work with proof of full vaccination by September 13, 2021, or
> b. Beginning September 13, 2021, and on a weekly basis thereafter until the employee submits proof of full vaccination, provide the City agency or office where they work with proof of a negative COVID-19 PCR diagnostic test (not an antibody test).

*See,* https://www1.nyc.gov/office-of-the-mayor/news/078-000/executive-order-78

4

If the Order was a job requirement as the NYCDOE argued before this Court in response to the Plaintiffs' Motion for Preliminary Injunction, then why did the Mayor have to issue EO 75 and why does EO 78 conflict with the Order?

EO 75 would be redundant with respect to new hires at the NYCDOE if the Order is a job requirement for all NYCDOE employees.

EO 78, which gives a testing option is the real job requirement, one the NYCDOE has ignored without explanation.

EO 75 does not impose a job requirement upon the Plaintiffs because they are not new hires. EO 78 gives the Plaintiffs a testing option, one that the NYCDOE has ignored.

### C. N.Y. Education Law § 913 and N.Y. Education Law § 2568 Requires Procedural Safeguards Before A School District Employee Is Determined Unfit For Duty

N.Y. Education Law § 913 states:

> In order to safeguard the health of children attending the public schools, the board of education or trustees of any school district or a board of cooperative educational services shall be empowered to require any person employed by the board of education or trustees or board of cooperative educational services to submit to a medical examination by a physician or other health care provider of his or her choice or the director of school health services of the board of education or trustees or board of cooperative educational services, in order to determine the physical or mental capacity of such person to perform his or her duties. The person required to submit to such medical examination shall be entitled to be accompanied by a physician or other person of his or her choice. The determination based upon such examination as to the physical or mental capacity of such person to perform his or her duties shall be reported to the board of education or trustees or board of cooperative educational services and may be referred to and considered for the evaluation of service of the person examined or for disability retirement.

N.Y. Education Law § 2568 states:

5

> The superintendent of schools of a city having a population of one million or more shall be empowered to require any person employed by the board of education of such city to submit to a medical examination by a physician or school medical inspector of the board, in order to determine the mental or physical capacity of such person to perform his duties, whenever it has been recommended in a report in writing that such examination should be made. Such report to the superintendent may be made only by a person under whose supervision or direction the person recommended for such medical examination is employed. The person required to submit to such medical examination shall be entitled to be accompanied by a physician or other person of his own choice. The findings upon such examination shall be reported to the superintendent of schools and may be referred to and considered for the evaluation of service of the person examined or for disability retirement.

Repeatedly, in opposition to the Plaintiffs' Motion for a Preliminary Injunction, the NYCDOE argued that the vaccine is required because it is a "fitness for duty" qualification. *See,* **ECF Doc. No. 18,** at pages 2, 3, 15, 16, and 18.

The phrase "fitness for duty" is a term of art that has with it, procedural due process rights and statutory protections owed to the Plaintiffs as employees of the NYCDOE.

Whether pursuant to N.Y. Education Law § 913 or N.Y. Education Law §2568, the NYCDOE must follow the statutory procedure to initiate a fitness for duty evaluation and an evaluation by a physician must be conducted before the NYCDOE determines that an individual plaintiff is unfit for duty.

However, the fitness for duty examination of the Plaintiffs will likely include a blood test to determine whether the Plaintiffs have antibodies to the COVID-19 virus. If antibodies are present in Plaintiffs' blood samples, the Plaintiffs will be fit for duty without the vaccine because the fitness must be whether a NYCDOE employee has antibodies to COVID.

The NYCDOE cannot lawfully unilaterally determine all NYCDOE who have failed to take a vaccine are unfit for duty because the NYCDOE employees may be fit from having COVID-19 in the past and they may possess immunity.

6

In *Newman v. Bd. of Educ.*, 594 F.2d 299, 304 (2d Cir 1979), the Court of Appeals, analyzing and interpreting N.Y. Education Law § 2568 held: "[h]ere the private interest at stake the right of a tenured teacher to continue practicing her profession, free of any stigma flowing from an indefinite suspension attributable to mental unfitness is substantial indeed."

The Court in *Newman* went on to state: "Although the public clearly has an interest in ridding classrooms of mentally unfit teachers promptly and without undue burden or expense, this is counterbalanced not only by the due process interests of the teacher but also by the public's interest in attracting competent instructors to assume teaching positions in our public schools by the assurance that they will not be suspended unfairly or through error." *Newman v. Bd. of Educ.*, 594 F.2d at 304.

Here, the Plaintiffs have due process rights as established by the N.Y. Education Law, whether it be from N.Y. Education Law § 913 or N.Y. Education Law § 2568. In either case, the NYCDOE cannot lawfully unilaterally decide that the Plaintiffs are unfit for duty without a medical examination.

The NYCDOE's threat to terminate the Plaintiffs because they did not take a COVID-19 vaccine violates the Plaintiffs' statutory due process rights. The Court should determine that if the NYCDOE takes the position that the COVID-19 vaccine is a fitness for duty qualification, the NYCDOE must provide the Plaintiffs their due process rights under N.Y. Education Law § 913 and N.Y. Education Law § 2568.

**D. Since The Vaccine Is Not A Job Requirement, Then The Plaintiffs Are Entitled To Due Process Pursuant To N.Y. Education Law § 3020-a, N.Y. Civil Service Law § 75, or contractual due process in accordance with their unions' collective bargaining agreements with the NYCDOE**

1. Word "Seek" Implies Due Process Is Required Before Termination

The Arbitration Award states: "Beginning December 1, 2021, the DOE shall seek to unilaterally separate employees who have not opted into separation under Section III(A) and

7

IIII(B). Except for the express provisions contained, herein, all parties retain all legal rights at all times relevant, herein." **ECF Doc. No. 19-1**, at pages 18-19.

Merriam-Webster defines "seek" as: (1) to search for (someone or something): to try to find (someone or something) (2) to ask for (help, advice, etc.); (3) to try to get or achieve (something). https://www.merriam-webster.com/dictionary/seek (visited November 26, 2021).

The most appropriate definition is the third definition because the NYCDOE can try to get or achieve the Plaintiffs' termination after December 1, 2021.

Interestingly, the Arbitrator added a second sentence that indicates that the word "seek" requires due process. The Arbitrator stated that "all parties retain all legal rights at all times relevant....", which must include tenure rights under N.Y. Education Law § 3020, N.Y. Civil Service Law § 75 and due process rights under collective bargaining agreements.

The additional language was not a mistake but had the intent of preserving the Plaintiffs' due process rights if they did not take the COVID-19 vaccine within the stated time periods.

In addition, the words "seek unilaterally" means without the UFT, but does not authorize the NYCDOE to terminate the Plaintiffs without due process because the Arbitrator held that the parties retained all legal rights, which had to include due process rights.

The Arbitration Award does not support the NYCDOE's position that it can terminate the Plaintiffs without due process after December 1, 2021.

2. Since The Vaccine Is Not A Job Requirement, The Plaintiffs Maintain Their Due Process Rights Before Termination

The NYCDOE argued that the vaccine is a job requirement, like a residency requirement and Courts have upheld public employers' terminations of public employees who fail to comply with residency requirements.

8

The problem with the NYCDOE argument is that the cases cited in opposition to the Plaintiffs' Motion for Preliminary Injunction to support their argument were situations when the local legislative body has imposed a residency requirement (*Matter of Adrian v. Bd. of Educ. of City Sch. Dist. of City of Niagara Falls*, 92 A.D.3d 1272 (4th Dept 2012); *Felix v. NY City Dept. of Citywide Admin. Servs.*, 3 N.Y.3d 498 (2004)) or where the public employee entered into a contract with the public employer imposing upon the employee a residency requirement. *See, Matter of O'Connor v. Bd. of Educ. of City Sch. Dist. of City of Niagara Falls*, 48 A.D.3d 1254 (4th Dept 2008).

Here there has been no enactment by a legislative body imposing upon the NYCDOE employees a COVID-19 vaccine job requirement. In fact, no part of the City government has imposed a COVID-19 vaccine mandate on current NYCDOE employees. The Mayor, through EO 75 has imposed that all new hires be vaccinated (https://www1.nyc.gov/assets/home/downloads/pdf/executive-orders/2021/eo-75.pdf), but the Mayor did not extend the vaccine job requirement upon current employees of the City. The Mayor, through EO 78, granted employees a testing option instead of a vaccine mandate. *See,* https://www1.nyc.gov/office-of-the-mayor/news/078-000/executive-order-78. The NYCDOE has ignored EO 78's testing option.

Since no part of the City government has made the COVID-19 vaccine a job requirement of current employees (because EO 78 grants a testing option), such as the Plaintiffs, whether by Executive Order, legislative enactment, or any other government act, the NYCDOE stating that it is a job requirement in papers submitted to this Court, does not constitute a government act.

As a result, the Plaintiffs maintain their right to due process, whether pursuant to N.Y. Education Law § 3020, N.Y. Education Law § 913, N.Y. Education § 2568, N.Y. Civil Service Law § 75, or through the contractual rights obtained in various collective bargaining agreements entered into between the NYCDOE and the unions representing the Plaintiffs.

Accordingly, the Plaintiffs retain all due process rights. This Court should hold that the NYCDOE's threat to terminate the Plaintiffs without due process is illegal and unconstitutional.

9

## CONCLUSION

For the reasons argued in this Memorandum of Law, the Court should hold that the NYCDOE cannot terminate the Plaintiffs' employment without due process, requiring the NYCDOE to grant to the Plaintiffs due process under N.Y. Education Law § 913, N.Y. Education Law § 2568, N.Y. Education Law § 3020, N.Y. Civil Service Law § 75, or the due process procedures in the collective bargaining agreements between the Plaintiffs' unions and the NYCDOE.

Dated:   Carle Place, New York
         November 30, 2021

Austin Graff
The Scher Law Firm, LLP
*Attorneys for the Plaintiffs*
One Old Country Road, Suite 385
Carle Place, New York 11514
(516) 746-5040