UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

NICOLE BROECKER, *et al.*, on behalf of themselves and all other similarly situated employees of the New York City Department of Education,

**INDEX NO. 21-cv-6387**

Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION, MEISHA PORTER, in her official and individual capacities, UNITED FEDERATION OF TEACHERS, LOCAL 2, AMERICAN FEDERATION OF TEACHERS, AFL-CIO, MICHAEL MULGREW, in his official and individual capacities, JOHN DOE #1-10, in their official and individual capacities; and JANE DOE #1-10 in their official and individual capacities,

Defendants.

--------------------------------------------------------------------X

## PLAINTIFFS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE REGARDING THE PLAINTIFFS' STANDING

THE SCHER LAW FIRM, LLP
One Old Country Road, Suite 385
Carle Place, New York 11514
(516) 746-5040

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................ i

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................ 1

ARGUMENT............................................................................................................ 3

THE AWARD RESULTED FROM A VIOLATION OF N.Y. CIVIL
SERVICE LAW § 209.............................................................................................. 3

PLAINTIFFS DID NOT FREELY, KNOWINGLY, AND OPENLY
WAIVE THEIR STATUTORY AND CONSTITUTIONAL RIGHTS......................... 7

THE NYCDOE'S AND UFT'S COLLECTIVE BARGAINING
AGREEMENT WAS NOT AMENDED BY THE AWARD ....................................... 8

AN ARBITRATION AGREEMENT BETWEEN A UNION AND THE
EMPLOYER MUST CONTAIN A CLEAR AND UNEQUIVOCAL
WAIVER OF THE PLAINTIFFS' RIGHTS, WHICH THE AWARD
DOES NOT CONTAIN SUCH A PROVISION......................................................... 10

AS THE UFT ARGUED, THE AWARD DID NOT IMPACT THE
PLAINTIFFS' PROCEDURAL DUE PROCESS RIGHTS ...................................... 12

CONCLUSION.......................................................................................................... 13

# TABLE OF AUTHORITIES

## Cases

*14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 274 (2009) .............................................................. 10

*Abramovich v. Bd. of Educ.*, 46 N.Y.2d 450, 455 (1979) .............................................................. 7

*Barrentine v. Arkansas-Best Frgt. Sys.*, 450 U.S. 728, 744 (1981) ........................................... 10

*Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir 2002) .................................... 6, 8, 10

*Cummings v. City of NY*, 2020 US Dist LEXIS 31572, at \*39 (S.D.N.Y. 2020) ........................................................................................................................................... 1

*Fernandez v. Windmill Distrib. Co.*, 159 F.Supp.3d 351, 361 (S.D.N.Y. 2016) ......................................................................................................................................... 10

*Strong v. Bd. of Educ. of Uniondale Union Free Sch. Dist.*, 902 F.2d 208, 211 (2d Cir 1990) .................................................................................................................... 1

*Tooly v. Schwaller*, 919 F.3d 165, 173 (2d Cir 2019) ................................................................ 1

*Town of Southampton v. NY State Pub. Empl. Rels. Bd.*, 2 N.Y.3d 513 (2004) ....................................................................................................................................... 8, 9

*Waronker v. Hempstead Union Free Sch. Dist.*, 788 F.App'x 788, 793 (2d Cir. 2019) *cert. denied, Waronker v Hempstead Union Free Sch. Dist.*, 140 S.Ct 2669 (2020) ........................................................................................................... 2

*Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 79-81 (1998) ........................................... 11

*Yu-Shih Chen v. Wharton*, 112 A.D.2d 636, 637-638 (3d Dept 1985) ......................................... 7

## Statutes

N.Y. Civil Service Law § 209.2. ............................................................................................. 5, 6

N.Y. Civil Service Law § 209.3(a) ........................................................................................... 4

N.Y. Civil Service Law § 209.3(b) ........................................................................................... 5

N.Y. Civil Service Law § 209.3(e) ........................................................................................... 5

N.Y. Civil Service Law § 209.3(f) ......................................................................................... 5, 9

N.Y. Civil Service Law §209.4. ........................................................................................................ 4

# PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of the Plaintiffs and all others similarly situated in this Action responding to the Court's Order to Show Cause regarding the Plaintiffs' standing to challenge the terms of the Impact Arbitration Award ("Award") between the Defendant NEW YORK CITY DEPARTMENT OF EDUCATION ("NYCDOE") and the UNITED FEDERATION OF TEACHERS ("UFT").

In *Cummings v. City of NY*, 2020 US Dist LEXIS 31572, at \*39 (S.D.N.Y. 2020), the Court held:

> Plaintiff lacks standing to assert a breach of the contract between DOE and the Union. By becoming a union member, an individual employee "has no individual rights under a collective bargaining agreement which he can enforce against his employer except through the union." *Berlyn v. Board of Ed. of E. Meadow Union Free Sch. Dist.*, 80 A.D.2d 572, 435 N.Y.S.2d 793, 794 (2d Dep't 1981), *aff'd* 55 N.Y.2d 912, 433 N.E.2d 1278, 449 N.Y.S.2d 30 (N.Y. 1982).

The Plaintiffs in this Action are not alleging a breach of the UFT's and NYCDOE's collective bargaining agreement. The Plaintiffs are instead alleging a conspiracy between the UFT and the NYCDOE to impede, interfere with, and infringe upon the Plaintiffs' constitutional rights based upon the Award, which, as discussed below, is not a part of the parties' collective bargaining agreement.

The Plaintiffs are challenging the constitutionality of an Award that is procedurally defective (because the parties did not have statutory or contractual authority to yield the authority to negotiate the impact of the COVID-19 vaccine mandate to an arbitrator) and which does not clearly or unequivocally bar the Plaintiffs from seeking federal court review and relief from an Award that infringes upon their constitutional due process rights (*Strong v. Bd. of Educ. of Uniondale Union Free Sch. Dist.*, 902 F.2d 208, 211 (2d Cir 1990)) and their property interest rights to their pay. *See, Tooly v. Schwaller*, 919 F.3d 165, 173 (2d Cir 2019); *Waronker v.*

1

*Hempstead Union Free Sch. Dist.*, 788 F.App'x 788, 793 (2d Cir. 2019) *cert. denied, Waronker v Hempstead Union Free Sch. Dist.*, 140 S.Ct 2669 (2020).

The NYCDOE and the UFT have conspired in procuring the Award that interferes with, impedes, and infringe upon the Plaintiffs' due process rights and property interest right in their pay.

No statute or collective bargained provision authorized the UFT and the NYCDOE to agree to arbitration to determine what should have been a negotiated resolution to the impact of the COVID-19 mandate

The UFT wrongly argues that the Award is now incorporated into the collective bargaining agreement between the UFT and the NYCDOE, but the members of the UFT did not vote on the Award to ratify it as an amendment to the collective bargaining agreement and the UFT's collective bargaining agreements with the NYCDOE do not contain provisions that permit amendments to the agreement.

The Plaintiff's standing is based upon causes of action against the NYCDOE and the UFT, pursuant to 42 U.S.C. § 1983, for purportedly agreeing to binding arbitration during a collective bargaining impasse pursuant to N.Y. Civil Service Law § 209. The statute, however, does not empower the NYCDOE or the UFT to agree to binding arbitration because of the NYCDOE's status as a school district.

Since the procedure that resulted in the Award was statutorily defective, the result of the defective procedure violated the Plaintiffs' constitutional rights. Thus, the proper mechanism to seek relief from the NYCDOE's and UFT's misconduct is a 42 U.S.C. § 1983 claim.

The Plaintiffs are not alleging that the UFT or the NYCDOE breached the parties' collective bargaining agreement, only that the Award is unconstitutional and because of that, the UFT and the NYCDOE violated the Plaintiffs' constitutional rights and therefore the Plaintiffs' have standing pursuant to 42 U.S.C. § 1983.

In addition, the Plaintiffs have standing to challenge the terms of the Award for four other additional reasons: (1) the Plaintiffs did not freely, knowingly, and openly waive their statutory and constitutional rights in the Award; (2) the NYCDOE's and UFT's collective bargaining agreement was not amended by the Award and therefore it did not modify the arbitration provisions in the collective bargaining agreements; (3) an arbitration agreement between a union and the employer must contain a clear and unequivocal waiver of the Plaintiffs' rights, and the Award does not contain such a provision; and (4) as the UFT argued, the Award did not impact the Plaintiffs' procedural due process rights.

Each of these issues will be addressed in this Memorandum of Law.  In the end, the Plaintiffs have standing to challenge the Award and this Court should not dismiss this Action for lack of standing.

## ARGUMENT

## THE AWARD RESULTED FROM A VIOLATION OF N.Y. CIVIL SERVICE LAW § 209

The NYCDOE described the procedural history of the Award as follows:

> Defendant United Federation of Teachers ("UFT") is the bargaining unit for Teachers, Secretaries, Paraprofessionals, Guidance Counselors, Speech Language Pathologists, School Psychologists, and Social Workers, among other titles, employed by DOE. See "About Your Union" available at https://www.uft.org/your-union/about-uft; last accessed Nov. 19, 2021. On September 10, 2021, the UFT filed a Declaration of Impasse with the Public Employment Relations Board ("PERB") over the impact of the DOE Vaccination Mandate. See O'Connor Decl., Exh. A (September 10, 2021 Arbitration Award Decision in Board of Education of the City School District of the City of New York and the United Federation of Teachers, Local 2, AFT, AFL-CIO (hereafter "Impact Arbitration Decision"), at 4. PERB appointed an arbitrator and several days of discussions were held. Id. On September 10, 2021, the arbitrator issued a decision, which established (1) a process for exemptions and accommodation requests; (2) options to voluntarily separate from service with

certain benefits; and (3) that the DOE may "unilaterally separate
employees" who have not complied with the Vaccination Mandate
or have an approved exemption or accommodation and have not
opted for either separation option. Id. at 6-13.

**ECF Docket No. 18**, at page 5.

The UFT described the procedural history of the Award as follows:

> While the amendment to the Mandate forced by the Unions' court
> challenges aided in moving the implementation bargaining process
> forward, the looming start date for the new school year created
> urgency in negotiation process on both sides. With the parties far
> from agreement, the UFT sought a declaration of impasse from the
> New York Public Employment Relations Board ("PERB") and the
> appointment of a mediator to assist the negotiations. When several
> sessions of mediation did not produce a final agreement, the parties
> moved to arbitration, which resulted in a binding impasse arbitration
> award (the "Award").

**ECF Docket No. 20**, at pages 1-2.

What the parties describe is the impasse provisions of N.Y. Civil Service Law § 209.
Despite the UFT's and the NYCDOE's agreement to make the Award binding upon the Plaintiffs,
the statute does not authorize binding arbitration in a school setting, but only in fire and police
disputes with the public employer. *See,* N.Y. Civil Service Law §209.4. There is no statutory or
contractual basis for a mediator to issue a binding arbitration award in an impasse in impact
bargaining, and in this situation the impact bargaining was over the impact of the COVID-19
vaccine mandate.

N.Y. Civil Service Law § 209 permits the New York State Public Employment Relations
Board ("PERB") to appoint a mediator "to assist the parties to effect a voluntary resolution of the
dispute...." N.Y. Civil Service Law § 209.3(a).

If the mediator does not assist the parties in breaking the impasse, PERB is required to "appoint a fact-finding board … to make public recommendations for the resolution of the dispute." N.Y. Civil Service Law § 209.3(b).

If the fact-finding recommendations do not result in an agreement and the impasse continues, the legislative body of the public employer "shall take such action as it deems to be in the public interest, including the interest of the public employees" and can impose a resolution. N.Y. Civil Service Law § 209.3(e).

However, "where the public employer is a school district" the legislative body of the school district cannot impose a resolution after fact finding. N.Y. Civil Service Law § 209.3(f).

There is no provision in N.Y. Civil Service Law § 209 that creates a binding arbitration process when the school district is the public employer.

The NYCDOE and the UFT may argue that N.Y. Civil Service Law § 209.2. authorized the parties to enter into binding arbitration to resolve the dispute over the vaccine mandate.

N.Y. Civil Service Law § 209.2. states "Public employers are hereby empowered to enter into written agreements with recognized or certified employee organizations setting forth procedures to be invoked in the event of disputes which reach an impasse in the course of collective negotiations."

At oral argument on the Plaintiffs' Preliminary Injunction Motion, the UFT represented to the Court that the sole evidence that the parties agreed to binding arbitration was a letter from the UFT's counsel to PERB that stated "the parties have agreed to move to an expedited arbitration due to the exigencies of these circumstances and fairness to the affected workforce.  Arbitration sessions are being held on Sept. 6th.   We will keep PERB apprised as to status." **ECF Docket No. 21-3.**

There was no "written agreement" between the NYCDOE and the UFT "setting forth procedures to be invoked in the event of disputes which reach an impasse in the course of collective negotiations." N.Y. Civil Service Law § 209.2.

As a result, there was no statutory or contractual authority for the NYCDOE and the UFT to agree to binding arbitration such that the Award violated the Plaintiffs' constitutional due process rights and property interests in their pay.

Since there was no statutory or contractual basis for the Award and the Award has resulted in a deprivation of the Plaintiffs' constitutional rights, the Plaintiffs have a valid 42 U.S.C. § 1983 claim against both the NYCDOE and the UFT for implementing the arbitration decision that was not validly arrived at.

The Plaintiffs have standing because the Award was arrived at through a conspiracy between the NYCDOE and the UFT.

In *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir 2002), the Court opined:

> "To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." Spear, 954 F.2d at 68. Put differently, a private actor acts under color of state law when the private actor "is a willful participant in joint activity with the State or its agents." Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 26 L. Ed. 2d 142, 90 S. Ct. 1598 (1970) (quoting United States v. Price, 383 U.S. 787, 794, 16 L. Ed. 2d 267, 86 S. Ct. 1152 (1966)). A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity. Spear, 954 F.2d at 68.

The Plaintiffs have more than conclusory allegation that the UFT acted in concert with the NYCDOE. There is both documentary and testimonial evidence submitted by the NYCDOE and the UFT that they entered into an arrangement that led to the Award.

6

Accordingly, under a 42 U.S.C. § 1983 claim, the Plaintiffs have standing to assert claims against both the NYCDOE and the UFT for violating the Plaintiffs' constitutional rights to due process and their property right in their pay.

## PLAINTIFFS DID NOT FREELY, KNOWINGLY, AND OPENLY WAIVE THEIR STATUTORY AND CONSTITUTIONAL RIGHTS

The Award, even though it was procedurally defective (*see,* N.Y. Civil Service Law § 209), the Court has determined that it waived the Plaintiffs' procedural due process rights. *See,* **ECF Docket No. 33,** at page 16.

The Plaintiffs disagree with the Court because as the New York State Court of Appeals held in *Abramovich v. Bd. of Educ.*, 46 N.Y.2d 450, 455 (1979) only "when a waiver is freely, knowingly and openly arrived at, without taint of coercion or duress, the sturdy public policy underpinnings of section 3020-a are not undermined."

In *Yu-Shih Chen v. Wharton*, 112 A.D.2d 636, 637-638 (3d Dept 1985), the Court held

> a teacher may waive valid rights in settling a grievance, provided the waiver is knowingly and freely made without coercion and results in a desired benefit in return for the waiver (*see, Matter of Feinerman v Board of Coop. Educ. Servs.* 48 NY2d 491, 496-497; *Matter of Abramavich v Board of Educ.*, 46 NY2d 450, *cert denied* 444 U.S. 845; *see also, Matter of American Broadcasting Cos. v Roberts*, 61 NY2d 244, 249-250). The waiver may even extend to a grievant's constitutional right to procedural due process (*cf. Matter of Miller v Coughlin*, 59 NY2d 490; *Matter of Abramovich v Board of Educ., supra*).

Nowhere in the Award did the Plaintiffs knowingly and freely waive any of their rights in return for a benefit to them.

The Award serves as the basis for the NYCDOE to suspend the Plaintiffs without pay and, as argued by the NYCDOE, may authorize the Plaintiffs to be terminated without due process. *See,* **ECF Doc. No. 37.**

The Plaintiffs have a valid 42 U.S.C. § 1983 claim against the NYCDOE and the UFT for conspiring to violate the Plaintiffs' constitutional rights. The UFT, acting in concert with the NYCDOE, authorized the Arbitrator to have free reign to determine and come to a conclusion regarding the impact of the COVD-19 vaccine mandate. There is both documentary and testimonial evidence submitted by the NYCDOE and the UFT that they entered into an arrangement that led to the Award.

Therefore, under a 42 U.S.C. § 1983 theory, the Plaintiffs have standing to assert claims against both the NYCDOE and the UFT for violating the Plaintiffs' constitutional rights to due process and their property right in their pay. *See, Ciambriello v. County of Nassau*, 292 F.3d at 324.

Accordingly, under a 42 U.S.C. § 1983 claim, the Plaintiffs have standing to assert claims against both the NYCDOE and the UFT for violating the Plaintiffs' constitutional rights to due process and their property right in their pay.

## THE NYCDOE'S AND UFT'S COLLECTIVE BARGAINING AGREEMENT WAS NOT AMENDED BY THE AWARD

The UFT argued to this Court that the Award is "incorporated into the UFT and DOE's CBA by law, and supersedes provisions to the contrary." **ECF Doc. No. 20**, at page 18-19.

The UFT cites to the case of *Town of Southampton v. NY State Pub. Empl. Rels. Bd.*, 2 N.Y.3d 513 (2004) to support its argument. But this is a misrepresentation of the law.

*Town of Southampton* involved the Town's collective bargaining agreement with the Police Benevolent Association of Southampton Town, Inc.

N.Y. Civil Service Law § 209(4) sets forth the procedure when a public employer reaches an impasse with police or fire unions. The statute authorizes interest arbitration, which "prescribe[s] compulsory and binding arbitration to resolve an impasse in collective negotiations between employee organizations representing police and firefighters outside the City of New York

8

and their local government employers." *Town of Southampton v NY State Pub. Empl. Rels. Bd.*, 2 N.Y.3d 513, 516 (2004).

The statute addressed in *Town of Southampton* does not apply with the NYCDOE since "where the public employer is a school district" there is no interest arbitration and no compulsory and binding arbitration to resolve an impasse in collective negotiations. N.Y. Civil Service Law § 209.3(f).

Finally, examining the collective bargaining agreements between the UFT and the NYCDOE, there is no provision in the documents for amendments. *See,* **ECF Docket Nos. 1-2, 1-3,** and **1-4.**

There was no ratification vote by the UFT members approving the terms of the Award.

The Award was just imposed by the Arbitrator without any authority under the parties' collective bargaining agreement.

The UFT's and the NYCDOE's collective bargaining agreements are consistent in that the arbitrator "shall limit his/her decision strictly to the application and interpretation of the provisions of this Agreement and he/she shall be without power or authority to make any decision: 1. Contrary to, or inconsistent with, or modifying or varying in any way, the terms of this Agreement or of applicable law or rules or regulations having the force and effect of law…." **ECF Doc No. 1.4**, at Article 22.C.

If the NYCDOE and the UFT suggest that the Award was promulgated pursuant to the terms of the parties' collective bargaining agreement, then the Award violated the arbitrator's authority since it modified and is inconsistent with applicable law (Plaintiffs' due process rights and property interest in their pay).

Yet, the UFT and the NYCDOE have just accepted the Award and its impact upon the Plaintiffs' rights to due process and property interest in their pay.

Therefore, under a 42 U.S.C. § 1983 theory, the Plaintiffs have standing to assert claims against both the NYCDOE and the UFT for violating the Plaintiffs' constitutional rights to due process and their property right in their pay. *See, Ciambriello v. County of Nassau*, 292 F.3d at 324.

Accordingly, under a 42 U.S.C. § 1983 claim, the Plaintiffs have standing to assert claims against both the NYCDOE and the UFT for violating the Plaintiffs' constitutional rights to due process and their property right in their pay.

## AN ARBITRATION AGREEMENT BETWEEN A UNION AND THE EMPLOYER MUST CONTAIN A CLEAR AND UNEQUIVOCAL WAIVER OF THE PLAINTIFFS' RIGHTS, WHICH THE AWARD DOES NOT CONTAIN SUCH A PROVISION

In *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 274 (2009), the Court held "that a collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate ADEA claims is enforceable as a matter of federal law."

In *Fernandez v. Windmill Distrib. Co.*, 159 F.Supp.3d 351, 361 (S.D.N.Y. 2016), the Court held that the collective bargaining agreement in that case was

> broad and requires arbitration for "all disputes," but its antidiscrimination section does not reference any specific antidiscrimination statutes that would be subject to exclusive arbitration, nor does it specify whether arbitration is required for state or federal claims at all. In view of post-Pyett precedent in this circuit, the court holds that the arbitration and antidiscrimination clauses above do not mandate arbitration of Fernandez's statutory claims.

In *Barrentine v. Arkansas-Best Frgt. Sys.*, 450 U.S. 728, 744 (1981), the Court held that

> Moreover, even though a particular arbitrator may be competent to interpret and apply statutory law, he may not have the contractual authority to do so. An arbitrator's power is both derived from, and limited by, the collective-bargaining agreement. *Gardner-Denver*, 415 U.S., at 53. He "has no general authority to invoke public laws

10

that conflict with the bargain between the parties." *Ibid*. His task is limited to construing the meaning of the collective-bargaining agreement so as to effectuate the collective intent of the parties. Accordingly, "[if] an arbitral decision is based 'solely upon the arbitrator's view of the requirements of enacted legislation,' rather than on an interpretation of the collective-bargaining agreement, the arbitrator has 'exceeded the scope of the submission,' and the award will not be enforced." *Ibid*., quoting *Steelworkers* v. *Enterprise Wheel & Car Corp.*, 363 U.S., at 597.

Because the arbitrator is required to effectuate the intent of the parties, rather than to enforce the statute, he may issue a ruling that is inimical to the public policies underlying the FLSA, thus depriving an employee of protected statutory rights.

In *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 79-81 (1998), the Court held

[n]ot only is petitioner's statutory claim not subject to a presumption of arbitrability; we think any CBA requirement to arbitrate it must be particularly clear. In *Metropolitan Edison Co.* v. *NLRB*, 460 U.S. 693, 75 L. Ed. 2d 387, 103 S. Ct. 1467 (1983), we stated that a union could waive its officers' statutory right under § 8(a)(3) of the National Labor Relations Act, 29 U.S.C. § 158(a)(3), to be free of antiunion discrimination, but we held that such a waiver must be clear and unmistakable. "We will not infer from a general contractual provision that the parties intended to waive a statutorily protected right unless the undertaking is 'explicitly stated.' More succinctly, the waiver must be clear and unmistakable." 460 U.S. at 708; see also *Livadas* v. *Bradshaw*, 512 U.S. 107, 125, 129 L. Ed. 2d 93, 114 S. Ct. 2068 (1994) (dictum); *Lingle* v. *Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409, n. 9, 100 L. Ed. 2d 410, 108 S. Ct. 1877 (1988) (dictum); cf. *Mastro Plastics Corp.* v. *NLRB*, 350 U.S. 270, 283, 100 L. Ed. 309, 76 S. Ct. 349 (1956).

We think the same standard applicable to a union-negotiated waiver of employees' statutory right to a judicial forum for claims of employment discrimination. Although that is not a substantive right, see *Gilmer*, 500 U.S. at 26, and whether or not *Gardner-Denver*'s seemingly absolute prohibition of union waiver of employees' federal forum rights survives *Gilmer*, *Gardner-Denver* at least stands for the proposition that the right to a federal judicial forum is of sufficient importance to be protected against less-than-explicit union waiver in a CBA. The CBA in this case does not meet that standard. Its arbitration clause is very general, providing for arbitration of "matters under dispute," App. 43a -- which could be

11

understood to mean matters in dispute under the contract. And the remainder of the contract contains no explicit incorporation of statutory antidiscrimination requirements. (Indeed, it does not even contain, as did the CBAs in *Austin* and *Gardner-Denver*, its own specific antidiscrimination provision.) The Fourth Circuit relied upon the fact that the equivalently broad arbitration clause in *Gilmer* -- applying to "any dispute, claim or controversy" -- was held to embrace federal statutory claims. But *Gilmer* involved an individual's waiver of his own rights, rather than a union's waiver of the rights of represented employees -- and hence the "clear and unmistakable" standard was not applicable.

Nowhere in the UFT's and the NYCDOE's agreement, nor in the Award is there a clear and unequivocal waiver of the Plaintiffs' due process rights or property interests rights in their pay.

Without a clear and unmistakable waiver of a union members' constitutional rights and statutory rights in the collective bargaining agreement between the UFT and the NYCDOE, the Plaintiffs cannot be barred from asserting their individual constitutional rights were violated as a result of the Award, and thus they have standing to protect their individual liberties in federal court despite the fact that the UFT and the NYCDOE conspired to violate the Plaintiffs' constitutional rights by acquiescing to the Award, which was procured in violation of N.Y. Civil Service Law § 209.

## AS THE UFT ARGUED, THE AWARD DID NOT IMPACT THE PLAINTIFFS' PROCEDURAL DUE PROCESS RIGHTS

The Plaintiffs' argument in this Action has always been that the Plaintiffs maintain their due process rights and cannot be terminated without the NYCDOE complying with N.Y. Education Law § 3020-a, N.Y. Civil Service Law § 75, or the due process mechanisms in the collective bargaining agreements with the Plaintiffs' unions. *See,* **ECF Doc. No. 2-10**, at pages 13-17.

The UFT agrees. *See,* **ECF Doc. No. 35**.

To the extent that the NYCDOE violates the Plaintiffs' due process rights, the Plaintiffs have standing to challenge the NYCDOE's threat to terminate the Plaintiffs without due process.

The UFT, one of the parties to the Award, does not believe that the Award granted to the NYCDOE the authority to terminate the Plaintiffs without due process.  *See,* **ECF Doc. No. 35**, at page 10 (arguing: "While the DOE may believe they have a strong case for the termination of DOE employees who refused to get vaccinated or avail themselves of the alternatives under the Award, process is still due.").

As a result, the Plaintiffs claims with respect to due process is not a challenge to the Award. In fact, the Award states that "all parties retain all legal rights at all times relevant, herein." **ECF Doc. No. 19-1**, at pages 18-19.

Since the UFT, a party to the Award does not believe that the Plaintiffs have lost their due process rights pursuant to the terms of the Award, the Plaintiffs have standing to assert a cause of action against the NYCDOE for violating the Plaintiffs' due process rights.

## CONCLUSION

For the reasons argued in this Memorandum of Law the Court should determine that the Plaintiffs have standing to prosecute this Action.

Dated:  Carle Place, New York
        December 13, 2021

Respectfully submitted

**THE SCHER LAW FIRM, LLP**
*Attorneys for the Plaintiffs*

Austin Graff, Esq.
The Scher Law Firm, LLP
One Old Country Road, Suite 385
Carle Place, New York 11514
(516) 7460-5040

13