UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
NICOLE BROECKER, et al., on behalf of themselves and all other similarly situated employees of the New York City Department of Education,

                                      Plaintiffs,      No. 21 Civ 6387 (KAM)(LB)

      - against -

NEW YORK CITY DEPARTMENT OF EDUCATION, MEISHA PORTER, in her official and individual capacities, UNITED FEDERATION OF TEACHERS, LOCAL 2, AMERICAN FEDERATION OF TEACHERS, AFL-CIO, MICHAEL MULGREW, in his official and individual capacities, JOHN DOE #1-10, in their official and individual capacities; and JANE DOE #1-10 in their official and individual capacities,

                                      Defendants.
------------------------------------------------------------------------ x

**DEFENDANTS NEW YORK CITY DEPARTMENT OF EDUCATION AND MEISHA PORTER'S MEMORANDUM OF LAW CONCERNING PLAINTIFFS' LACK OF STANDING**

                                                **GEORGIA M. PESTANA**
                                                Corporation Counsel of the City of New York
                                                Attorney for Defendants DOE and Porter
                                                100 Church Street
                                                New York, New York 10007

                                       *Of Counsel:*     Andrea O'Connor

# PRELIMINARY STATEMENT

This memorandum of law is submitted by Defendants New York City Department of Education ("DOE") and Meisha Porter (collectively "DOE Defendants"), in opposition to Plaintiffs' Response to the Court's Order to Show Cause Regarding the Plaintiffs' Standing, dated December 13, 2021 ("Plaintiffs' Response"). Despite the conspiratorial musings contained in Plaintiffs' Response, the Impact Arbitration Award was issued to resolve a dispute between the DOE and plaintiffs' collective bargaining representatives—the United Federation of Teachers ("UFT"). Therefore, absent any claimed breach of duty of fair representation, plaintiffs lack standing to challenge the process their union participated in creating.

# STATEMENT OF FACTS

For a full and complete recitation of the facts applicable to this supplemental memorandum of law, DOE Defendants respectfully refer the Court to the Statement of Facts contained in their Memorandum of Law in Opposition to Plaintiffs' Motion for a Preliminary Injunction, dated November 19, 2021. See ECF Dkt. No. 18.

# ARGUMENT

## POINT I

### PLAINTIFFS LACK STANDING TO CHALLENGE THE IMPACT ARBITRATION AWARD

Plaintiff UFT members[1] are challenging their placement on leave without pay ("LWOP"), and the possibility of their separation from employment by DOE, both of which are

---

[1] This memorandum of law is solely addressed to the lack of standing of plaintiff UFT members. As the Court is aware, some plaintiffs are represented by a different union, District Council 37, AFSCME, which is not a party to this action, and which negotiated a separate agreement with the DOE concerning the vaccine mandate.

employment decisions that directly result from the Impact Arbitration Award.  Importantly, the Court has already held in this case that the Impact Arbitration Award is incorporated into Plaintiffs' collective bargaining agreement ("CBA").  See Broecker v. N.Y.C. Dep't of Educ., No. 21-CV-6387, 2021 U.S. Dist. LEXIS 226848, at *18-19 (E.D.N.Y. Nov. 24, 2021).  While much of Plaintiffs' Response is dedicated to revisiting this finding, such efforts are unsuccessful as this determination is now law of the case.

Under the law of the case doctrine, "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages of the same case unless 'cogent and compelling reasons militate otherwise.'"  In re LIBOR-Based Fin. Instruments Antitrust Litig., 27 F. Supp. 3d 447, 473 (S.D.N.Y. 2014) quoting Johnson v. Holder, 564 F.3d 95, 99 (2d Cir. 2009); see also United States v. Tenzer, 213 F.3d 34, 39 (2d Cir. 2000) (explaining that although not binding, law of the case doctrine counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons).  Here, the Court previously found that the Impact Arbitration Agreement has been incorporated into the applicable CBA.  See Broecker, 2021 U.S. Dist. LEXIS 226848, at *18-19.  The arguments set forth in Plaintiffs' Response to the contrary, i.e. that the Impact Arbitration Award was either illegally promulgated or the result of some conspiracy between the DOE and UFT, are duplicative of those asserted by Plaintiffs during the litigation of their preliminary injunction motion—nothing has changed since the Court issued its prior decision.  As such, there is no "cogent and compelling reason" for the Court to revisit its' prior ruling that the Impact Arbitration Award has become part of the CBA covering Plaintiffs.

Similarly, this Court also previously held that Plaintiffs "have been placed on LWOP consistent with [their] CBA[] and the incorporated arbitration award[]." Id.  Thus, it is also law of the case that Plaintiffs' placement on LWOP was pursuant to the arbitration award and, in

turn, the CBA between the DOE and UFT.  Again, Plaintiffs' Response sets forth no cogent or compelling reason for the Court to disturb this finding.

As a result of these rulings, Plaintiffs do not have standing to challenge the Impact Arbitration Award and, consequently, their placement on LWOP.  It is well established that "an individual employee represented by a union [in a labor arbitration] generally does not have standing to challenge an arbitration proceeding to which the union and the employer were the only parties." Katir v. Columbia Univ., 15 F.3d 23, 24-25 (2d Cir. 1994)(per curiam).  The remedy for an individual is to pursue a duty of fair representation claim against his or her union. See Katir, 15 F.3d at 24-25; see also Velasco v. Beth Isr. Med. Ctr., 279 F. Supp. 2d 333, 336 (S.D.N.Y. 2003) (dismissing challenge to arbitration award on standing grounds); Blake v. Potter, 2004 U.S. Dist. LEXIS 6596, at *9 (S.D.N.Y. Apr. 12, 2004) (same).

It is equally well-settled, that "[a] union member has no individual rights under a collective bargaining agreement which he can enforce against his employer except through the union." Berlyn v. Board of Education, 80 A.D.2d 572, 573 (2d Dep't 1981) (citations omitted).  Again, the only exception to this rule is where the employee establishes that the union breached its duty of fair representation. See Sapadin v. Bd. of Educ., 246 A.D.2d 359, 360 (1st Dep't 1998).

In both of these circumstances, the employee is bound to the decisions of the union with regard to negotiations and any resulting arbitration agreement or CBA provision. Plaintiffs, therefore, do not have standing to challenge the terms of the Impact Arbitration Award because their union engaged on their behalf with the City, which resulted in the Impact Arbitration Award. See Matter of Donas v. N.Y. City Dep't of Envtl. Protection, 60 Misc 3d 1221(A), 2018 N.Y. Slip. Op. 51192(U), *12 (Sup. Ct., New York Co. 2018) ("In general, an employee has no standing to initiate an arbitration-related proceeding where the employee is not a signatory to the contract which provides that the union, rather than the individual employees, has the sole right to arbitrate,

and where the union and the government agency, rather than the employee participate in the arbitration."); see also Fleischer v. Barnard Coll., 2021 U.S. App. LEXIS 34226 *11 n. 1 (2d Cir. Nov. 18, 2021) (because a union represented the plaintiff in the arbitration against the defendant, plaintiff lacked standing to challenge the arbitration proceeding directly under the Federal Arbitration Act and could only challenge the arbitration through her claim against the union for breach of its duty of fair representation.).

## POINT II

### PLAINTIFFS' REMAINING ARGUMENTS ARE IRRELEVANT TO THE QUESTION OF STANDING

As detailed above, the Court has already found that the Impact Arbitration Award is incorporated into Plaintiffs' CBA and that Plaintiffs' placement on LWOP was pursuant to the Impact Arbitration Award. See Broecker, 2021 U.S. Dist. LEXIS 226848, at *18-19. It appears as though much of Plaintiffs' Response seeks to attack those rulings rather than address the standing issue. DOE Defendants respectfully submit that, for the reasons set forth below, the Court should reject any attempt to revisit these rulings based on the unpersuasive arguments set forth in the Plaintiffs' Response.

Plaintiffs' Response first argues that the Impact Arbitration Award should – essentially – be nullified because "there was no statutory or contractual authority for the NYCDOE and the UFT to agree to binding arbitration." See Plaintiffs' Response at 6. Specifically, Plaintiffs contend that Civil Service Law Section 209, which is a provision of the Civil Service Law known as the Taylor Law, does not authorize binding arbitration in the circumstances here. Indeed, Plaintiffs argue that the DOE and UFT willfully violated the Taylor Law by proceeding to binding arbitration, which resulted in the Impact Arbitration Award, in furtherance of a "conspiracy" between the DOE Defendants and the UFT to deprive Plaintiffs of their constitutional rights. Id.

In support of this argument, Plaintiffs contend that they have demonstrated that the UFT "acted in concert" with DOE Defendants to deprive them of their rights. Id.

The Impact Arbitration Award was the result of negotiations between the City/DOE and UFT. See Statement of Impasse at Dkt. No. 21-1. Once the negotiations reached an impasse, UFT filed a Declaration of Impasse with the New York State Public Employment Relations Board ("PERB"). Id. PERB accepted this Declaration of Impasse and appointed an arbitrator to attempt to resolve the impasse. See Impact Arbitration Award at 4.

PERB was created by the Public Employees' Fair Employment Act of 1967, commonly referred to as the Taylor Law. PERB's mission includes: the impartial application and enforcement of the Act; the prevention of strikes, protecting the delivery of services to constituents; the protection of the rights of public employees to organize without interference or detriment; the determination of appropriate bargaining units and the direction of the process of representative selection; and issuance of determinations on charges of improper employment practices. See "Who We Are" at https://perb.ny.gov/ last accessed on Dec. 17, 2021. The agency also has the statutory responsibility to provide impasse resolution services. Id.

Thus, in order to accept Plaintiffs' argument that the City and UFT proceeded to binding arbitration in violation of the Taylor Law, the Court would have to accept that PERB – the state agency specifically charged with enforcement of the Taylor Law – knowingly and willfully violated that law by accepting the Declaration of Impasse and appointing an arbitrator to resolve the impasse. There is simply no evidence in the record to support such a fanciful allegation.

Thus, there is no evidence demonstrating that DOE Defendants and the UFT conspired to deprive Plaintiffs of their constitutional rights via the Impact Arbitration Award. To be sure, the Complaint does not even mention the existence of the Impact Arbitration Award let alone allege that the award was somehow the fruit of a far-flung conspiracy between defendants

that necessarily included PERB. As such, Plaintiffs allegations regarding a "conspiracy" are not only unsupported but are also irrelevant to the issue of standing.

Next, Plaintiffs argue that Plaintiffs did not agree to waive their statutory and constitutional rights via the Impact Arbitration Agreement. See Plaintiffs' Response at 7. However, Plaintiffs arguments in support of this contention entirely misconstrue DOE Defendants' arguments as to standing.

Plaintiffs are challenging their placement on LWOP and, potentially, their separation from DOE. However, their placement on LWOP and their projected separation was the result of negotiations between the City and UFT. As such, and as stated above, Plaintiffs have "no individual rights under a collective bargaining agreement which [they] can enforce against [their] employer except through the union." Berlyn, 435 N.Y.S.2d at 794. Further, unions are free to negotiate a departure from statutory schemes, such as Education Law Section 3020-a, on behalf of their members. See 14 Penn Plaza LLC v. Pyett, 556 U.S. 247, 260 (2009). If a union member disagrees with the outcome of a negotiation and resulting agreement, the remedy is for the member to pursue a duty of fair representation claim against his or her union.

DOE Defendants are not arguing that the Impact Arbitration Award somehow requires that all § 1983 claims, such as this one, must be arbitrated via contractual processes and therefore Plaintiffs do not have standing to bring such a claim on any grounds. Rather, it is DOE Defendants' position that Plaintiffs do not have standing to challenge the Impact Arbitration Award and the changes in employment status that directly flow from it.

The cases relied upon in Plaintiffs' Response are inapposite to DOE Defendants' standing argument because they deal with sweeping clauses that require all disputes between an employer and employee be arbitrated. For example, at issue in Fernandez v. Windmill Distrib. Co., 159 F. Supp. 3d 351 (S.D.N.Y. 2016) was a clause in the CBA that contained broad language

6

that required "all disputes" between an employee and the employer be arbitrated via the grievance process contained in the CBA. The Court found that this type of broad clause which requires any and all unidentified disputes to proceed only through arbitration was unenforceable. Id. at 361.

Similarly, in Wright v. Universal Mar. Serv. Corp., 525 U.S. 70 (1998), the Supreme Court examined a clause in a CBA which provided that the CBA "is intended to cover all matters affecting wages, hours, and other terms and conditions of employment." The District Court had dismissed the plaintiff's claims under the Americans with Disabilities Act without prejudice because the plaintiff had failed to pursue the arbitration procedure provided by the CBA and the Fourth Circuit affirmed. The Supreme Court disagreed and held that the broad arbitration clause did not waive a covered employee's rights to pursue federal discrimination claims in federal court. See id. at 81.

Again, DOE Defendants are not arguing that Plaintiffs lack standing to bring any and all § 1983 claims against the DOE as was the position of the employer in Wright and Fernandez. Rather, Plaintiffs lack standing to bring a challenge to the leave and separation procedures set forth in the Impact Arbitration Agreement.

Finally, to the extent Plaintiffs' Response reiterates their arguments with respect to their due process claims, see Plaintiffs' Response at 12-13, DOE Defendants respectfully refer the Court to DOE Defendants' Supplemental Briefing as to the Issue of Vaccination as a Job Requirement at Docket Number 37 for a full recitation of DOE Defendants' arguments in connection with Plaintiffs' procedural due process claim.

**CONCLUSION**

For the foregoing reasons, DOE Defendants respectfully submit that Plaintiffs do not have standing to bring a challenge to the Impact Arbitration Award nor do they have standing to challenge their placement on LWOP.

Dated:   New York, New York
         December 20, 2021

                              GEORGIA M. PESTANA
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants DOE and Porter
                              100 Church Street, Room 2-100
                              New York, New York 10007
                              212-356-4015


                              By: _____/s/_____
                                    Andrea O'Connor
                                    Assistant Corporation Counsel