

January 26, 2022

Alan M. Klinger
Direct Dial: 212.806.5818
aklinger@stroock.com

Hon. Kiyo A. Matsumoto
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     Broecker et al. v. New York City Department of Education, et al., 21-cv-6387

Dear Judge Matsumoto:

We represent defendant United Federation of Teachers, Local 2, AFT, AFL-CIO (the "UFT").
Pursuant to Your Honor's Individual Rule III.B(1), the UFT respectfully requests a pre-motion
conference on and/or leave to file a motion to move to dismiss the Amended Complaint in its
entirety as to the UFT under FRCP 12(b)(6).

This matter is a putative class action, and one of multiple cases seeking to challenge New York
City's various COVID-19 vaccine mandates for public employees. As the Court may recall from
earlier papers, the UFT itself, together with other unions, unsuccessfully challenged the same
mandate on behalf of its members in state court. Plaintiffs' allegations that the UFT violated—or
conspired to violate—their civil rights in this regard are purely conclusory, baseless and, as set
forth below and as will be fully briefed, fail as a matter of law.

Plaintiffs seek damages from the UFT under 42 U.S.C. § 1983 on the grounds that the UFT either
"conspired" with or "aided and abetted" a conspiracy by the New York City Department of
Education ("DOE") and a widely-respected arbitrator, Martin F. Scheinman, to deprive Plaintiffs
of due process rights protected by the Fourteenth Amendment, state law, and applicable collective
bargaining agreements ("CBAs"). The UFT allegedly did so by participating first in mediation and
then in binding arbitration to resolve a bargaining impasses. This arbitration resulted in a binding
award issued on September 10, 2021[1] (the "Award"). Plaintiffs also seek a declaratory judgment
that the Award was "promulgated" without statutory or contractual authority and thus violated
their due process rights, and injunctive relief against any adverse action pursuant to the Award.

These allegations of conspiracy are patently false, but even if all reasonable inferences are drawn
in Plaintiffs' favor, their allegations fail as a matter of law. Private actors like the UFT[2] are liable

---

[1] See Bd of Educ. of the City School District of the City of New York and UFT, Local 2, AFT, AFT-CIO (Impact
Bargaining), Arbitration Award (Sept. 10, 2021), Klinger Declaration in Opposition to Emergency Motion, Ex. D.
(dkt# 21).
[2] New York courts have consistently held that public employee unions like the UFT are not state actors. See Callaghan
v. United Fed'n of Teachers, 133 A.D.3d 412, 412 (1st Dep't 2015).

STROOCK & STROOCK & LAVAN LLP  New York · Los Angeles · Miami · Washington, DC
180 Maiden Lane, New York, NY 10038-4982 · T. 212.806.5400 · F. 212.806.6006 · www.stroock.com

January 26, 2022

under 42 U.S.C. § 1983 *only* if they are acting under color of state law, such as by being a "willful participant in joint activity with the State or its agents."[3] See Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (internal citations omitted). However, "a merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." Id. Allegations of conspiracy based on adversarial actions by the private defendant against a state defendant "ring especially hollow." Id. Where, as here, a private defendant is a labor union, negotiating with a public employer is considered an adversarial action. See, e.g., McGovern v. Local 456, Int'l Bhd. of Teamsters, Chauffeurs & Warehousemen & Helpers of Am., 107 F. Supp. 2d 311 (S.D.N.Y. 2000) (negotiation of CBA held not collusive). This is true even where some union members are dissatisfied with the result of negotiations. Id. at 318 ("The Union's failure to 'win' on every point…and its compromise with the County result[ing] in the agreement, do not…transform the Union's activity into state action.").

Contrary to Plaintiffs' allegations, the negotiations and arbitration which produced the Award do not constitute evidence of a conspiracy; they are evidence of adversity. The UFT has protected the interests of its members—including those who choose not to become vaccinated—throughout the pandemic, challenging the mandates and their implementation in both adversarial negotiations and in court: in fact, the UFT was part of the initial suit that compelled the City to consider medical and religious accommodation requests which the City initially had declined to do. Plaintiffs make nothing but conclusory allegations that the UFT's actions towards the DOE constitute a conspiracy. The notion that submitting an adversarial dispute to a mediator under the auspices of New York's Taylor Law (who by definition is called to help resolve a dispute) or an arbitrator results in an actionable conspiracy under § 1983 would render essentially all public sector labor relations actions evidence of a conspiracy. But that is not the law, and Plaintiffs therefore have no claim.

Moreover, contrary to Plaintiffs' assertions, the Award is unquestionably valid as a matter of law.[4] Parties do not need to seek permission before voluntarily arbitrating disputes, and there is no prohibition on mutually agreeing to move to binding arbitration under the Taylor Law whether after a declaration of impasse or in the absence of one. See generally Civil Service Law § 209. This is in keeping with the Taylor Law's policy of "encourag[ing the] voluntary resolution of labor disputes involving public employees." Matter of Alden Cent. Sch. Dist. v. Watson, 56 A.D.2d 713, 713 (4th Dep't 1977). The Taylor Law is administered by the New York Public Employment Relations Board (PERB), whose decisions and interpretation of their statute should be accorded deference. Newburgh v. Pub. Emp. Rels. Bd., 97 A.D.2d 258, 260 (3d Dep't 1983), aff'd 63 N.Y.2d 793 (1984). PERB found that the parties were at impasse in negotiations, appointed a mediator, and then permitted the UFT and the DOE to voluntarily move to arbitration. This Court, too, has recognized that, under the Taylor Law, parties may agree to move to binding impasse

---

[3] The UFT also does not perform a traditional state function, or have a symbiotic relationship or close nexus with the DOE, the other tests for the treatment of private action as state action under § 1983.

[4] Similarly, there is no contractual prohibition on moving to binding impasse arbitration: Plaintiffs seemingly conflate the limited authority of a grievance arbitrator under Article 22.C of the UFT-DOE CBA with the authority of an arbitrator empowered to make decisions to resolve contentious bargaining, which is not limited by the CBA.

January 26, 2022

arbitration rather than follow PERB's procedure. <u>See</u>, <u>e.g.</u>, <u>Margiotta v. Kaye</u>, 283 F. Supp. 2d 857, 860 (E.D.N.Y. 2003).

As the Award is valid, Plaintiffs' claims that they have been injured by the UFT's adherence to the binding Award fail as a matter of law. Plaintiffs' property interests in their employment are defined by applicable state law and/or contract. <u>See</u> <u>Bd. of Regents v. Roth</u>, 408 U.S. 564, 577 (1972). The UFT's CBAs with the DOE were modified by the Award, the terms of which are incorporated into the CBAs by law and which supersede provisions to the contrary. <u>See</u> <u>Town of Southampton v. N.Y. State Pub. Empl. Rels. Bd.</u>, 2 N.Y.3d 513, 523 (2004). Accordingly, any claims regarding placement on leave without pay must be measured against Plaintiffs' rights under the CBAs as amended by the Award.

The UFT maintains that Plaintiffs retain their due process rights prior to termination pursuant to Education Law § 3020-a, Civil Service Law § 75, and/or their CBAs. As such, any claims regarding anticipated termination are misplaced as against the UFT. If the DOE moves to terminate Plaintiffs or other DOE employees without process the UFT will oppose such action. Thus, there is no claim against the UFT on this basis. The other claims asserted by Plaintiffs either fail to state a claim, fail to support their claim under 42 U.S.C. § 1983, or are not directed at the UFT.

Upon consultation with counsel, the UFT consents to the DOE Defendants' proposed schedule, with moving papers due March 2nd, opposition on March 30th and replies, if any, April 13th. Plaintiffs have not consented to this schedule. We also note that the Amended Complaint added new defendants, which, to our knowledge have not yet been served and may ultimately also wish to file motions to dismiss.


Respectfully submitted,


 /s/ ALAN M. KLINGER
STROOCK & STROOCK & LAVAN LLP
Alan M. Klinger, Esq.
180 Maiden Lane
New York, New York 10038
(212) 806-5400
aklinger@stroock.com

*Co-counsel for Defendant UFT*

CC: all counsel of record