# THE SCHER LAW FIRM, LLP

ONE OLD COUNTRY ROAD, SUITE 385
CARLE PLACE, NY 11514

MARTIN H. SCHER*
JONATHAN L. SCHER**

AUSTIN R. GRAFF*

TEL: 516-746-5040

FAX: 516-746-5043

W. SCOTT KERSHAW
COUNSEL

MICHAEL SCHILLINGER
COUNSEL

ROLAND P. BRINT
COUNSEL

ADAM GANG
COUNSEL

ROBERT S. NAYBERG
(1959-2012)

* Also Admitted in District of Columbia
** Also Admitted in New Jersey

February 4, 2022

**BY ECF**
Honorable Kiyo A. Matsumoto, U.S.D.J.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Broecker, *et al.* v. New York City Department of Education, *et al.*
            Docket No. 21-CV-06387-KAM-LB

Dear Judge Matsumoto:

    This law firm represents all of the Plaintiffs, in the above-referenced Action. This letter shall serve as the Plaintiffs' pre-motion conference letter for permission to make a Motion, by Order to Show Cause seeking a Temporary Restraining Order and a Preliminary Injunction enjoining the New York City Department of Education ("NYCDOE") from terminating the Plaintiffs without due process.

    A review of the Court's Individual Rules, it was unclear whether the Plaintiffs need to request a pre-motion conference to make an emergency application. In an abundance of caution, the Plaintiffs file the within letter to comply with the Court's Individual Rules.

    On January 31, 2022, many of the Plaintiffs, those Plaintiffs who have not selected to be placed on Leave Without Pay until September 2022 or who have no accommodation requests pending, received notice that effective February 11, 2022 they will be terminated from their employment with the NYCDOE.

    The NYCDOE states that the COVID-19 vaccine mandate is a condition of employment and since the Plaintiffs have not met the condition, they are being terminated. As will be discussed in our Motion, in order for a condition of employment to be created it must either be pursuant to N.Y. Education Law § 2572.9 that sets forth the process for a City school district to create a new qualification for employment or through mandatory negotiations pursuant to the Taylor Law (*see,* N.Y. Civil Service Law § 201.4. defining "terms and conditions of employment").

    The NYCDOE has failed to comply with the procedure set forth in the Education Law or reached agreement with its unions to create a new condition of employment.

As a result, the NYCDOE's unilateral statement that the COVID-19 vaccine is a condition of employment is unsupported by any authority. In fact, the only authority relied upon for the NYCDOE's actions is the Commissioner of Health's Order imposing a COVID-19 vaccine mandate, but the language of the Commissioner's Order does not state that the vaccine is a condition of employment. It only limits where a person without a vaccine can go (*i.e.*, school property).

As was previously briefed to this Court (**Docket Entry Nos. 34 through 39**), the NYCDOE does not have the authority to unilaterally terminate the Plaintiffs without providing the Plaintiffs due process, yet the NYCDOE has done so.

As will be addressed at length in the Plaintiffs' Motion that they request permission to make, the NYCDOE's unilateral action violates the Plaintiffs' 14th Amendment right to due process. The Court should impose a Temporary Restraining Order and ultimately a Preliminary Injunction enjoining the NYCDOE from terminating the Plaintiffs without due process.

As this Court stated in its November 24, 2021 Memorandum and Order in this Action:

> Plaintiffs will be afforded the processes required by the applicable CBA and the Impact Arbitration Award when and if the NYC DOE seeks separation, undermining Plaintiffs' arguments that they will be terminated in violation of their constitutional right to due process without a post-deprivation hearing. The Court does not disagree that Plaintiffs, as public employees under the NYC DOE, have a protected property interest in their continued employment, and it appears neither do Defendants. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538, 105 S. Ct. 1487, 1491 (1985) (property interests are not created by the Constitution, "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law....") (internal citations omitted).

**Docket Entry No. 33**, at page 18.

The NYCDOE has provided notice that it is terminating the Plaintiffs effective February 11, 2022 without providing the Plaintiffs due process, through violating the Plaintiff's protected property interest in their continued employment.

Accordingly, the Court should grant the Plaintiffs permission to file a Motion by Order to Show Cause to seek a Temporary Restraining Order and a Preliminary Injunction to enjoin the Plaintiffs' terminations.

Very truly yours,
THE SCHER LAW FIRM, LLP

Austin Graff

cc: Counsel of Record (by ECF)