| | | | |
|---|---|---|---|
| Alfred P. Vigorito | Charles K. Faillace ± | | Theresa A. Bohm |
| John W. Barker | Jerry Giardina | | Angela R. Bonica * |
| Gary W. Patterson, Jr.* | Danielle M. Hansen | | Lindsey T. Brown |
| Jeffrey R. Nichols* | Anna Hock | | Matthew M. Califano † |
| Mamie Stathatos-Fulgieri | Thomas Jaffa | | Patricia M. Comblo ∷ ± |
| Scott A. Singer | Gemma Kenney *** | | Brian DiPentima* |
| Gregg D. Weinstock*** ■ ∷ | Ruth Bogatyrow Kraft | | Michael P. Diven * ** ∷ |
| Kiki Chrisomallides* | Douglas Langholz | | Tyler M. Fiorillo |
| Kevin D. Porter | Megan A. Lawless‡ | | Lauren P. Ingvoldstad† |
| Susan Vari | Guy A. Lawrence | | Rani B. Kulkarni |
| | Timothy P. Lewis -- | | Nicole E. Martone |
| Edward J. Arevalo | Neil Mascolo, Jr. | | Daniel O'Connell * ■ |
| Graig R. Avino* | Adonaid Medina* | | Brian C. Pearn |
| Michael J. Battiste | Ralph Vincent Morales | | Andres J. Sanchez |
| Robert Boccio | Carolyn Rankin | | Kathleen M. Thompson |
| Dylan Braverman | Miles S. Reiner | | Claudine Travers |
| Thomas Brennan ■ | Bhalinder L. Rikhye | | Alexandra Zerrillo * ** ∷ |
| Dawn Bristol | Tammy A. Trees | | Erica B. Zilber * |
| Kenneth J. Burford | Christopher Whitton | | |
| Gilbert H. Choi | Julia F. Wilcox ∷∷ | | |
| Joshua R. Cohen | Nicole R. Wittman | | |
| Adam S. Covitt | Arthur I. Yankowitz** | | |

*Of Counsel*
Margaret Antonino* ■
Josie M. Conelley
Roseann V. Driscoll
Mary M. Holupka
Joseph P. Muscarella
Seema Palmerson
Nicole C. Salerno *
Valerie L. Siragusa
Diana V. Solla
Karolina Wiaderna

\* Also Admitted to Practice in NJ
\*\* Also Admitted to Practice in CT
\*\*\* Also Admitted to Practice in NJ, CT, DC
-- Admitted to Practice in Florida
■ Also Admitted to Practice in FL
‡ Also Admitted to Practice in NJ and PA
± Also Admitted to Practice in MA
Δ Also Admitted to Practice in AZ, CA and NJ
∷ Admitted to Practice in CO
† Admission Pending



February 7, 2022

Hon. Kiyo A. Matsumoto
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    Broecker et al., v. Scheinman Arbitration et al
              Docket No.: 21-cv-6387
              VBPNP File No.: 72-066

Dear Judge Matsumoto:

      In response to Your Honor's Order dated February 4, 2022, Defendants Martin F. Scheinman, Scheinman Arbitration and Mediation Services, and Scheinman Arbitration and Mediation Services, LLC (hereinafter "Scheinman Defendants") respectfully request that Plaintiffs' request for a pre-motion conference be denied.

      Plaintiffs claim that "the NYCDOE has provided notice that it is terminating the Plaintiffs effective February 11, 2022" (Docket No. 72) and therefore request permission to file a Motion seeking a Temporary Restraining Order (hereinafter "TRO") and a Preliminary Injunction (hereinafter "PI"). For the reasons set below, Plaintiffs request should be denied as Plaintiffs entirely failed to establish irreparable harm which is a *sine qua non* of the relief sought.

      Briefly, a party seeking a preliminary injunction or temporary restraining order "must ... show a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest." *Clapper*, 804 F.3d at 622 (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)). The burden on the moving party is even higher where a party seeks a mandatory injunction—that is, an injunction commanding a positive act, as opposed to one that merely maintains the status quo. The Second Circuit has instructed that a mandatory injunction "should issue 'only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.' " *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995) (quoting *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985)).

The showing of irreparable harm is "[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction," *Bell & Howell: Mamiya Co. v. Masel Supply Co.,* 719 F.2d 42, 45 (2d Cir.1983), and the moving party must show that injury is likely before the other requirements for an injunction will be considered. *See Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir.1999) (per curiam). To establish irreparable harm, a party seeking preliminary injunctive relief must show that "there is a continuing harm which cannot be adequately redressed by final relief on the merits" and for which "money damages cannot provide adequate compensation." *N.Y. Pathological & X–Ray Labs., Inc. v. INS*, 523 F.2d 79, 81 (2d Cir.1975); *see also Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002)

In their application, Plaintiffs failed to show that "money damages cannot provide adequate compensation" that for their termination or that the claimed harm which cannot be adequately redressed by final relief on the merits. As Plaintiffs did not claim that an irreparable harm would ensue, their request for the TRO and PI has no merit and should be denied.

        Respectfully submitted,
        *Karolina Wiaderna*
        Karolina Wiaderna

cc:     all counsel of record