UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NICOLE BROECKER, *et al.*, on behalf of
themselves and all other similarly situated
employees of the New York City Department of
Education,

                            Plaintiffs,

**INDEX NO. 21-cv-6387**

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, *et al.*,

                         Defendants.
-------------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFFS'
MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY
INJUNCTION**

THE SCHER LAW FIRM, LLP
One Old Country Road, Suite 385
Carle Place, New York 11514
(516) 746-5040

**TABLE OF CONTENTS**

TABLE OF CONTENTS .................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................... 1

POINT I.    STANDARD OF REVIEW FOR A PRELIMINARY INJUNCTION....................................................................................... 2

   A.   Irreparable Harm.................................................................................... 4

   B.   Clear Showing Of Entitlement To Relief .......................................... 6

POINT II.   COH HAS NO LEGAL AUTHORITY TO CREATE A CONDITION OF EMPLOYMENT FOR THE EMPLOYEES OF THE NYCDOE ..................................................... 7

POINT III.  THE PLAINTIFFS' DUE PROCESS RIGHTS REGARDING FITNESS FOR DUTY HAVE BEEN VIOLATED ........................................................................................... 11

POINT IV.  NYCDOE IS VIOLATING THE PLAINTIFFS' PROCEDURAL DUE PROCESS RIGHTS......................................... 12

   A.   Tenured Principals, Tenured Assistant Principals, and Tenured Teachers............................................................................................... 13

   B.   NYDOE's Civil Service Employees With N.Y. Civil Service Law § 75 Rights................................................................................................ 14

   C.   NYCDOE Employees Entitled To Hearings Pursuant To Collective Bargaining Agreements ..................................................................... 15

CONCLUSION.............................................................................................................. 17

## TABLE OF AUTHORITIES

**Cases**

*Bd. of Educ. of City Sch. Dist. v NY State Pub. Empl. Relations Bd.*, 75 N.Y.2d 660, 667 (1990) ............................................................................................................. 6

*Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir 1985) .......................................... 3

*Brewer v. W. Irondequoit Cent. Sch. Dist.*, 212 F.3d 738, 743-744 (2d Cir 2000) .................................................................................................................................. 3

*BST Holdings, L.L.C. v OSHA*, 2021 U.S. App. LEXIS 33698, at *24 (5th Cir 2021) ............................................................................................................................. 4

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) .......................... 13, 16

*Communications Workers of Am., Dist. One v Nynex Corp.*, 898 F2d 887, 891 (2d Cir 1990) ................................................................................................................. 5

*Dwyer v. Regan*, 777 F.2d 825, 831 (2d Cir 1985) ....................................................... 15

*Evans v Newman*, 71 A.D.2d 240, 243 (3d Dept 1979) ................................................... 6

*Feds v Biden*, 2022 US Dist LEXIS 11145, at *10 (S.D. Tex 2022) ...................... 4, 12

*Golden v Kelsey-Hayes Co.*, 845 F.Supp. 410, 415-416 (E.D. Mich. 1994) ................. 5

*Jackson v. Roslyn Bd. of Educ.*, 652 F.Supp.2d 332, 343 (E.D.N.Y. 2009) ................ 15

*Kane v De Blasio*, 2021 U.S. App. LEXIS 35102, at *26, n 18 (2d Cir 2021) ................................................................................................................................. 4

*Newman v. Bd. of Educ.*, 594 F.2d 299, 304 (2d Cir 1979) ......................................... 12

*Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577 (2d Cir 1989) ............................. 2, 3

*S & D Maintenance Co. v. Goldin*, 844 F.2d 962, 967 (2d Cir. 1988) ......................... 15

*Shaffer v. Schenectady City Sch. Dist.*, 245 F.3d 41, 44 (2d Cir 2001) ...................... 13

*Shaul v. Cherry Val.-Springfield Cent. Sch. Dist.*, 218 F.Supp.2d 266, 271 (N.D.N.Y. 2002) .............................................................................................................. 14

*Strong v. Bd. of Educ. of Uniondale Union Free Sch. Dist.*, 902 F.2d 208,
211 (2d Cir 1990)..............................................................................................................14

*Whelan v Colgan*, 602 F.2d 1060, 1062 (2d Cir 1979)................................................5

**Statutes**

N.Y. Civil Service Law § 75.1. ....................................................................................14

N.Y. Education Law § 2568 ..........................................................................................11

N.Y. Education Law § 913 ............................................................................................12

**Other Authorities**

https://nypost.com/2021/12/25/doe-skips-deadline-to-suspend-employees-
who-havent-shown-proof-of-second-vax/ (visited January 27, 2022)........................11

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted by the Plaintiffs and all others similarly situated in this Action in support of their Motion, on an emergency basis, for a Temporary Restraining Order and Preliminary Injunction, enjoining the Defendant NEW YORK CITY DEPARTMENT OF EDUCATION ("NYCDOE") from violating the Plaintiffs' due process.

On January 31, 2022, the Plaintiffs who did not comply with the COVID-19 vaccination mandate order issued by the Commissioner of New York City Department of Health and Mental Hygiene ("COH") or submit an extension request for a leave of absence without pay received an email stating that his/her "employment with the New York City Department of Education is terminated, effective February 11, 2022." **Exhibit A**, copies of the exact, generic, termination notice received by the Plaintiffs.

The Plaintiffs who have received termination notices are a tenured Assistant Principal, tenured teachers, school social workers, para professionals, and parent coordinator. All of these employees of the NYCDOE have tenure rights pursuant to N.Y. Education Law § 3020-a or rights pursuant to N.Y. Civil Service Law § 75 or rights pursuant to a collective bargaining agreement that entitle them to charges and a hearing before being terminated.

The NYCDOE couches the COH Order requiring a COVID-19 vaccine as a "condition of employment". **Exhibit A**. However, as discussed at length in this Memorandum of Law, the NYCDOE failed to take the necessary statutory steps to create a new condition of employment and therefore, the NYCDOE's unilateral pronouncement that the COH Order is a condition of employment fails as a matter of law.

This Court was told by the NYCDOE and the Court stated in its prior ruling on the Plaintiffs' application for a preliminary injunction:

> Plaintiffs will be afforded the processes required by the applicable
> CBA and the Impact Arbitration Award when and if the NYC DOE
> seeks separation, undermining Plaintiffs' arguments that they will

> be terminated in violation of their constitutional right to due process
> without a post-deprivation hearing. The Court does not disagree that
> Plaintiffs, as public employees under the NYC DOE, have a
> protected property interest in their continued employment, and it
> appears neither do Defendants. See Cleveland Bd. of Educ. v.
> Loudermill, 470 U.S. 532, 538, 105 S. Ct. 1487, 1491 (1985)
> (property interests are not created by the Constitution, "they are
> created and their dimensions are defined by existing rules or
> understandings that stem from an independent source such as state
> law....") (internal citations omitted).

**Docket Entry No. 33**, at page 18.

The NYCDOE has acted in contradiction to the representation made to the Court prior to the Court's decision on the Plaintiffs' application for a preliminary injunction. The NYCDOE has terminated the Plaintiffs' employment without any due process.

If the sole source of authority to terminate the Plaintiff's employment, the COH Order, is not a condition of employment, the NYCDOE has no legal authority to terminate the Plaintiffs without due process.

Accordingly, this Court should hold that the NYCDOE's statement that the DOH Order imposes a new condition of employment upon the employees of the NYCDOE to be improper as a matter of law and should grant the Plaintiffs a Temporary Restraining Order and ultimately a Preliminary Injunction barring the NYCDOE from unilaterally terminating the Plaintiffs without due process.

**POINT I.   STANDARD OF REVIEW FOR A PRELIMINARY INJUNCTION**

The Second Circuit has set forth two standards of review for a District Court to analyze whether an injunction should issue.  Both standards come from the Court's decision in *Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577 (2d Cir 1989).

The first standard states that

> [i]n general, the district court may grant a preliminary injunction if the moving party establishes (1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.

*Plaza Health Labs., Inc. v. Perales*, 878 F.2d at 580.

The second standard states that

> where the moving party seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme, the district court should not apply the less rigorous fair-ground-for-litigation standard and should not grant the injunction unless the moving party establishes, along with irreparable injury, a likelihood that he will succeed on the merits of his claim.

*Plaza Health Labs., Inc. v. Perales*, 878 F.2d at 580.

In *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir 1985), the Court held

> [w]here such is the case, an injunction is often deemed mandatory, rather than prohibitory, and a greater showing is required of the moving party. *See Jacobson & Co. v. Armstrong Cork Co.*, 548 F.2d 438, 441 (2d Cir. 1977). In these circumstances, we have held that an injunction should issue "only upon a clear showing that the moving party is entitled to the relief requested," *Flintkote Co. v. Blumenthal*, 469 F. Supp. 115, 125-26 (N.D.N.Y.), *aff'd*, 596 F.2d 51 (2d Cir. 1979), or where "extreme or very serious damage will result" from a denial of preliminary relief, *Clune v. Publishers' Ass'n*, 214 F. Supp. 520, 531 (S.D.N.Y.), *aff'd*, 314 F.2d 343 (2d Cir. 1963). In sum, we have shown "greater reluctance to issue a mandatory injunction than a prohibitory injunction." *Hurley v. Toia*, 432 F. Supp. 1170, 1175 (S.D.N.Y.), *aff'd mem.*, 573 F.2d 1291 (2d Cir. 1977).

In *Brewer v. W. Irondequoit Cent. Sch. Dist.*, 212 F.3d 738, 743-744 (2d Cir 2000), the Court held

[i]n most cases, a party seeking a preliminary injunction must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor. *See Forest City Daly Hous., Inc. v. Town of North Hempstead,* 175 F.3d 144, 149 (2d Cir. 1999). In some cases, a significantly higher standard applies. The moving party must make a "clear" or "substantial" showing of a likelihood of success in two instances: where (1) the injunction sought is mandatory, i.e., "will alter, rather than maintain, the status quo"; or (2) the injunction sought "will provide the movant with substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits." *Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir. 1996) (internal quotation marks omitted).

The Plaintiffs can meet their heavy burden in this Motion.

## A.     Irreparable Harm

Since the Court's ruling in this Action denying the Plaintiffs' preliminary injunction to restore the Plaintiffs to payroll (**Docket Entry No. 33**), the choice between one's job(s) and their jab(s) has been determined to be an irreparable injury. *See, BST Holdings, L.L.C. v OSHA*, 2021 U.S. App. LEXIS 33698, at *24 (5th Cir 2021) (holding "the Mandate threatens to substantially burden the liberty interests of reluctant individual recipients put to a choice between their job(s) and their jab(s). For the individual petitioners, the loss of constitutional freedoms "for even minimal periods of time . . . unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.").).

In *Feds v Biden*, 2022 US Dist LEXIS 11145, at *10 (S.D. Tex 2022), the Court held that "the choice between one's "job(s) and their jab(s)" is an irreparable injury."

The Second Circuit in *Kane v De Blasio*, 2021 U.S. App. LEXIS 35102, at *26, n 18 (2d Cir 2021) (emphasis in original) recognized that the loss of employment does not *usually* constitute irreparable injury, the Court cited to *BST Holdings, LLC* for the proposition that irreparable harm

can be found where reluctant recipients were put to a choice between their job(s) and their jab(s). The citation to *BST Holdings, LLC* by the Second Circuit raises the specter that in this Circuit, the choice between a job and a jab is irreparable harm.

In this case, the Plaintiffs are being forced to choose between their job and a jab (vaccine) and are being told that because they did not choose a jab (vaccine), they are losing their job, without due process, which they are entitled to as tenured employees (or have due process pursuant to a collective bargaining agreement) of the NYCDOE.

In addition, in *Communications Workers of Am., Dist. One v Nynex Corp.,* 898 F2d 887, 891 (2d Cir 1990), the Court held "the threat of termination of medical benefits to striking workers has been held to constitute irreparable harm."

In *Whelan v Colgan*, 602 F.2d 1060, 1062 (2d Cir 1979), "the threatened termination of benefits such as medical coverage for workers and their families obviously raised the spectre of irreparable injury."

In *Golden v Kelsey-Hayes Co.*, 845 F.Supp. 410, 415-416 (E.D. Mich. 1994), the Court opined that "[n]umerous courts have found that reductions in retiree insurance coverage constitute irreparable harm, meriting a preliminary injunction...."

As discussed in the Declaration of James Hoffman, executed on the 4th day of February 2022, the Declaration of Nathalie Charles, executed on the 4th day of February 2022, Declaration of Serena Mendez, executed on the 4th day of February 2022, the Declaration of Tara Palladino, executed on the 7th day of February 2022, the loss of medical benefits will result in irreparable harm to the Plaintiffs.

Accordingly, the Plaintiffs can show irreparable injury.

**B.      Clear Showing Of Entitlement To Relief**

As this Court opined: "[t]he Court does not disagree that Plaintiffs, as public employees under the NYC DOE, have a protected property interest in their continued employment, and it appears neither do Defendants." **Docket Entry No. 33**, at page 18.

Yet, the NYCDOE has decided to ignore the fact that the Plaintiffs, as public employees, have a protected property interest in their continued employment and has decided to terminate the Plaintiffs without affording them due process.

As discussed at Point II below, the COH has no statutory or administrative authority to impose a new condition of employment upon NYCDOE employees. Pursuant to N.Y. Education Law § 2573.9. only a City's Board of Education, or in the case of the NYCDOE, the Panel for Educational Policy, can impose a new qualification for employment in a City school district. There is no evidence that the NYCDOE's Panel for Educational Policy adopted a resolution imposing a COVID-19 vaccine as a qualification for employment with the NYCDOE as authorized by N.Y. Education Law § 2573.9.

Additionally, N.Y. Civil Service Law requires that all terms and conditions of employment for a public employer are mandatory subjects of bargaining. *See, Bd. of Educ. of City Sch. Dist. v NY State Pub. Empl. Relations Bd.*, 75 N.Y.2d 660, 667 (1990); *Evans v Newman*, 71 A.D.2d 240, 243 (3d Dept 1979).

Since the UFT has argued before this Court that it does not agree that the COVID-19 vaccine is a condition of employment and before a member of the UFT can be terminated the NYCDOE must comply with N.Y. Education Law § 3020-a (*see,* **Docket Entry No. 35**), the NYCDOE failed to comply with the Taylor Law and negotiate a new condition of employment.

Accordingly, the NYCDOE's unilateral pronouncement that the COVID-19 vaccine is a new condition of employment is unsupported by the law. The NYCDOE has no legal authority to

create a new condition out of whole cloth without complying with either the N.Y. Education Law or N.Y. Civil Service Law.

The NYCDOE cannot infringe or violate the Plaintiffs' due process rights by calling the COVID-19 vaccine a condition of employment.

As a result, the Plaintiffs have a high likelihood of success that they will defeat the NYCDOE's argument that the COVID-19 vaccine is a condition of employment to be employed by the NYCDOE.

************

The Plaintiffs are seeking affirmative relief injunction (or mandatory injunction), seeking to alter the status quo, restoring the Plaintiffs to their employment and altering the NYCDOE's effective date for the termination of the Plaintiff from their employment.

Here, the Plaintiffs are asking for a mandatory injunction, seeking to be restored to their employment, since the NYCDOE improperly, illegally, and unconstitutionally have terminated them without due process.

Since the Plaintiffs can set forth a clear and unambiguous violation of their constitutional rights, the Court should grant the Plaintiffs both (1) a mandatory injunction, reinstating the Plaintiff's employment, and (2) a prohibitory injunction barring the NYCDOE from terminating the Plaintiffs without due process.

Accordingly, the Plaintiffs' requested relief should be granted.

**POINT II.    COH HAS NO LEGAL AUTHORITY TO CREATE A CONDITION OF EMPLOYMENT FOR THE EMPLOYEES OF THE NYCDOE**

The COH's Order does not state that the COVID-19 vaccine is a condition of employment to be employed by the NYCDOE. *See,* **Docket Entry No. 47-7**. The NYCDOE is taking the

extraordinary step of creating a "condition of employment" out of whole cloth. There is no basis in law or fact to create such a condition of employment.[1]

Even if the NYCDOE is correct that the COVID-19 vaccine is a condition of employment, it does not abrogate the Plaintiffs' due process rights and permit the NYCDOE to violate the Plaintiffs' protected property interest in their continued employment.

### A.    N.Y. Education Law § 2573.9. Requires A Vote Of The Board Of Education To Impose A New Job Qualification

N.Y. Education Law and its implementing regulations set the qualifications for administrators, teachers, social workers, and other employees of the NYCDOE. *See, e.g.,* N.Y. Education Law § 3001; 8 N.Y.C.R.R § 80-2.4.

However, the NYCDOE is not required to limit itself to State-imposed qualifications and may set additional qualifications for those employed by the NYCDOE.

N.Y. Education Law § 2573.9. authorizes "a board of education may prescribe additional or higher qualifications for the persons employed in" the positions of principal, supervisor, director or teacher appointed to the teaching force of a city.

While the NYCDOE is not governed by a Board of Education, but by a Panel for Educational Policy (*see,* https://www.schools.nyc.gov/about-us/leadership/panel-for-education-policy/pep-bylaws (visited January 26, 2022)), there is no evidence, and the Defendants have never argued that the Panel for Educational Policy has adopted a resolution establishing that a COVID-19 vaccine is a qualification of employment for the NYCDOE.

---

[1] The NYCDOE is likely to rely upon three New York State Supreme Court cases that held that the vaccine is a condition of employment. *See, Lanzer v. BOE, et al.,* Index No. 160017/21 (N.Y. Sup. N.Y. County); *Romero v. BOE, et al.,* Index No. 160353/21 (N.Y. Sup., N.Y. County); *O'Reilly v. BOE, et al.* Index No. 161040/21 (N.Y. Sup., N.Y. County). The Courts in these cases did not set forth the basis for its decision, whether a statute, an exhibit to the Motion, or a prior Court's decision. The Plaintiffs are requesting this Court to determine that the NYCDOE does not have the authority to create a new condition of employment without complying with N.Y. Education Law and/or make it a mandatory subject of negotiation with the unions pursuant to the Taylor Law. The State Court decisions do not consider these issues and therefore are binding upon this Court's determination in this Action.

There is no evidence that the NYCDOE's Panel for Education Panel adopted a resolution that established that a qualification for employment with the NYCDOE is being vaccinated from COVID-19, pursuant to N.Y. Education Law § 2573.9.

Absent a resolution of the Panel for Educational Policy, the NYCDOE has failed to comply with N.Y. Education Law § 2573.9. and therefore, a COVID-19 vaccine is not a qualification for employment with the NYCDOE.

**B.      N.Y. Civil Service Law § 201.4. Defines Terms And Conditions Of Employment And Makes Changes To Terms And Conditions Of Employment A Mandatory Subject Of Negotiation, Which Has Not Occurred**

N.Y. Civil Service Law § 201.4. defines "terms and conditions of employment" to include "salaries, wages, hours, and other terms and conditions of employment." *See,* N.Y. Civil Service Law § 201.4.

"Pursuant to article 14 [of the Civil Service Law (Taylor Law)], an employer is required to negotiate terms and conditions of employment." *Evans v Newman*, 71 A.D.2d 240, 243 (3d Dept 1979).

"The obligation under the Taylor Law to bargain as to all terms and conditions of employment is a 'strong and sweeping policy of the State' (*Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774, 778; *Board of Educ. v Associated Teachers*, 30 NY2d 122, 129)." *Bd. of Educ. of City Sch. Dist. v NY State Pub. Empl. Relations Bd.*, 75 N.Y.2d at 667.

It is clear that based upon the position of the UFT (**Docket Entry No. 35**), which supports the Plaintiffs' position that the NYCDOE must employ N.Y. Education Law § 3020-a, Civil Service Law § 75 and/or collective bargaining agreement due process procedures before the NYCDOE disciplines the Plaintiffs, that the NYCDOE has failed to negotiate and reach resolution with the UFT on whether the COVID-19 vaccine mandate is a condition of employment as that phrase is defined in N.Y. Civil Service law § 201.4.

Without an agreement on a mandatory subject of negotiation, the NYCDOE cannot simply implement it without violating the Taylor Law. *See, Bd. of Educ. of City Sch. Dist. v NY State Pub. Empl. Relations Bd.*, 75 N.Y.2d at 667.

Accordingly, the NYCDOE has failed to comply with the N.Y. Civil Service Law before it unilaterally declared the COH Order is a condition of employment for all NYCDOE employees. As a result, the NYCDOE's unilateral declaration that the COH Order is a condition of employment is, as a matter of law, invalid and unenforceable.

### C. Lack Of Authority For DOH To Impose A New Condition Of Employment Upon NYCDOE Employees

While the Plaintiffs can show statutory authority that the DOH cannot impose a new condition of employment upon NYCDOE employees, the NYCDOE has never set forth any statutory authority for the COH to impose a new condition of employment upon NYCDOE employees, whether that authority comes from the N.Y.C. Charter, the N.Y.C. Administrative Code, or New York State statutes.

The failure of the NYCDOE to set forth any statutory authority that establishes the authority of the DOH to impose a new qualification or even a condition of employment on the employees of the NYCDOE without compliance with N.Y. Education Law § 2573.9. or the Taylor Law is fatal to the NYCDOE's statement that the DOH Order is a condition of employment to work for the NYCDOE.

As a result, the Defendants' argument that a COVID-19 vaccination is a condition of employment fails as a matter of New York law because there was no authority to impose it and it was not negotiated with the UFT. Following that logic then, when the NYCDOE terminated the Plaintiffs' employment effective February 11, 2022, the NYCDOE violated the Plaintiffs' due process rights.

In addition, the NYCDOE's contractors have been advertising for Speech Language Pathologist and CFs and nowhere in the job qualifications is to be vaccinated. *See,* **Exhibit E,** a

copy of the Indeed post.  If the NYCDOE is hiring non-vaccinated individuals through contractors how can the NYCDOE argue that its employees must be vaccinated.

The Court should grant the Plaintiffs' a Temporary Restraining Order and a Preliminary Injunction.

**POINT III.     THE PLAINTIFFS' DUE PROCESS RIGHTS REGARDING FITNESS FOR DUTY HAVE BEEN VIOLATED**

The NYCDOE has argued to this Court that the Plaintiffs are not fit for employment because they have not taken a COVID-19 vaccination.  Yet, the NYCDOE has permitted employees who have not completed the vaccine regimen to continue to work.  *See,* https://nypost.com/2021/12/25/doe-skips-deadline-to-suspend-employees-who-havent-shown-proof-of-second-vax/ (visited January 27, 2022).

In addition, the NYCDOE has permitted parents and other visitors into NYCDOE schools without any documents or proof of vaccine.  Parents of students must complete a Health Screening Questionnaire before the student enters the building everyday. *See,* **Exhibit B**, a copy of the Health Screening Questionnaire. *See also,* the Declaration of Janelle Lotito executed on the 8th day of February 2022.

The NYCDOE's actions are inconsistent with their argument in this Action.

Despite this inconsistency, and focusing on the Plaintiffs' due process rights, N.Y. Education Law has several provisions that govern situations where a school district does not believe that its employee is fit for duty.  Both N.Y. Education Law § 913 and N.Y. Education Law § 2568 provide for procedures that the school district must follow before determining that an employee is unfit for duty.  At no point has the NYCDOE followed either of these State law provisions to determine the Plaintiffs' fitness for duty.

When the NYCDOE states it has an obligation to provide a safe workplace and therefore cannot permit the Plaintiffs-unvaccinated employees to perform their duties (**Docket No. 61**, at

page 2), the NYCDOE's language is consistent with N.Y. Education Law § 913 that states: "[i]n order to safeguard the health of children attending the public schools, the board of education … shall be empowered to require any person employed by the board of education … to submit to a medical examination by a physician or other health care provider of his or her choice … in order to determine the physical or mental capacity of such person to perform his or her duties."

The Plaintiffs have not been required to submit to medical examinations to determine their physical or mental capacity to perform their duties.   If they were to submit to medical examinations, many of the Plaintiffs would be able to show that they have natural immunity from the COVID-19 virus. *See,* **Exhibit C**, a copy of several Plaintiffs' antibody blood test results.

As a result, the suspension of the Plaintiffs without pay based upon a perception that they are unfit, violates the Plaintiffs' due process rights and property rights. *See, Newman v. Bd. of Educ.*, 594 F.2d 299, 304 (2d Cir 1979).

If the NYCDOE believes that the Plaintiffs are unfit to perform their duties, the Court should require the NYCDOE to comply with N.Y. Education Law to determine the Plaintiffs' fitness.   Without complying with N.Y. Education Law, the NYDOE is violating the Plaintiffs' due process rights.   This Court should issue an injunction enjoining the NYCDOE for terminating the Plaintiffs based upon the NYCDOE's perception of unfitness for duty.

## POINT IV.   NYCDOE IS VIOLATING THE PLAINTIFFS' PROCEDURAL DUE PROCESS RIGHTS

The Plaintiffs have been terminated from their employment without any due process. *See,* **Exhibit A.**[2]

---

[2] The NYCDOE may argue that the Plaintiffs have no due process rights pre-termination because they can avail themselves of N.Y. CPLR Article 78 proceedings post-termination. This Court should not force the Plaintiffs to file individual N.Y. CPLR Article 78 proceedings in New York State Courts after termination when the issues are ripe for determination pre-termination. *See, Feds v Biden*, 2022 US Dist LEXIS 11145, at *10 (holding "requiring the plaintiffs to wait to be fired to challenge the mandate would compel them to 'to bet the farm by taking the violative action before testing the validity of the law.' *Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 490, 130 S. Ct. 3138, 177 L. Ed. 2d 706 (2010).").

As this Court recognized, "[t]he Court does not disagree that Plaintiffs, as public employees under the NYC DOE, have a protected property interest in their continued employment, and it appears neither do Defendants." **Docket Entry No. 33**, at page 18.

"The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).

The NYCDOE have violated the Plaintiffs' constitutional rights to due process by terminating them from their NYCDOE employment without any charges nor an opportunity for a hearing.

Accordingly, the Court should issue a Temporary Restraining Order and a Preliminary Injunction to stop the NYCDOE's unconstitutional conduct.

## A.   Tenured Principals, Tenured Assistant Principals, and Tenured Teachers

For tenured principals, tenured assistant principals, and tenured teachers

> [u]nder New York law a "tenured teacher has a protected property interest in her position and a right to retain it subject to being discharged for cause in accordance with the provisions of [the Education Law]." *Gould v. Board of Educ.*, 81 N.Y.2d 446, 451, 599 N.Y.S.2d 787, 616 N.E.2d 142 (1993); *accord Strong v. Board of Educ.*, 902 F.2d 208, 211 (2d Cir. 1990) (position as tenured teacher is a property interest protected by Fourteenth Amendment); *see also* N.Y. Educ. Law §§ 2509(2), 3012(2), 3020(1) (McKinney 1995) (tenured employees are not removable except for cause after a hearing).

*Shaffer v. Schenectady City Sch. Dist.*, 245 F.3d 41, 44 (2d Cir 2001).

13

"Under New York law a tenured teacher may be removed only pursuant to certain substantive and procedural safeguards, including notice and a full-blown adversarial hearing." *Strong v. Bd. of Educ. of Uniondale Union Free Sch. Dist.*, 902 F.2d 208, 211 (2d Cir 1990).

"It is well established that tenured public teachers are employees who have a constitutionally protected property interest in their employment." *Shaul v. Cherry Val.-Springfield Cent. Sch. Dist.*, 218 F.Supp.2d 266, 271 (N.D.N.Y. 2002).

The constitutional and statutory protections that the tenured principal, tenured assistant principal, and tenured teachers have been ignored, trampled upon, and violated by the NYCDOE when the Plaintiffs and all others similarly situated were terminated effective February 11, 2022. *See,* **Exhibit A**.

For tenured employees, the NYCDOE cannot terminate the Plaintiffs without due process. The fact that the NYCDOE has done so, violates the Plaintiffs' constitutional rights.

The Court should grant a Temporary Restraining Order and a Preliminary Injunction enjoining the NYCDOE from terminating the Plaintiffs from their employment with the NYCDOE.

**B.      NYDOE's Civil Service Employees With N.Y. Civil Service Law § 75 Rights**

For those NYCDOE Civil Service employees who have N.Y. Civil Service Law § 75 rights, N.Y. Civil Service Law § 75 bars the NYCDOE from "remov[ing] or otherwise subjected to any disciplinary penalty provided in this section except for incompetency or misconduct shown after a hearing upon stated charges pursuant to this section." N.Y. Civil Service Law § 75.1.

"[C]ivil service employment is a property right which cannot be taken from her without satisfying the dictates of due process of law." *Palermo v. Eisenberg*, 81 Misc.2d 1014, 1015 (Sup. Ct., 1975).

In *Dwyer v. Regan*, 777 F.2d 825, 831 (2d Cir 1985), the Court opined:

> Under New York law, the State would not have been allowed to remove Dwyer from his ongoing position without showing that he was incompetent or had engaged in misconduct. N.Y. Civ. Serv. Law § 75(1). Thus, if the State had determined that it wished simply to separate Dwyer from his position, it would have been required by due process to accord him a pretermination hearing.

"Due process ordinarily requires that persons receive 'some kind of hearing' prior to the deprivation of a property interest." *Jackson v. Roslyn Bd. of Educ.*, 652 F.Supp.2d 332, 343 (E.D.N.Y. 2009).

The NYCDOE has provided no "kind of hearing" to the Plaintiffs who have N.Y. Civil Service Law § 75 rights. The NYCDOE has unilaterally and without regard for their due process rights terminated he Plaintiffs and all others similarly situated. *See,* **Exhibit A**.

For Plaintiffs who have N.Y. Civil Service Law § 75 rights, the NYCDOE cannot "unilaterally separate employees" from their jobs without due process. The NYCDOE have violated the Plaintiffs' constitutional rights.

The Court should grant a Temporary Restraining Order and a Preliminary Injunction enjoining the NYCDOE from terminating the Plaintiffs' employment without due process.

## C.   NYCDOE Employees Entitled To Hearings Pursuant To Collective Bargaining Agreements

"In the employment context, a property interest arises only where the state is barred, whether by statute or contract, from terminating (or not renewing) the employment relationship *without cause*." *S & D Maintenance Co. v. Goldin*, 844 F.2d 962, 967 (2d Cir. 1988).

The NYCDOE has entered into collective bargaining agreements with its unions that provide that the members of the unions have a right to a reason for their discharge and a hearing before the employee-union member is discharged. The collective bargaining agreements between

the NYCDOE and its unions create a contract-based property interest for the employees-union members. *See,* **Docket Entry No. 2-6,** at Exhibit 1, at Article Twenty-Three; **Docket Entry No. 2-5,** at Exhibit 1, at Article 16.F.

The NYCDOE, by terminating the NYCDOE-employees who possess the contract-based property interest without due process, the NYCDOE has violated those employees' constitutional rights.

For Plaintiffs who possess the contract-based property interest, the NYCDOE cannot terminate their employment without due process. Since the NYCDOE has done just that, the NYCDOE has violated the Plaintiffs' constitutional rights.

The Court should grant a Temporary Restraining Order and a Preliminary Injunction enjoining the NYCDOE from terminating the Plaintiffs' employment without due process.

*****************

The NYCDOE has shown no regard for the Plaintiffs' due process rights. The NYCDOE has terminated the Plaintiffs without providing the Plaintiffs the minimum level of due process as required by the United States Supreme Court in *Cleveland Bd. of Educ.,* namely "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. at 546.

This Court should grant the Plaintiffs a Temporary Restraining Order and a Preliminary Injunction to protect the Plaintiffs from irreparable harm preventing the NYCDOE from terminating the Plaintiffs from their employment from the NYCDOE.

"When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary. *Mitchell v. Cuomo,* 748 F.2d 804, 806 (2d Cir. 1984) (internal quotation marks omitted).

The Plaintiffs have a high likelihood of success on the merits since the NYCDOE has not followed the statutory process to create a new condition of employment and therefore the Plaintiffs should be granted the relief they request.

Accordingly, the Plaintiffs' Motion should be granted.

## CONCLUSION

For the reasons argued in this Memorandum of Law, the Plaintiffs' Motion should be granted and the Plaintiffs' constitutional rights should be restored forthwith.

Dated:      Carle Place, New York
            February 8, 2022

                                        Respectfully submitted

                                        THE SCHER LAW FIRM, LLP

                                        _____
                                        Austin Graff, Esq.
                                        *Attorneys for the Plaintiffs*
                                        One Old Country Road, Suite 385
                                        Carle Place, New York 11514
                                        (516) 7460-5040