# APPENDIX A

Case 1:21-cv-06387-KAM-LB   Document 79-1   Filed 02/09/22   Page 2 of 5 PageID #: 2673

NYSCEF DOC. NO. 40                                                                                                           RECEIVED NYSCEF: 01/21/2022

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | HON. LYLE E. FRANK | PART | 11M |
|---|---|---|---|
| | Justice | | |

-------------------------------------------------------------------X
LUCIA LANZER,

                                     Petitioner,

                       - v -

THE BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK, COMMUNITY
SCHOOL DISTRICT 28 OF THE BOARD OF EDUCATION
OF THE CITY OF NEW YORK

                                  Respondent.
-------------------------------------------------------------------X

| INDEX NO. | 160017/2021 |
|---|---|
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38
were read on this motion to/for                                ARTICLE 78 (BODY OR OFFICER).

      Petitioner brings the instant petition pursuant to Article 75 and Article 78 of the CPLR primarily disputing her placement on leave without pay status without a hearing regarding the change in status. Respondents oppose the petition and cross move to dismiss the petition on the grounds that petitioner was not entitled to a hearing on the matter and her placement on leave without pay status is lawful. For the reasons set forth below the petition is denied.

      Petitioner is a tenured teacher employed by the New York City Department of Education. This petition, like others brought under the same or very similar factual scenarios, attempts to dispute the requirement that teachers get a Covid-19 vaccine or seek an accommodation from respondents. Although petitioner does not explicitly challenge the vaccine mandate, she seeks to return to work in contravention of the directives of the underlying arbitrator's decision. Moreover, petitioner contends that the arbitrator exceeded its jurisdiction.

Case 1:21-cv-06387-KAM-LB   Document 79-1   Filed 02/09/22   Page 2 of 5 PageID #: 2673

The vaccine requirement and the process by which to seek exemption was implemented by the arbitration decision of Arbitrator Martin F. Scheinman, dated September 10, 2021. *See* NYSCEF Doc. 4. The decision delineated specific requirements on the members of United Federation of Teachers (UFT) to become vaccinated by a date certain or seek an exemption as is outlined in the decision. Moreover, the decision specifically states

> "Any unvaccinated employee who has not requested an exemption pursuant to Section 1, or who has requested an exemption which has been denied, may be placed by the DOE on leave without pay effective September 28, 2021, or upon denial of appeal, whichever is later, through November 30, 2021. Such leave may be unilaterally imposed by the DOE and may be extended at the request of the employee […]."

See NYCEF Doc. 4 at page 13.

Based upon the reading of the decision in question, petitioner is not entitled to a hearing on her placement to leave without pay status, as it is not a disciplinary consequence. Further, the Court agrees with the arguments of the respondents that petitioner lacks standing to challenge the arbitrator's decision as she was not a party to the underlying arbitration. The Court finds that petitioner has not established that she was wrongfully placed on leave without pay as the record is devoid of any evidence of compliance or attempted compliance with the rules and procedures enumerated in the decision. Accordingly, it is hereby

ADJUDGED that the petition is denied.

| 1/21/2022 | | | LYLE E. FRANK, J.S.C. |
|---|---|---|---|
| DATE | | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

NYSCEF DOC. NO. 39

INDEX NO. 160353/2021
RECEIVED NYSCEF: 01/21/2022

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

PRESENT: HON. LYLE E. FRANK                           PART                    11M
                                       Justice
-----------------------------------------------------------------X
INGRID ROMERO,                                        INDEX NO.          160353/2021

                                       Petitioner,   MOTION DATE         N/A

                    - v -                             MOTION SEQ. NO.    001

THE BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK, COMMUNITY
SCHOOL DISTRICT 24 OF THE BOARD OF EDUCATION         DECISION + ORDER ON
OF THE CITY OF NEW YORK                                      MOTION

                                       Respondent.
-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 17, 19, 20,
21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37
were read on this motion to/for                    ARTICLE 78 (BODY OR OFFICER)          .

Petitioner brings the instant petition pursuant to Article 75 and Article 78 of the CPLR primarily disputing her placement on leave without pay status without a hearing regarding the change in status. Respondents oppose the petition and cross move to dismiss the petition on the grounds that petitioner was not entitled to a hearing on the matter and her placement on leave without pay status is lawful. For the reasons set forth below the petition is denied.

Petitioner is a tenured teacher employed by the New York City Department of Education. This petition, like others brought under the same or very similar factual scenarios, attempts to dispute the requirement that teachers get a Covid-19 vaccine or seek an accommodation from respondents. Although petitioner does not explicitly challenge the vaccine mandate, she seeks to return to work in contravention of the directives of the underlying arbitrator's decision. Moreover, petitioner contends that the arbitrator exceeded its jurisdiction.

The vaccine requirement and the process by which to seek exemption was implemented by the arbitration decision of Arbitrator Martin F. Scheinman, dated September 10, 2021. *See* NYSCEF Doc. 4. The decision delineated specific requirements on the members of United Federation of Teachers (UFT) to become vaccinated by a date certain or seek an exemption as is outlined in the decision. Moreover, the decision specifically states

> "Any unvaccinated employee who has not requested an exemption pursuant to Section 1, or who has requested an exemption which has been denied, may be placed by the DOE on leave without pay effective September 28, 2021, or upon denial of appeal, whichever is later, through November 30, 2021. Such leave may be unilaterally imposed by the DOE and may be extended at the request of the employee […]."

See NYCEF Doc. 4 at page 13.

Based upon the reading of the decision in question, petitioner is not entitled to a hearing on her placement to leave without pay status, as it is not a disciplinary consequence. Further, the Court agrees with the arguments of the respondents that petitioner lacks standing to challenge the arbitrator's decision as she was not a party to the underlying arbitration. The Court finds that petitioner has not established that she was wrongfully placed on leave without pay as the record is devoid of any evidence of compliance or attempted compliance with the rules and procedures enumerated in the decision. Accordingly, it is hereby

ADJUDGED that the petition is denied.

| 1/21/2022 | | | |
|---|---|---|---|
| DATE | | | LYLE E. FRANK, J.S.C. |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |