# THE SCHER LAW FIRM, LLP

ONE OLD COUNTRY ROAD, SUITE 385
CARLE PLACE, NY 11514

MARTIN H. SCHER*
JONATHAN L. SCHER**

AUSTIN R. GRAFF*

\* Also Admitted in District of Columbia
\* Also Admitted in New Jersey

TEL: 516-746-5040

FAX: 516-746-5043

W. SCOTT KERSHAW
COUNSEL

MICHAEL SCHILLINGER
COUNSEL

ROLAND P. BRINT
COUNSEL

ADAM GANG
COUNSEL

ROBERT S. NAYBERG
(1950-2013)

February 17, 2022

**BY ECF**
Honorable Kiyo A. Matsumoto, U.S.D.J.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Broecker, *et al.* v. New York City Department of Education, *et al.*
              Docket No. 21-CV-06387-KAM-LB

Dear Judge Matsumoto:

      This law firm represents all of the Plaintiffs in the above-referenced Action. This letter shall serve as the Plaintiffs' response to the pre-motion conference letter submitted by Defendants District Council 37, AFSME, AFL-CIO ("DC37"), Local 372 of DC37 ("Local 372"), Local 1251 of DC37 ("Local 1251"), Henry Garrido ("Garrido"), Shaun Francois ("Francois") and Francine Francis ("Francis") (collectively referred to as "DC37 Defendants") **(Docket Entry No. 91)** in support of their application for a Motion to Dismiss.

      The Plaintiffs have stated a plausible claim against the DC37 Defendants for conspiracy to violate the Plaintiffs' constitutional rights. The Defendant New York City Department of Education ("NYCDOE") relies upon the fact that the NYCDOE entered into a collective bargaining agreement with DC37 to enable the NYCDOE to place the Plaintiffs on unpaid leaves of absences and ultimately terminate the Plaintiffs' employment without due process.

      The NYCDOE stated to this Court "[t]he City and DC 37 were able to successfully negotiate an agreement with respect to the leave procedures for those DOE employees who do not comply with the DOE Vaccination...." **Docket Entry No. 79**, at page 7.

      Based upon the DC37's negotiated agreement with the NYCDOE, the NYCDOE was contractually authorized to place the Plaintiffs on an unpaid suspension and terminate their employment without due process. But-for DC37's agreement with the NYCDOE, the NYCDOE would have no contractual authority to suspend the Plaintiffs who are members of DC37's bargaining unit or terminate their employment without due process.

      But-for the DC37 Defendants' consent to create a new condition of employment, *i.e.*, a vaccine for COVID-19, the NYCDOE would not have had the legal authority to create such a condition of employment.

      "The obligation under the Taylor Law to bargain as to all terms and conditions of employment is a strong and sweeping policy of the State." *Bd. of Educ. of City Sch. Dist. v NY State Pub. Empl. Relations Bd.*, 75 N.Y.2d 660, 667 (1990) (internal quotation marks omitted).

THE SCHER LAW FIRM, LLP

As this Court held in its Memorandum and Order, the agreement between the NYCDOE and DC37 was the agreement that the NYCDOE needed to comply with N.Y. Civil Service Law § 201.4. to create the new condition of employment, namely the vaccine. *See*, **Docket Entry No. 89**, at page 15, footnote 9 and pages 24-25.

If DC37 did not agree to the terms for the NYCDOE to create leave and separation procedures for its members who did not comply with the COVID-19 vaccine mandate, then the NYCDOE would not have had the contractual authority to violate the Plaintiffs' due process rights and property interest rights in their pay.

Further, DC37 argues that it is not a State actor and therefore not subject to 42 U.S.C. § 1983. However, in *Rodriguez-Rivera v. City of NY*, 2007 US Dist LEXIS 19793, at *7 (S.D.N.Y. 2007), the Court held "[t]he UFT could be liable to Plaintiff under Section 1983 if the union or its representatives conspired with a state official to deprive her of a constitutional right."

The DC37 agreement with the NYCDOE did just that – it deprived the Plaintiffs of their constitutional rights because the agreement established "leave procedures for those DOE employees who do not comply with the DOE Vaccination Mandate…." **Docket Entry No. 18**, at page 7.

While DC37 argues that it was adversarial to the NYCDOE in negotiations over the DC37 agreement with the NYCDOE, however the adversarial nature of the negotiations should be subject to discovery.

The NYCDOE has stated to this Court the Plaintiffs' "placement on [Leave Without Pay] and their projected separation was the result of negotiations and arbitration award between the City and the various unions representing plaintiffs, not plaintiffs individually." **Docket Entry No. 18**, at page 8.

How can any union, acting in its members' best interests (and not the best interests of the employer) negotiate terms that permitted the public employees-members to be placed on leave without pay and authorize the employer to terminate the public employees'-members' employment without statutory and constitutionally-protected due process? How can DC37 argue with a straight face that the negotiations were adversarial when DC37 did not represent its members in a manner that protected their constitutional rights to due process or their property rights in their pay?

The DC37 agreement was not collective bargaining negotiations, but impact bargaining negotiations over the impact of the vaccine mandate. DC37 had no obligation to agree to the City's terms. The DC37 Defendants conspired with the NYCDOE to establish the procedures that enabled the NYCDOE to suspend DC37's members without pay and, in some case, terminate their employment for not complying with the vaccine mandate, which has resulted in the deprivation of the Plaintiffs' due process rights and property rights in their pay.

Finally, the individual defendants – Garrido, Francois, and Francis – conspired to deprive the Plaintiffs of their constitutional rights.

A person may be held liable for damages for constitutional violations under Section 1983 when the person has "direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates." *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).

Garrido executed the DC37 agreement and bound DC37 to terms that aided the NYCDOE Defendants to place DC37 members on leave without pay and may ultimately lead to the Plaintiffs'

THE SCHER LAW FIRM, LLP

Honorable Kiyo A. Matsumoto, U.S.D.J.<br>
February 17, 2022<br>
Page 3 of 3

termination from employment without due process. Francois and Francis actively agreed to violate their members' constitutional rights by agreeing to the terms of the DC37 agreement.

Garrido, Francois, and Francis all had personal involvement in the deprivation of the Plaintiffs' constitutional rights and therefore, the Plaintiffs have stated a plausible claim against them.

The Plaintiffs thank the Court for its consideration in this matter.

Respectfully submitted,<br>
THE SCHER LAW FIRM, LLP<br>
<br>
Austin Graff

cc: Counsel of Record (by ECF)