Alfred P. Vigorito
John W. Barker
Gary W. Patterson, Jr.*
Jeffrey R. Nichols*
Mamie Stathatos-Fulgieri
Scott A. Singer
Gregg D. Weinstock*** ■ ∷
Kiki Chrisomallides*
Kevin D. Porter
Susan Vari

Edward J. Arevalo
Graig R. Avino*
Michael J. Battiste
Robert Boccio
Dylan Braverman
Thomas Brennan ■
Dawn Bristol
Kenneth J. Burford
Gilbert H. Choi
Joshua R. Cohen
Adam S. Covitt

Charles K. Faillace ±
Jerry Giardina
Danielle M. Hansen
Anna Hock
Thomas Jaffa
Gemma Kenney ***
Ruth Bogatyrow Kraft
Douglas Langholz
Megan A. Lawless‡
Guy A. Lawrence
Timothy P. Lewis --
Neil Mascolo, Jr.
Adonaid Medina*
Ralph Vincent Morales
Carolyn Rankin
Miles S. Reiner
Bhalinder L. Rikhye
Tammy A. Trees
Christopher Whitton
Julia F. Wilcox ∷
Nicole R. Wittman
Arthur I. Yankowitz**

Theresa A. Bohm
Angela R. Bonica *
Lindsey T. Brown
Matthew M. Califano †
Patricia M. Comblo ∷ ±
Brian DiPentima*
Michael P. Diven * **
Tyler M. Fiorillo
Lauren P. Ingvoldstad†
Rani B. Kulkarni
Nicole E. Martone
Daniel O'Connell * ■
Brian C. Pearn
Andres J. Sanchez
Kathleen M. Thompson
Claudine Travers
Alexandra Zerrillo * ** ∷
Erica B. Zilber *

*Of Counsel*
Margaret Antonino* ■
Josie M. Conelley
Roseann V. Driscoll
Mary M. Holupka
Joseph P. Muscarella
Seema Palmerson
Nicole C. Salerno *
Valerie L. Siragusa
Diana V. Solla
Karolina Wiaderna

* Also Admitted to Practice in NJ
** Also Admitted to Practice in CT
*** Also Admitted to Practice in NJ, CT, DC
-- Admitted to Practice in Florida
■ Also Admitted to Practice in FL
‡ Also Admitted to Practice in NJ and PA
∷ Also Admitted to Practice in MA
Δ Also Admitted to Practice in AZ, CA and NJ
∷∷ Admitted to Practice in CO
† Admission Pending



February 23, 2022

Hon. Kiyo A. Matsumoto
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: Broecker et al., v. Scheinman Arbitration et al
        Docket No.: 21-cv-6387
        VBPNP File No.: 72-066

Dear Judge Matsumoto:

  This office represents Defendants Martin F. Scheinman, Scheinman Arbitration and Mediation Services, and Scheinman Arbitration and Mediation Services, LLC (hereinafter "Scheinman") in the above referenced matter.

  Scheinman Defendants seek a pre-motion conference and/or leave to file a pre-answer motion to dismiss the Amended Complaint pursuant to Section III(B) of Your Honor's Practices[1]. Plaintiffs' Amended Complaint seeks an assortment of relief, including declaratory judgment as to the allegedly illegal Arbitration Awards claiming that Arbitrator Scheinman did not have authority to issues the binding awards, and Title 42 U.S.C. Section 1983 claims alleging conspiracy between Scheinman, United Federation of Teachers, (the "UFT"), Council for School Supervisors and Administrators ("CSA"), and the NYC DOE thereby violating of Plaintiffs' procedural due process rights. As set forth below, Scheinman is entitled to dismissal of the claims based on, *inter alia*, (A) Scheinman's well-established authority to preside over and issue binding arbitration awards pursuant to, among others, NY Civil Service Law Article 14, §209; (B) a complete lack of any facts pled giving rise to a cognizable §1983 conspiracy claim beyond the merely conclusory assertions; and (C) the undisputed arbitrator's absolute quasi-judicial immunity.

  A. <u>Arbitrator Scheinman Had Authority to Arbitrate and Issue Binding Arbitration Awards.</u>

The Public Employees Fair Employment Act of 1967 under NY Civil Service Law Article 14, ("The Taylor Law"), §209 provides, in parts, that:

> 2. Public employers are hereby empowered to enter into written agreements with recognized or certified employee organizations setting forth procedures to be invoked in

---

[1] Scheinman Defendants have expressed their intent to file a pre-motion request letter (Docket No. 66); Your Honor did not direct to file same by a specific date.

the event of disputes which reach an impasse in the course of collective negotiations. *Such agreements may include the undertaking by each party to submit unresolved issues to impartial arbitration.*

3. *On request of either party* or upon its own motion, as provided in subdivision two of this section, and in the event the board determines that an impasse exists in collective negotiations between such employee organization and a public employer as to the conditions of employment of public employees, the board shall render assistance as follows:
(a) *to assist the parties to effect a voluntary resolution of the dispute, the board shall appoint a mediator or mediators representative of the public from a list of qualified persons maintained by the board*;
…….
(d) *.. . and the impasse continues, the public employment relations board shall have the power to take whatever steps it deems appropriate to resolve the dispute, including* (i) the making of recommendations after giving due consideration to the findings of fact and recommendations of such fact-finding board, but no further fact-finding board shall be appointed and (ii) *upon the request of the parties, assistance in providing for voluntary arbitration.*

As the foregoing demonstrates, pursuant to the Taylor Law, the parties have a statutory right to choose to mutually agree to a binding arbitration. See also, e.g., Margiotta v. Kaye, 283 F. Supp. 2d 857, 860 (E.D.N.Y. 2003). In fact, the public policy behind the Taylor Law is to "encourage [the] voluntary resolution of labor disputes involving public employees." Matter of Alden Cent. Sch. Dist. v. Watson, 56 A.D.2d 713, 713 (4th Dep't 1977). In that context, the Taylor Law promulgated authority upon the Public Employment Relations Board, (PERB) to administer the impasse resolution procedures, including interest arbitration, voluntary grievance arbitration, and staff mediation/arbitration procedures[2]. As such, the New York courts have consistently held that PERB's decisions and interpretation of their statute should be accorded deference. Newburgh v. Pub. Emp. Rels. Bd., 97 A.D.2d 258, 260 (3d Dep't 1983), aff'd 63 N.Y.2d 793 (1984).

In the present case, PERB found that the parties were at impasse in negotiations, appointed a mediator, and then, after the mediation was ultimately unsuccessful, permitted the UFT and the DOE to voluntarily move to arbitration. Accordingly, Arbitrator acted within his authority and scope to issue the binding arbitration awards.

B. <u>Conspiracy Claims Against Arbitrator Scheinman Must Fail as Plaintiffs Allegations Are Conclusory, Vague, or General.</u>

On 12(b)(6) motions, a litigant's pleading obligations are not "toothless"; "the pleader must allege facts, either directly or inferentially, that satisfy each element required for recovery under some actionable legal theory." Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997). To state a claim under § 1983, a plaintiff must allege that the challenged conduct was attributable, at least in part, to a person acting under

---

[2] https://perb.ny.gov/taylor-law/#:~:text=209%20Resolution%20of%20Disputes%20in,year%20of%20the%20public%20employer.

color of state law. Arena v. Department of Social Services of Nassau County, 216 F.Supp.2d 146 (E.D.N.Y. 2002). When, like here, the § 1983 allegations involve a private actor, a plaintiff must plead a conspiracy claim and therefore allege "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." McCray v. Patrolman N.A. Caparco, 761 F. App'x 27,31 (2d Cir. 2019) (quotations omitted). Such private actors must be a "willfulparticipant in joint activity with the State or its agents." See Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (internal citations omitted). Importantly, "a merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983claim against the private entity." Id. Therefore, "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights" should be "dismissed." Dwares v. N.Y.C., 985 F.2d 94, 100 (2d Cir. 1993). As such, Plaintiff "must [plead] some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." Webb v. Goord, 340 F.3d 105, 110-11 (2d Cir. 2003) (internal quotation marks omitted).

In the instant case, plaintiffs allege, in a conclusory fashion, that Arbitrator Scheinman "failed to stop the NYCDOE from suspending the plaintiffs without pay due process" (Plaintiffs' Amended Complaint ¶439); "directly participated in and/or tacitly condoned the violations of the plaintiffs' constitutional rights." (Id. at ¶442); "foster[ed] and encourage[ed] the NY DOE" (Id., at ¶438), and "have engaged in a course of section and behavior rising to the level of a policy, and condoned practice" which has deprived Plaintiffs of their rights" (Id. at ¶395). Plaintiff allege nothing mora than conclusory, vague, or general allegations. The conspiracy claim pleading is toothless and therefore is insufficient to survive the scrutiny of a 12(b) motion.

C. Acting Within Its Authority and Scope, Arbitrator Scheinman's Is Afforded an Absolute Immunity.

Finally, the claims against defendant Scheinman—all of which relate to his actions as the arbitrator—are barred by the doctrine of absolute immunity. Specifically, it is well settled that "any claims for damages against the arbitrator are barred by that individual's absolute immunity 'for all acts within the scope of the arbitral process.'" Jacobs v. Mostow, 271 F. App'x 85, 88 (2d Cir. March 27, 2008) (summary order) (quoting Austern v. Chicago Bd. Options Exch., Inc., 898 F.2d 882, 886 (2d Cir.1990)); see also DeMarco v. City of New York, No. 08–CV–3055 (RRM)(LB), 2011 WL 1104178 (E.D.N.Y. March 23, 2011) ("Accordingly, as the arbitrator in Plaintiff DeMarco's § 3020–a proceeding, [the arbitrator] is entitled to absolute immunity from liability for acts committed in that capacity.").

As the foregoing demonstrates that the arbitrator acted within the scope of the arbitrator and, thus, are barred by the doctrine of absolute immunity. Moreover, with respect to any request for prospective relief, there is no allegation of a violation of a prior declaratory decree and, thus, no such relief is available under Section 1983. Accordingly, the claims against defendant Scheinman must be dismissed as a matter of law.

The proposed briefing schedule is as follows: moving papers 3/23; opposition 4/20; replies 5/3. Defendant DC37 consented. Plaintiffs opposed the schedule and countered it with the following: moving papers 2 weeks from the conference, opposition 2 weeks thereafter, and 1 week for replies.

Respectfully submitted,

*Karolina Wiaderna*
Karolina Wiaderna

cc: All counsel of record