Index No. 21 Civ 6387 (KAM)(LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NICOLE BROECKER, et al., on behalf of themselves and all other similarly situated employees of the New York City Department of Education,

Plaintiffs,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION, MEISHA PORTER, et al.,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DOE DEFENDANTS' MOTION TO DISMISS**

### HON. SYLVIA O. HINDS-RADIX

*Corporation Counsel of the City of New York*
Attorney for DOE Defendants
100 Church Street, Room 2-100
New York, New York 10007

*Of Counsel:* Andrea O'Connor
*Tel:* (212) 356-4015
*Email:* aoconnor@law.nyc.gov

Matter No. 2021-038953

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ................................................... **Error! Bookmark not defined.**

ARGUMENT

    POINT I

        THE COURT SHOULD REJECT PLAINTIFFS' ATTEMPT TO AMEND THEIR COMPLAINT VIA THEIR OPPOSITION PAPERS ........ **Error! Bookmark not defined.**

    POINT II

        PLAINTIFFS' CLAIMS ARE BARRED BY THE LAW OF THE CASE DOCTRINE ........... **Error! Bookmark not defined.**

    POINT III

        PLAINTIFFS' DUE PROCESS CLAIMS MUST BE DISMISSED ........................................ **Error! Bookmark not defined.**

    POINT IV

        PLAINTIFFS' CONSPIRACY CLAIMS MUST BE DISMISSED ............................................. **Error! Bookmark not defined.**

    POINT V

        PLAINTIFFS' CLASS CLAIMS MUST BE DISMISSED ............................................. **Error! Bookmark not defined.**

CONCLUSION ....................................................................... **Error! Bookmark not defined.**

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Pages**

Brandon v. City of New York,
   705 F. Supp. 2d 261 (S.D.N.Y. 2010)......................................................................6

Ciambriello v. Cty. of Nassau,
   292 F.3d 307 (2d Cir. 2002)......................................................................................8

City of N.Y. v. Gordon,
   155 F. Supp. 3d 411 (S.D.N.Y. 2015).......................................................................3

Clarke v. BOE, et al.,
   Index No. 160787/2021 ............................................................................................4

Garland v. N.Y.C. Fire Dep't,
   No. 21 CV 6586 (KAM)(CLP),
   2021 U.S. Dist. LEXIS 233142 (E.D.N.Y. Dec. 6, 2021) ........................................3

Giammarino v. BOE, et al.,
   Index No. 160829/2021 (N.Y. Sup., N.Y. Cnty) .....................................................4

Goodheart Clothing Co. v. Laura Goodman Enters.,
   962 F.2d 268 (2d Cir. 1992)......................................................................................3

In re Initial Pub. Offering Sec. Litig.,
   214 F.R.D. 117 (S.D.N.Y. 2002) .............................................................................9

K.D. v. White Plns Sch. Dist.,
   921 F. Supp. 2d 197 (S.D.N.Y. 2013).......................................................................2

Lanzer v. BOE, et al.,
   Index No. 160017/2021 (N.Y. Sup., N.Y. Cnty) .....................................................4

Maniscalco v. BOE, et al.,
   Index No. 160725/2021 (N.Y. Sup., N.Y. Cnty) ..................................................3, 4

Marciano v. De Blasio,
   No. 21-cv-10752 (JSR),
   2022 U.S. Dist. LEXIS 41151 (S.D.N.Y. Mar. 8, 2022) ..........................................3

Martinez v. City of New York,
   No. 11 Civ. 7461,
   2012 U.S. Dist. LEXIS 173500 (S.D.N.Y. Dec. 6, 2012) ........................................6

**Cases**                                                               **Pages**

Matsushita Elec. Corp. of Am. v. 212 Copiers Corp.,
    93 Civ. 3243 (KTD),
    1996 U.S. Dist. LEXIS 2221 (S.D.N.Y. Feb. 28, 1996)............................................................3

O'Reilly v. Bd. of Educ.,
    Index No. 161040/2021,
    2022 N.Y. Slip. Op. 30173(U) (N.Y. Sup. Ct. Jan. 20, 2022) ..................................................4

Peacock v. Suffolk Bus Corp.,
    100 F. Supp. 3d 225 (E.D.N.Y. 2015) ......................................................................................2

Romero v. BOE, et al.,
    Index No. 160353/2021 (N.Y. Sup., N.Y. Cnty) ........................................................................4

Salas v. BOE, et al.,
    Index No. 160821/2021 ..............................................................................................................4

Sanchez v. City of NY,
    No. 15 Civ. 9940, 2017 U.S. Dist. LEXIS 123557
    (S.D.N.Y. Aug. 4, 2017) ............................................................................................................6

Singer v. Fulton Cty. Sheriff,
    63 F.3d 110 (2d Cir. 1995)........................................................................................................6

Tooly v. Schwaller,
    919 F.3d 165 (2d Cir. 2019)..................................................................................................5, 7

United States v. Tenzer,
    213 F.3d 34 (2d Cir. 2000)........................................................................................................3

Universal Trading & Inv. Co. v. Tymoshenko,
    No. 11 CIV. 7877, 2012 U.S. Dist. LEXIS 176214
    (S.D.N.Y. 2012) ........................................................................................................................2

Wright v. Ernst & Young LLP,
    152 F.3d 169 (2d Cir. 1998)......................................................................................................2

**Statutes**

42 U.S.C. § 1983...........................................................................................................................6

N.Y. Civ. Serv. Law § 209............................................................................................................7

N.Y. Civ. Serv. Law § 209.3(f).....................................................................................................1

**PRELIMINARY STATEMENT**

The arguments made in Plaintiffs' Memorandum of Law in Opposition to the Defendants' Motions to Dismiss, dated May 9, 2022, (hereinafter "Plaintiffs' Opposition"), are insufficient to avoid dismissal of the Amended Complaint. As held by this Court in connection with the denial of Plaintiffs' two preliminary injunction motions, the COH Order creates a lawful condition of employment for all DOE employees, including plaintiffs, such that non-compliant employees can be terminated based on their failure to satisfy this condition without invoking applicable disciplinary procedures. Further this Court has already held that the applicable processes available to Plaintiffs with respect to the COH Order were negotiated in accordance with all applicable statutes and provide Plaintiffs with all constitutional due process they are owed. This is an end to Plaintiffs' due process claims.

Nevertheless, in a misguided attempt to grasp at any remaining straw, Plaintiffs continue to argue that DOE Defendants and Defendants UFT and CSA conspired to violate New York Civil Service Law Section 209(3)(f) and that the Impact Arbitration Awards are the poisonous fruit of that conspiracy. Plaintiffs also argue that since the DC 37 Agreement is modeled after the Impact Arbitration Awards, it too is violative of § 209(3)(f). This argument has already been specifically rejected by the Court. And even if the Court is to give this meritless argument fresh consideration, it would still fail.

Plaintiffs' Opposition goes on to argue that because the Impact Arbitration Awards and DC 37 Agreement purportedly violate § 209(3)(f), the DOE Defendants' actions taken vis a vis the Plaintiffs with respect to their non-compliance with the COH Order violates Plaintiffs' due process rights. This circular and nonsensical argument must be rejected and the Amended Complaint dismissed.

Finally, Plaintiffs argue that the releases signed by certain Plaintiffs (namely Plaintiffs Martino, Ciacca-Liss, Hagan, Trapani, Masullo, Klapakis, Hartz, Schmitter, Lotito, Mosely, Blasis-Maring, Meagan, Joergens, and Shaya) should be declared null and void because they were executed under duress. Considering that DOE Defendants did not move to dismiss these Plaintiffs based on their execution of the releases, this argument is inapplicable to the instant motion and should be disregarded by the Court.

## ARGUMENT

### POINT I

### THE COURT SHOULD REJECT PLAINTIFFS' ATTEMPT TO AMEND THEIR COMPLAINT VIA THEIR OPPOSITION PAPERS

"It is well-settled that a plaintiff 'cannot amend [their] complaint by asserting new facts or theories for the first time in opposition to [a] motion to dismiss.'" Peacock v. Suffolk Bus Corp., 100 F. Supp. 3d 225, 231 (E.D.N.Y. 2015) (quoting K.D. v. White Plains Sch. Dist., 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013)); see also Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998) (rejecting argument raised for the first time in opposition to a motion to dismiss the complaint); Universal Trading & Inv. Co. v. Tymoshenko, No. 11 CIV. 7877, 2012 U.S. Dist. LEXIS 176214, at *1 (S.D.N.Y. 2012) ("New facts and allegations, first raised in a Plaintiff's opposition papers, may not be considered in deciding a motion to dismiss.").

Here, Plaintiffs seek to put before the Court seven exhibits that were not referenced in the Amended Complaint or annexed to it. Given that these exhibits, and the arguments made in connection with them, were not referenced in the Amended Complaint, they should not be considered by the Court in connection with this motion.

# POINT II

## PLAINTIFFS' CLAIMS ARE BARRED BY
## THE LAW OF THE CASE DOCTRINE

Plaintiffs' Opposition argues that the Court "is not bound by its prior determinations because the determinations were made on a record for a preliminary injunction." See Plaintiffs' Opposition at 8 citing Goodheart Clothing Co. v. Laura Goodman Enters., 962 F.2d 268 (2d Cir. 1992) and Matsushita Elec. Corp. of Am. v. 212 Copiers Corp., 93 Civ. 3243 (KTD), 1996 U.S. Dist. LEXIS 2221 (S.D.N.Y. Feb. 28, 1996). As recognized by DOE Defendants in their moving papers, the law of the case doctrine – while not binding – counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons. United States v. Tenzer, 213 F.3d 34, 39 (2d Cir. 2000). And while the doctrine is "particularly flexible" where the prior decisions were made on a preliminary injunction motion, a Court can "give deference to legal conclusions" reached in connection with such motions. City of N.Y. v. Gordon, 155 F. Supp. 3d 411, 419 (S.D.N.Y. 2015). Further, "[w]hile preliminary factual determinations must be revisited against a more complete record, good sense dictates that a court interpret the same statute in the same way throughout a litigation, unless there is an intervening change in the law . . . or unless an earlier interpretation was clearly an error." Id. (internal citations and parentheticals omitted).

Here, there has been no intervening case law issued that would preclude this Court from adhering to its prior (and correct) rulings. In fact, as detailed in DOE Defendants' moving papers, the intervening case law **supports** this Court's prior holdings. See, e.g., Marciano v. De Blasio, No. 21-cv-10752 (JSR), 2022 U.S. Dist. LEXIS 41151, at *25-26 (S.D.N.Y. Mar. 8, 2022) quoting Garland v. N.Y.C. Fire Dep't, No. 21 CV 6586 (KAM)(CLP), 2021 U.S. Dist. LEXIS 233142 at * 14 (E.D.N.Y. Dec. 6, 2021); Maniscalco v. BOE, et al., Index No. 160725/2021 (N.Y.

3

Sup., N.Y. Cnty); Giammarino v. BOE, et al., Index No. 160829/2021 (N.Y. Sup., N.Y. Cnty); Clarke v. BOE, et al., Index No. 160787/2021; Salas v. BOE, et al., Index No. 160821/2021 (collectively "Maniscalco Art. 78 Decision"); O'Reilly v. Bd. of Educ., Index No. 161040/2021, 2022 N.Y. Slip. Op. 30173(U), ¶ 3 (N.Y. Sup. Ct. Jan. 20, 2022); Lanzer v. BOE, et al., Index No. 160017/2021 (N.Y. Sup., N.Y. Cnty); Romero v. BOE, et al., Index No. 160353/2021 (N.Y. Sup., N.Y. Cnty). Likewise, there is no clear error in the Court's prior decisions that requires correcting. This is a point that Plaintiffs concede as evidenced by their failure to appeal either of the Court's prior orders.

Finally, to the extent Plaintiffs argue that their Exhibit G – which purports to be Notices of Determination issued by the New York State Department of Labor ("NYSDOL") in connection with three plaintiffs' applications for unemployment insurance – could somehow be viewed as a "new intervening fact," that argument fails. To start, the Court should not consider Exhibit G as the Amended Complaint contains no reference to unemployment insurance claims made by any plaintiff nor does it contain any allegations pertaining to how these NYSDOL determinations impact Plaintiffs' claims in this federal action. Setting that aside, even if the Court does consider Exhibit G, these determinations have no bearing on Plaintiffs' federal due process or conspiracy claims, which fail as a matter of law.

Indeed, the NYSDOL's publicly available guidance issued in connection with unemployment insurance claims brought by employees who were terminated due to a failure to comply with a lawful vaccination mandate provides that: "Workers in a healthcare facility, nursing home, or school who voluntarily quit or are terminated for refusing an employer-mandated vaccination will be ineligible for UI absent a valid request for accommodation because these are workplaces where an employer has a compelling interest in such a mandate, especially if they

4

already require other immunizations." See "Unemployment Insurance Benefits: Filing for, receiving, and claiming" at https://dol.ny.gov/unemployment-insurance-top-frequently-asked-questions (last accessed May 16, 2022). Contrary to Plaintiffs' counsel's unsupported musings in footnote 2 of Plaintiffs' Opposition, this guidance is in no way inconsistent with Defendant DOE's position that vaccination against COVID-19 is a condition of employment that Plaintiffs were required to meet.

Therefore, because there is no "cogent and compelling reason" for the Court to depart from its prior holdings in this case, DOE Defendants respectfully submit that Plaintiffs' procedural due process claims are barred by the law of the case doctrine and therefore must be dismissed.

## POINT III

### PLAINTIFFS' DUE PROCESS CLAIMS MUST BE DISMISSED

Plaintiffs' Opposition does not, in any meaningful way, oppose DOE Defendants' arguments with respect to Plaintiffs' due process claims. Rather, Plaintiffs argue that because the Impact Arbitration Awards and DC 37 Agreement purportedly violate the New York State Civil Service Law, it necessarily follows that DOE's actions taken with respect to Plaintiffs denied them "of their federal statutory rights, State statutory rights and constitutional rights and privileges." See Plaintiffs' Opposition at 25, 33, 38. Thus, Plaintiffs premise their entire constitutional due process claim on the notion that a purported violation of New York Civil Service Law § 209(3)(f) automatically equates to a procedural due process violation. Plaintiffs cite to no authority in support of this dubious argument. Perhaps Plaintiffs fail to provide support for this position because the Second Circuit has held the exact opposite. See Tooly v. Schwaller, 919 F.3d 165, 172 (2d Cir. 2019) ("violation of state law does not per se result in a violation of the Due Process

Clause"). Thus, to the extent Plaintiffs hinge their procedural due process claim on an alleged violation of the New York State Civil Service Law, such an attempt fails.

Finally, Plaintiffs' Opposition fails to address any of DOE Defendants' substantive arguments made in connection with Plaintiffs' due process claims. As such, DOE Defendants respectfully refer the Court to their moving papers for a discussion of why this claim fails as a matter of law, and deem those claims abandoned. See, e.g., Sanchez v. City of New York, No. 15 Civ. 9940, 2017 U.S. Dist. LEXIS 123557, at *4-5 (S.D.N.Y. Aug. 4, 2017) ("At the outset, the Court notes that these plaintiffs, who are represented by counsel, filed an opposition to the motions to dismiss that makes no attempt to respond to any of defendants' legal arguments. Therefore, plaintiffs have abandoned their claims."); Martinez v. City of New York, No. 11 Civ. 7461, 2012 U.S. Dist. LEXIS 173500, at *1 (S.D.N.Y. Dec. 6, 2012) (dismissing claims as abandoned where plaintiff failed to respond to defendant's arguments for dismissal in her opposition); Brandon v. City of New York, 705 F. Supp. 2d 261, 268 (S.D.N.Y. 2010) (collecting cases).

## POINT IV

### PLAINTIFFS' CONSPIRACY CLAIMS MUST BE DISMISSED

In order to set forth a § 1983 claim for conspiracy, Plaintiffs must first prove "an actual violation of constitutional rights," and therefore a conspiracy claim "will stand only insofar as the plaintiff can prove the *sine qua non* of a § 1983 action: the violation of a federal right." Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995). As detailed above, and in DOE Defendants' moving papers, Plaintiffs' procedural due process claims fail as a matter of law. Therefore, so does Plaintiffs' conspiracy claim.

Nevertheless, Plaintiffs premise their § 1983 conspiracy claim on an allegation that all Defendants conspired to deprive Plaintiffs of their constitutional due process rights by

"agreeing" to "resolve the impasse in negotiations by binding arbitration" and that this "agreement" violates the New York State Civil Service Law. See Plaintiffs' Opposition at 10. Even accepting this unsupported allegation as true, it is fundamentally flawed because a violation of a state statute does not equate to a constitutional violation. See Tooly, 919 F.3d at 172.

In any event, Plaintiffs' Opposition argues that the Impact Arbitration Awards must be nullified because there was no statutory or contractual authority for Defendants DOE and UFT to "agree" to binding arbitration. Specifically, Plaintiffs contend that Civil Service Law Section 209, which is part of an article of the Civil Service Law known as the Taylor Law, does not authorize binding arbitration in the circumstances here. Indeed, Plaintiffs argue that the DOE and UFT willfully violated the Taylor Law by proceeding to binding arbitration, which resulted in the Impact Arbitration Award, in furtherance of a "conspiracy" between the DOE Defendants and the UFT to deprive Plaintiffs of their constitutional rights.

The Impact Arbitration Award was the result of negotiations between the City/DOE and UFT. See Statement of Impasse at Dkt. No. 21-1. Once the negotiations reached an impasse, Defendant UFT filed a Declaration of Impasse with the New York State Public Employment Relations Board ("PERB"). Id. PERB accepted this Declaration of Impasse and appointed an arbitrator to attempt to resolve the impasse. See Impact Arbitration Award at 4. Thus, contrary to Plaintiffs' unsupported allegations – there was no "agreement" to resort to binding arbitration. Rather, Defendant UFT filed a Declaration of Impasse with PERB, PERB accepted that declaration and appointed an arbitrator.

PERB was created by the Public Employees' Fair Employment Act of 1967, commonly referred to as the Taylor Law. PERB's mission includes: the impartial application and enforcement of the Act; the prevention of strikes, protecting the delivery of services to

7

constituents; the protection of the rights of public employees to organize without interference or detriment; the determination of appropriate bargaining units and the direction of the process of representative selection; and issuance of determinations on charges of improper employment practices. See "Who We Are" at https://perb.ny.gov/ last accessed on May 16, 2022. The agency also has the statutory responsibility to provide impasse resolution services. Id.

Thus, in order to accept Plaintiffs' argument that DOE and UFT proceeded to binding arbitration in violation of the Taylor Law, the Court would have to accept that PERB – the state agency specifically charged with enforcement of the Taylor Law – knowingly and willfully violated that law by accepting the Declaration of Impasse and appointing an arbitrator. There is simply no evidence in the record to support such a fanciful allegation.

Despite this, Plaintiffs hinge their entire conspiracy claim – and, in turn their entire due process claim – on the unsupported notion that Defendants DOE, UFT, Scheinman and, necessarily, PERB all had a meeting of the minds to conspire to deprive Plaintiffs of their constitutional due process rights. The Amended Complaint fails to plausibly allege **any** facts to support this claim other than the repeated use of the word "conspiracy."

Further, while courts have recognized that conspiracies "are by their very nature secretive operations" and therefore may have to be established via circumstantial, rather than direct, evidence, "diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Ciambriello v. Cty. of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002). Here, Plaintiffs' phantastic claim that the DOE and Union Defendants – and with the tacit blessing of PERB – conspired to violate Plaintiffs' constitutional rights by agreeing to binding arbitration when they had no authority to do so is exactly the type of "diffuse and expansive allegation" that

is insufficient to withstand a motion to dismiss. Thus, Plaintiffs' conspiracy claims must be dismissed.

**POINT V**

**PLAINTIFFS' CLASS CLAIMS MUST BE DISMISSED**

Because all of Plaintiffs' individual claims for damages and declaratory relief must be dismissed, Plaintiffs' class claims must be dismissed as well. See, e.g., In re Initial Pub. Offering Sec. Litig., 214 F.R.D. 117, 122 (S.D.N.Y. 2002)("Courts in this circuit have repeatedly held that, '[i]n order to maintain a class action, Plaintiffs must first establish that they have a valid claim . . . If the named plaintiffs have no cause of action in their own right, their complaint must be dismissed, even though the facts set forth in the complaint may show that others might have a valid claim.'") (citation omitted).

## CONCLUSION

For the foregoing reasons, and for those set forth in DOE Defendants' moving papers, DOE Defendants respectfully request that their motion to dismiss the Amended Complaint be granted in its entirety, with prejudice, that judgment in favor of DOE Defendants be entered, and that DOE Defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
                May 24, 2022

                                          **HON. SYLVIA O. HINDS-RADIX**
                                          Corporation Counsel of the
                                             City of New York
                                          Attorney for DOE Defendants
                                          100 Church Street, Room 2-100
                                          New York, New York 10007
                                          212-356-4015

                By:        /s/
                          Andrea O'Connor
                          Assistant Corporation Counsel