# THE SCHER LAW FIRM, LLP

ONE OLD COUNTRY ROAD, SUITE 385
CARLE PLACE, NY 11514

MARTIN H. SCHER*
JONATHAN L. SCHER*'

AUSTIN R. GRAFF*

TEL: 516-746-5040

FAX: 516-746-5043

W. SCOTT KERSHAW
COUNSEL

MICHAEL SCHILLINGER
COUNSEL

ROLAND P. BRINT
COUNSEL

ADAM GANG
COUNSEL

* Also Admitted in District of Columbia
' Also Admitted in New Jersey

ROBERT S. NAYBERG
(1050 2012)

July 7, 2022

**BY FEDERAL EXPRESS AIRBILL NO. 777327941330
AND BY ECF**
Honorable Kiyo A. Matsumoto, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Broecker, *et al.* v. New York City Department of Education, *et al.*
Docket No. 21-CV-06387-KAM-LB

Dear Judge Matsumoto:

This law firm represents the Plaintiffs in the above-referenced Action. The Plaintiffs request permission to supplement their opposition to the Motions to Dismiss based upon new documentary evidence obtained yesterday contained in the filing with the New York State Supreme Court, County of New York in a newly filed litigation entitled *In the Matter of the Application of the Board of Education of the City School District of the City of New York, et al. v. United Federation of Teachers, Local 2, AFT, AFL-CIO, et al.* under Index Number 451995/2022 ("DOE Proceeding"), regarding a dispute over a new arbitration decision by the Defendant Martin Scheinman ("Scheinman") materially and relevant to the pending Motions to Dismiss.

The *New York Post* reported yesterday on the DOE Proceeding which challenges Scheinman's Opinion and Award relating to 82 NYCDOE employees placed on leave without pay by the New York City Department of Education ("NYCDOE") for filing allegedly false vaccine cards. *See,* **Exhibit A**, a copy of the *New York Post* article.

Through due diligence, we were able to find the NYCDOE's filings in the DOE Proceeding, which included the new Opinion and Award issued by Scheinman that directly relates to the pending Motions to Dismiss in the above-referenced Action.

# THE SCHER LAW FIRM, LLP

In Scheinman's newest Opinion and Award (**Exhibit B** ("Opinion and Award")), Scheinman states with respect to the UFT Arbitration Award ("Award"):

> ... While the Department claims its action is unconnected with the Award, it is the Award itself that created a new leave without pay. Absent the Award, the Department was without the authority to remove these employees from the payroll without providing a due process hearing.
>
> Leave without pay is an unusual outcome. Yet, I decided it was appropriate for employees whose requests for a medical or religious exemption were denied. This is because such employees intentionally decided to disregard the mandate they be vaccinated by September 27, 2021, the date established by Commissioner Chokshi and Mayor de Blasio.

**Exhibit B**, at page 10.

This language, written by Scheinman in the Opinion and Award supports three arguments previously made by the Plaintiffs in opposition to the Motions to Dismiss:

First, Scheinman's words establish that but-for the Award, the NYCDOE could not have placed the Plaintiffs on leave without pay. As Plaintiffs argued in opposition to the Defendants' Motions, the Award was a violation of N.Y. Civil Service Law § 209.3.(f) and the numerous cases that have interpreted the statute, including a case from the New York Court of Appeals and numerous opinions issued by PERB. Therefore, if the Court finds that the Award violated N.Y. Civil Service Law § 209.3.(f), as the Plaintiffs argue, then the NYCDOE did not have any authority to place the Plaintiffs on leave without pay without due process, thereby violating the Plaintiffs' due process rights. Scheinman's words are additional evidence that the Plaintiffs have stated a plausible claim against the NYCDOE for a violation of 42 U.S.C. § 1983 meaning the NYCDOE's Motion to Dismiss should be denied.

Second, it was Scheinman who "created a new leave without pay" by issuing the Award. Scheinman establishes, by his own words, that he actively participated in the violation of the Plaintiffs' due process rights by "creat[ing] a new leave without pay" policy. Scheinman was not acting like an arbitrator who interpreted a contract or acted like an umpire in a dispute between the NYCDOE and the United Federation of Teachers ("UFT"), but actively created new policy that, as Scheinman admits, but-for his Award, "the Department was without the authority to remove these employees from the payroll without providing a due process hearing." **Exhibit B**,

# THE SCHER LAW FIRM, LLP

Honorable Kiyo A. Matsumoto, U.S.D.J.
United States District Court, Eastern District of New York
July 7, 2022
Page 3 of 3

at page 10. Scheinman's own words establish that the Plaintiffs have stated a plausible claim for a violation of 42 U.S.C. § 1983 against the NYCDOE and Scheinman because as he admits, without his Award, the NYCDOE would have had to provide the Plaintiffs with due process before placing them on leave without pay, admitting that his actions caused the Plaintiffs to "suffer[ ] a denial of [their] federal statutory rights, or [their] constitutional rights or privileges." *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998). Accordingly, the Scheinman Defendants' Motion to Dismiss must be denied.

Third, Scheinman confirms that it was him who "decided [leave without pay] was appropriate", which means that the NYCDOE and the UFT did not "continu[e] to negotiate until an 'agreement' [was] reached" but instead the resolution of the NYCDOE's and UFT's impasse was imposed by Scheinman in violation of N.Y. Civil Service Law § 209.3.(f). *Matter of Buffalo Teachers Federation v. City School District of the City of Buffalo*, 49 PERB P4560 (2016). Scheinman's words confirm that the Award was a newly created and imposed remedy to the school district's impasse in negotiations with its union and therefore violated clear and unambiguous statutory language requiring a school district, like the NYCDOE, and its union, like the UFT, to overcome any impasse at the bargaining table and not through any other means. As a result, Scheinman's words support the Plaintiffs' argument that they have a plausible claim that the Award was promulgated and instituted without any statutory authority.

*******************

The Plaintiffs thank the Court for its courtesies in accepting the Plaintiffs' supplemental filing, considering the Opinion and Award only came into the Plaintiffs' possession yesterday and the Plaintiffs believed, as shown above, that the Opinion and Award is material and relevant to the pending Motions to Dismiss.

Respectfully submitted,

THE SCHER LAW FIRM, LLP

Austin Graff

cc: Counsel of Record (by ECF)