**EXHIBIT B**



**SCHEINMAN**
ARBITRATION & MEDIATION SERVICES

June 27, 2022

**Via E-Mail Only**
Liz Vladeck, Esq.
New York City Department of Education
Office of the General Counsel
52 Chambers Street, Room 308
New York, NY 10007

Alan M. Klinger, Esq.
Stroock & Stroock & Lavan, L.L.P.
180 Maiden Lane, 33rd Floor
New York, NY 10038

Michael Mulgrew, President
Beth Norton, Esq.
United Federation of Teachers
52 Broadway, 14th Floor
New York, NY 10004

Re: **Board of Education of the City School District of the City of New York
and
United Federation of Teachers, Local 2, AFT, AFL-CIO
(Proof of Vaccination)**

Dear Counsel:

Enclosed please find my Opinion and Award in the above referenced matter.

I have also enclosed my bill for services rendered.

Thank you.

Sincerely,

Martin F. Scheinman

MFS/sk
NYCDOE.UFT.proof of vaccination.trans

```
-------------------------------- X
In the Matter of the Arbitration
                                 X
           between
                                 X      Re: Proof of
BOARD OF EDUCATION OF THE CITY              Vaccination
SCHOOL DISTRICT OF THE CITY OF   X
NEW YORK
                                 X
            "Department"
                                 X
           -and-
                                 X
UNITED FEDERATION OF TEACHERS,
LOCAL 2, AFT, AFL-CIO            X

              "Union"            X

-------------------------------- X
```

**APPEARANCES**

    <u>For the Department</u>
       Liz Vladeck, General Counsel


    <u>For the Union</u>
    STROOCK & STROOCK & LAVAN, L.L.P.
      Alan M. Klinger, Esq.

      Beth Norton, Esq., UFT General Counsel
      Michael Mulgrew, UFT President



**BEFORE:** Martin F. Scheinman, Esq., Arbitrator

**BACKGROUND**

The Union protests the Department's decision to summarily place approximately eighty two (82) Department employees on leave without pay, with benefits, effective April 25, 2022. This action was based upon information the Department received from a separate investigative agency these employees' proof of COVID-19 vaccination was allegedly fraudulent. The Union contends the issue of whether the Department's action is proper and falls within the scope of my September 10, 2021, Award ("Award").

Most of the basic facts are not in dispute.

In July 2021, former Mayor de Blasio announced a "Vaccine-or-Test" mandate which required the City workforce, including the educators, to either be vaccinated or undergo weekly testing for the Covid-19 virus effective September 13, 2021. Thereafter, on August 23, 2021, Mayor de Blasio and the New York City Commissioner of Health and Mental Hygiene, David A. Chokshi, MD, announced a new policy for those workforces in Department buildings. Those employees would be subject to a "Vaccine Only" mandate. That is, such employees would need to show by September 27, 2021, they had at least started the vaccination protocol or would not be allowed onto Department premises, would not be paid for work and would be at risk of loss of job and benefits.

2

This mandate was reflected in an Order of Commissioner Chokshi, dated August 24, 2021. That Order, by its terms, did not expressly provide for exceptions or accommodations for those with medical contraindications to vaccination or sincerely-held religious objections to inoculation. Nor did it address matters of due process with regard to job and benefits protection.

The Union promptly sought to bargain the impact and implementation of the Vaccine Only mandate. The parties had a number of discussions, but important matters remained unresolved.

On September 1, 2021, the UFT filed a Declaration of Impasse with the Public Employment Relations Board ("PERB") as to material matters. The Department did not challenge the statement of impasse and PERB appointed me to mediate the matters. Mediation sessions were held immediately on September 2, 3, 4 and 5, 2021, with some days having multiple sessions. Progress was made, and certain tentative understandings were reached, but significant matters remained unresolved. By agreement of the parties, the process moved to arbitration. They asked I serve as arbitrator.

Arbitration sessions were then held. On September 10, 2021, I issued an Award which set forth a detailed procedure to be followed in the cases of employees who sought an exemption to the Vaccination Mandate based on a medical condition or religious reasons.

In accordance with the procedure set forth in my Award, employee requests for an exemption were initially submitted to the Department along with any supporting documentation. An employee wishing to appeal an adverse determination by the Department was given the opportunity to appear at a hearing before an impartial arbitrator who was authorized to render a final and binding decision. Approximately five hundred (500) appeals were determined by the arbitration process. Pending the arbitrator's decision, the employee could not be removed from the payroll.

On April 19, 2022, the Department informed approximately eight two (82) employees they were being placed on leave without pay, with benefits, effective April 25, 2022, based on allegations their proof of COVID-19 vaccination was fraudulent. The employees were told they could contact the Department if they believed the allegation they submitted fraudulent proof of vaccination was wrong. On April 21, 2022, the Union wrote the Department and demanded it rescind its decision to remove these employees from the payroll without the benefit of a due process hearing.

By letter dated April 22, 2022, the Department set forth its position placement of these employees on a leave without pay status did not constitute discipline, and, therefore, did not implicate the disciplinary procedures set forth in the Education Law or the parties' Collective Bargaining Agreement ("Agreement").

Thereafter, by letter dated May 3, 2022, the Union wrote to me requesting I take jurisdiction over this dispute. The Union cited to that portion of the Award which states "should either party have reason to believe the process set forth herein, is not being implemented in good faith, it may bring a claim directly to SAMS for expedited resolution".

By letter dated May 4, 2022, the Department wrote in opposition to the Union's May 3, 2022, letter. The Department stated it was in full compliance with my Award, as well as the Agreement and applicable law. The Department also insisted this matter was not properly before me.

On May 4, 2022, I conducted a conference call with the parties. At that time, each side was given the opportunity to argue their positions.

Thereafter, on May 6, 2022, the Union submitted further argument in support of its position. The Department responded in a letter dated May 10, 2022.

Upon my receipt of the parties' written submissions, I closed the record.

## DISCUSSION AND FINDINGS

**The Issues:**

The basic issues to be decided are as follows:

1. Is the Department's decision to place the approximately eighty two (82) employees on leave without pay, with benefits, subject to my jurisdiction pursuant to the September 10, 2021, Award?

2. If so, what shall be the remedy?

**Position of the Parties**

The Department insists the facts of circumstances regarding its placement of the eighty two (82) employees on leave without pay, with benefits, is not within my jurisdiction pursuant to the Award. According to the Department, the Award sets forth an expedited process to review Department employees' requests for exemptions and accommodations from the August 21, 2021, mandate to submit proof of COVID-19 vaccination by September 29, 2021. The Department maintains the requests for an exemption or accommodation were limited to medical and religious grounds. It contends no other issue is covered by the Award.

The Department contends it placed the employees on a leave without pay status as a result of the Department's receipt of information from a law enforcement agency the employees in question submitted fraudulent proof of vaccination in order to comply with Commissioner Chokshi's order which required vaccination of all Department staff.

According to the Department, the Courts have held compliance with the Commissioner Chokshi's Order is a "condition of

6

employment". The Department maintains this situation is no different to the Department's unilateral action against an employee who is not certified. As such, the Department maintains placing employees on leave without pay for failing to comply with the Commissioner Chokshi's Order comports with applicable due process procedures as long as notice is given, and the employee has an opportunity to respond. In support of its position the Department cites Broecker v. N.Y. Dep't of Educ., 21-CV-6387, 2022 WL 426113 at *7-8 (E.D.N.Y. Feb. 11, 2022); and N.Y. City Mun. Labor Comm. V. City of New York, 151169/2022 (Sup. Ct. N.Y. County Apr. 21, 2022).

The Department argues employees who are identified in connection with a law enforcement investigation into the submission of fraudulent vaccination cards are outside the scope of the Award. Furthermore, the Department insists the Award's reference to a party's failure to implement the process does not apply to the facts and circumstances presented, here. According to the Department, the language relied upon by the Union refers specifically to the "administrative process for the review and determination of requests for religious and medical exemptions to the mandatory vaccination policy and accommodation requests where the requested accommodation is the employee not appear at school". The Department asserts since that process is not at issue, here, the Union's claim is misplaced.

For the reasons set forth above, the Department contends the Union's request for relief pursuant to the Award must be denied.

The Union, on the other hand, argues the Department's decision to place these employees on leave without pay, with benefits, is predicated on the Award. It insists this matter is subject to my continued jurisdiction. The Union asserts the Agreement prohibits an employee from being removed from the payroll without establishing probable cause in a due process hearing.[1]

The Union maintains the Department's contention this situation is akin to the removal of an uncertified employee is misplaced. According to the Union, approval of certification is issued by the State. In addition, the Union insists an employee is either certified by the State or is not, there is no underlying question of fact to be determined. The Union asserts if an employee proves they have completed all of the necessary paperwork, but they are not yet certified, they will not be terminated.

The Union urges in this instance the Department made a unilateral decision to place the employees on leave, without pay, based solely on a communication from another agency the employees were not vaccinated. The Union contends the Department has no direct knowledge of whether that assertion is true or false.

---

[1] There are limited exceptions to this procedure which are inapposite.

According to the Union, the Department removed the employees from the payroll and subsequently allowed them to provide additional evidence they are vaccinated. The Union maintains as of May 6, 2022, employees who have contacted the Department asserting they have been placed on leave without pay in error have not received any response, yet they remain suspended without pay.

The Union asserts the only authority for the Department to place employees on leave without pay, with benefits, is the Award. It contends the Department is improperly invoking the Award, and the action cannot be taken until the dispute concerning their vaccination status is determined through the Award's stated process.

In short, the Union argues the Department's unilateral decision to place employees on leave without pay, with benefits, based on the communication from another agency the employees are not vaccinated falls within the jurisdiction of the Award.

**Opinion**

Certain preliminary comments are appropriate. As an arbitrator my role is a limited one. In order for me to determine whether I can assert jurisdiction over the Department's actions as alleged by the Union, I am limited by the language of the Award. If the Award is clear, I must enforce it according to its plain meaning.

With these principles in mind, I turn to the facts presented.

I find I have jurisdiction to consider this matter. While the Department claims its action is unconnected with the Award, it is the Award itself that created a new leave without pay. Absent the Award, the Department was without the authority to remove these employees from the payroll without providing a due process hearing.

Leave without pay is an unusual outcome. Yet, I decided it was appropriate for employees whose requests for a medical or religious exemption were denied. This is because such employees intentionally decided to disregard the mandate they be vaccinated by September 27, 2021, the date established by Commissioner Chokshi and Mayor de Blasio.

Implicit in such a designation of leave without pay is the individual failed to comply with the vaccine mandate. Here, there is a dispute whether the employees did or did not comply. Without that being assessed, or at least submitting evidence to show a high likelihood of non-compliance, the predicate for placing an employee on leave without pay does not exist.

The Department's decision to automatically place these employees on leave without pay is inconsistent with the language and underpinnings of my Award. Nothing in the Award grants the Department such use of leave without pay status.

10

Based upon the above, I find the Department failed to properly implement the due process protections of my Award. The Union has the right to assert the Department's process "is not implemented in good faith." To be clear, nothing in my Award was intended to abrogate any due process rights the parties otherwise maintained with regard to employment status.

I also disagree with the Department's position the court decisions it cites support the removal of these employees from pay status without a hearing. Those court decisions confronted an entirely different factual scenario. Unlike this matter, in those cited cases, there was no claim the employees at issue were vaccinated.

In denying the request for a preliminary injunction, Justice Kim, in NYC Municipal Labor Committee, supra., specifically found the absence of that factual issue in her determination. Here, of course, the employees assert they are in fact vaccinated. This raises a factual issue that is ripe for adjudication pursuant to my Award.

Based on the reasons set forth above, I take jurisdiction over the Department's placement of the approximately eighty two (82) employees placed on leave without pay, with benefits. The parties shall meet within seven (7) calendar days of the date of this Award to attempt to agree on a procedure to review an

11

employee's claim they have submitted proof of vaccination. If the parties are unable to agree on such a procedure, I shall immediately schedule a hearing and issue an expedited Award establishing the proper protocol to provide the employees the appropriate due process procedure.

**AWARD**

1. Pursuant to Section 1L of my Award dated September 10, 2021, I shall assume jurisdiction over the Department's decision to place eighty two (82) employees on leave without pay, with benefits, effective April 25, 2022.

2. The parties shall meet within seven (7) calendar days of the date of this Award to attempt to agree on a procedure to review an employee's claim they have submitted proof of vaccination. If the parties are unable to agree on such a procedure, I shall immediately schedule a hearing and issue an expedited Award establishing the proper protocol to provide the employees the appropriate due process procedure.

June 27, 2022.

_____
Martin F. Scheinman, Esq.
Arbitrator

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

I, MARTIN F. SCHEINMAN, ESQ., do hereby affirm upon my oath as Arbitrator that I am the individual described herein and who executed this instrument, which is my Award.

June 27, 2022.

_____
Martin F. Scheinman, Esq.
Arbitrator

DOE.UFT.CHIARA.NAKASHIAN.AWD

13