

July 8, 2022

Dina Kolker
Direct Dial: 212.806.5606
dkolker@stroock.com

**VIA ECF**
Hon. Kiyo A. Matsumoto
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Broecker et al. v. New York City Department of Education, et al., 21-cv-6387

We submit this letter on behalf of defendants United Federation of Teachers ("UFT") and Council of School Supervisors and Administrators ("CSA") (collectively "UFT/CSA Defendants") in relation to Plaintiffs' letter seeking permission to supplement their opposition to UFT/CSA Defendants' motion to dismiss based on a new arbitration award issued on June 27, 2022 by Arbitrator Martin F. Scheinman concerning New York City Department of Education ("DOE") employees who have submitted vaccine documentation which DOE alleges is falsified.[1]

Unlike the DOE employees at issue in the June 2022 UFT Award, Plaintiffs here are undisputedly unvaccinated and noncompliant with DOE's vaccination Mandate and are, as set forth in our motion papers, subject to the Mandate implementation Award issued September 10, 2021.[2] Conversely, the DOE employees at issue in the recent June 2022 UFT Award complied with the terms of the Mandate, but are now alleged to have engaged in misconduct consisting of submitting fraudulent vaccine documentation. As such, the June 2022 UFT Award holds that the form of leave without pay ("LWOP") implemented for undisputedly unvaccinated employees by the prior September 2021 Award is not available for employees whose vaccination status is in dispute.

The investigation regarding the allegedly fraudulent documents is not yet complete. Accordingly, both UFT and CSA have separately challenged DOE's actions with regard to the accused employees in both arbitration and state court.[3] These pending proceedings are distinct in subject and substance from the instant proceeding, and do not speak to the legitimacy of the prior

---

[1] See Board of Education of the City School District of the City of New York and United Federation of Teacher (Re: Proof of Vaccination), Arbitration Award (June 27, 2022), attached to Plaintiffs Motion for Leave to File Document (dkt# 133) as Exhibit B (hereinafter, the "June 2022 UFT Award"). As indicated in Plaintiffs' submission, DOE is challenging the award in state court.

[2] See Board of Education of the City School District of the City of New York and United Federation of Teachers, Local 2, AFT, AFT-CIO (Impact Bargaining), Arbitration Award (Sept. 10, 2021), Klinger Declaration in Opposition to Emergency Motion, Ex. D. (dkt# 21) (hereinafter, the "September 2021 Award").

[3] See Council of School Supervisors and Administrators, et. al., v. Board of Education of the City School District of the City of New York, et. al., Index No. 155220/2022 (Sup. Ct. N.Y. Cnty.); Board of Education of the City School District of the City of New York, et al. v. United Federation of Teachers, et al., Index No. 451995/2022 (Sup. Ct. N.Y. Cnty.). DOE has moved to vacate the June 2022 UFT Award in this latter action.

STROOCK & STROOCK & LAVAN LLP   New York · Los Angeles · Miami · Washington, DC
180 Maiden Lane, New York, NY 10038-4982 · T. 212.806.5400 · F. 212.806.6006 · www.stroock.com

July 8, 2022

September 2021 Award and its LWOP provision as applied to Plaintiffs here, who are undisputedly unvaccinated and noncompliant with the Mandate. The two groups of employees are in fundamentally dissimilar circumstances.

Moreover, the June 2022 UFT Award simply has no bearing on the validity of the September 2021 Award. UFT/CSA Defendants did not dispute that Plaintiffs in this case were subject to the implementation procedures contained in the prior September 2021 Award. Similarly, UFT/CSA Defendants do not now and have never disputed that Arbitrator Scheinman was involved in the creation of the LWOP policy as part of the broader process of negotiation and arbitration which produced the September 2021 Award, as this is the normal role of an arbitrator when parties mutually agree to resolve outstanding bargaining issues through binding arbitration. As such, the prior September 2021 Award was properly reached, and the recent June 2022 UFT Award is irrelevant to Plaintiffs' claims on this point.

Respectfully submitted,

 /s/ DINA KOLKER
STROOCK & STROOCK & LAVAN LLP
Dina Kolker, Esq.
180 Maiden Lane
New York, New York 10038
(212) 806-5400
dkolker@stroock.com

*Co-counsel for Defendants UFT and CSA*

CC: all counsel of record