

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Andrea O'Connor**
Labor & Employment Law Division
Phone: 212-356-4015
Fax: 212-356-1148
aoconnor@law.nyc.gov

July 11, 2022

**VIA ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Room S905
Brooklyn, New York 11201

      Re: <u>Broecker, et al. v. NYC Department of Education, et al.</u>
        Docket No. 21 CV 6387 (KAM)(LB)

Dear Judge Matsumoto:

  I am an Assistant Corporation Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for defendants New York City Department of Education and Meisha Porter (collectively, "DOE Defendants") in the above-captioned matter. I write in opposition to Plaintiffs' July 7, 2022 request to supplement their opposition in connection with DOE Defendants' pending motion to dismiss the Amended Complaint. For the reasons set forth below, Plaintiffs' request should be denied.

  For background, on April 19, 2022, 82 DOE employees were provided with notice that they would be placed on leave without pay, with benefits, effective April 25, 2022, based on information that the DOE had received from an independent law enforcement agency that their proof of COVID-19 vaccination was fraudulent. DOE offered these employees an opportunity to respond by contacting the DOE if they believed that the allegation that they had submitted fraudulent proof of vaccination was incorrect. By letter dated May 3, 2022, the UFT objected to this on their members' behalf and requested that Defendant Scheinman take jurisdiction over the dispute. Defendant Scheinman found that he had jurisdiction over the issue and issued an Opinion and Award on June 27, 2022. The June 27 Opinion and Award opined that the DOE's decision to place these 82 employees on LWOP was "inconsistent" with the September 10, 2021 Impact Arbitration Award. On July 5, 2022, DOE commenced an Article 75 proceeding against UFT seeking an order vacating the June 27 Opinion and Award on the grounds that Defendant Scheinman exceeding his power and jurisdiction in issuing the Award and that it violates public policy and is irrational. That proceeding is pending.

1

Plaintiffs now seek to put before the Court two entirely irrelevant documents: first, a New York Post article relating to 82 DOE employees that were placed on LWOP by the DOE, and second, the June 27 Opinion and Award. As detailed above, the June 27 Opinion and Award does not pertain to Plaintiffs because it involves only those 82 DOE employees placed on LWOP on April 25, 2022 based on information that the DOE had received that their proof of COVID-19 vaccination was fraudulent. As such, the June 27 Opinion and Award has absolutely no bearing on Plaintiffs' due process claims because it is not applicable to them. Further, Plaintiffs' contention that the June 27 Opinion and Award bears on their claim under New York Civil Service Law § 209(3)(f) is also without merit. As argued in DOE Defendants' motion, Plaintiffs premise their entire constitutional due process claim on the faulty notion that a purported violation of § 209(3)(f) automatically equates to a procedural due process violation. Plaintiffs are incorrect. See Tooly v. Schwaller, 919 F.3d 165, 172 (2d Cir. 2019) ("violation of state law does not per se result in a violation of the Due Process Clause"). Thus, Plaintiffs' argument that their procedural due process claim can be established based on an alleged violation of the New York State Civil Service Law, does not suffice.

For these reasons, DOE Defendants respectfully request that the Court deny Plaintiffs' request to supplement their opposition to DOE Defendants' motion to dismiss the Amended Complaint.

Respectfully submitted,

Andrea O'Connor
Assistant Corporation Counsel

cc: All Counsel