

| | T**HE** C**ITY OF** N**EW** Y**ORK** | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **L**AW **D**EPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Andrea O'Connor**<br>Labor & Employment Law Division<br>Phone: 212-356-4015<br>Fax: 212-356-1148<br>aoconnor@law.nyc.gov |

February 16, 2023

**VIA ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Room S905
Brooklyn, New York 11201

      Re: <u>Broecker, et al. v. NYC Department of Education, et al.</u>
         Docket No. 21 CV 6387 (KAM)(LB)

Dear Judge Matsumoto:

  I am an Assistant Corporation Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for defendants New York City Department of Education and Meisha Porter (collectively, "DOE Defendants") in the above-captioned matter. I write today in response to the Court's order directing the parties to address which issues, if any, have been mooted in light of the City of New York making vaccination optional, rather than required, for current and prospective employees of the DOE.

  While this change will not eliminate all live issues, it does mean that Plaintiffs who are former DOE employees are eligible to apply to new positions within the DOE. Former DOE employees, however, who were terminated for failure to show proof of vaccination will not be automatically reinstated to their prior positions with back pay. In that regard, Plaintiffs' claims relating to their placement on leave without pay and any subsequent termination remain live.

  However, because vaccination is now optional for current and new DOE employees, to the extent Plaintiffs' Amended Complaint seeks injunctive relief to enjoin the enforcement of the DOE's vaccination requirement, such relief is moot. Similarly, any request for declaratory or injunctive relief in connection with a facial challenge to the DOE's vaccination mandate is moot as well. *See Brach v. Newsom*, 38 F.4th 6, 11 (9th Cir. 2022) (when "there is no longer any state order for the court to declare unconstitutional or to enjoin," then "[i]t could not be clearer that this case is moot"); *Boston Bit Labs, Inc. v. Baker*, 11 F.4th 3, 9 (1st Cir. 2021) ("with the offending [rule] wiped away, there is nothing harming" the plaintiff).

Nor can Plaintiffs credibly invoke the voluntary cessation exception. They have repeatedly sought relief from this Court, and DOE Defendants have consistently responded by litigating the issues. It is hard to imagine better proof that the change in course is "unrelated to the litigation." 15 Moore's Federal Practice Civil § 101.99(2)(a) (2022) (collecting cases). The facts bear out that the discontinuance of the employee vaccination requirement is due to changed circumstances, not this litigation. For example, 99% of DOE's workforce, 96% of the City workforce and more than 80% of all New Yorkers have been vaccinated, and more tools are available to counter the virus than ever before. The Second Circuit has recognized that changes in pandemic-related measures like this are not subject to the voluntary cessation exception. *See, e.g., Geller v. Hochul*, No. 21-2514, 2023 U.S. App. LEXIS 1077, at *2-3 (2d Cir. Jan. 18, 2023) (summary order) (holding challenge to pandemic-related restrictions on public gatherings moot as restrictions had been lifted); *Weisshaus v. Hochul*, No. 21-64, 2022 U.S. App. LEXIS 32794, at *2-4 (2d Cir. Nov. 29, 2022) (same, as to pandemic-related traveling requirements). Further, the mere possibility that the City could someday adopt other hypothetical vaccination requirements in the face of different threats does not create a live controversy. *See Boston Bit Labs*, 11 F.4th at 10 (noting that the government's continued power to regulate "cannot itself be enough to skirt mootness, because then no suit against the government would ever be moot").

DOE Defendants thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ A. O'Connor*

Andrea O'Connor
Assistant Corporation Counsel

cc:   All Counsel via ECF