# THE SCHER LAW FIRM, LLP

ONE OLD COUNTRY ROAD, SUITE 385
CARLE PLACE, NY 11514

MARTIN H. SCHER*
JONATHAN L. SCHER**

AUSTIN R. GRAFF*

TEL: 516-746-5040

FAX: 516-746-5043

W. SCOTT KERSHAW
COUNSEL
MICHAEL SCHILLINGER
COUNSEL
ROLAND P. BRINT
COUNSEL
ADAM GANG
COUNSEL

ROBERT S. NAYBERG

* Also Admitted in District of Columbia
* Also Admitted in New Jersey

February 17, 2023

**BY ECF**
Honorable Kiyo A. Matsumoto, U.S.D.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: Broecker, *et al.* v. New York City Department of Education, *et al.*
       Docket No. 21-CV-06387-KAM-LB

Dear Judge Matsumoto:

    This law firm represents all of the Plaintiffs, in the above-referenced Action.  This letter shall serve as the Plaintiffs' response to the Court's Order seeking the parties' views relating to which issues in this Action have been mooted and which issues subsist in light of the City's discontinuance of its vaccine mandate for municipal workers.

    First, it is important for the Court to know that even though the COVID-19 vaccine is no longer mandated for municipal employees, the City has made clear that those former employees who lost their jobs because the former employees refused to be vaccinated must re-apply for their positions with the New York City Department of Education ("NYCDOE").  *See,* **Exhibit 1,** a copy of the Mayor's announcement regarding the end of the vaccine mandate.

    Second, all of the Plaintiffs' causes of action remain viable after the City's announcement.  The Plaintiffs argue that their due process rights and their right to their pay were violated when the NYCDOE suspended them without pay and without any due process and ultimately terminated many of the Plaintiffs from their employment.  As a result, the Plaintiffs lost wages, lost health insurance benefits, lost pension benefits, lost seniority (those that were fired), and other emoluments they were entitled to as an employee of the NYCDOE.  The Plaintiffs have claims for back pay and damages as a result of the violations of their Fourteenth Amendment rights.  The City's decision to end the vaccine mandate does not compensate the Plaintiffs for their losses.

# The Scher Law Firm, LLP

Honorable Kiyo A. Matsumoto, U.S.D.J.
Eastern District of New York
February 17, 2023
Page 2 of 2

Third, the Plaintiffs' causes of action against the unions and the Arbitrators are not mooted by the City's announcement to end the vaccine mandate. In fact, but-for the unions' and the Arbitrators' collusion with the NYCDOE, the NYCDOE would not have had an argument that its conduct was legal. As argued in the Plaintiffs' Motion papers in opposition to the Defendants' Motions to Dismiss, the Scheinman Impasse Arbitration Awards violated N.Y. Civil Service Law and therefore the basis for the NYCDOE to suspend the Plaintiffs without pay and later terminate many of the Plaintiffs was without any legal authority, thereby violating the Plaintiffs' due process rights and right to their pay. The City's decision to end the vaccine mandate did not compensate the Plaintiffs for their financial losses and their damage caused by the unions' and the Arbitrators' collusion with the NYCDOE to violate the Plaintiffs' constitutional rights.

It is the Plaintiffs' view that the City's decision to end the vaccine mandate has no effect on the Plaintiffs' claims asserted in this Action because the City is not: (a) paying the Plaintiffs their back pay, (b) restoring their pension benefits; (c) re-instating their health insurance benefits; (d) restoring their seniority; (e) re-instating their tenure; or (f) restoring the Plaintiffs to their former positions.

Thank you for your courtesies in this matter.

Respectfully submitted,

THE SCHER LAW FIRM, LLP

Austin Graff

cc:     Counsel of Record (by ECF)