

February 17, 2023

Dina Kolker
Direct Dial: 212.806.5606
dkolker@stroock.com

**VIA ECF**
Hon. Kiyo A. Matsumoto
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     <u>Broecker et al. v. New York City Department of Education, et al., 21-cv-6387</u>

We submit this letter on behalf of defendants United Federation of Teachers ("UFT") and Council of School Supervisors and Administrators ("CSA") (collectively, "UFT/CSA Defendants") in relation to the Court's Order that all parties advise the Court of their respective views as to which issues, if any, have been mooted, and which issues remain in the aftermath of the New York City Department of Health and Mental Hygiene's ("DOHMH's") decision to end the City's vaccination mandates for public employees (the "Mandates") as of February 10, 2023.

In their Amended Complaint (dkt #47), Plaintiffs alleged ten causes of action against various defendants, including UFT/CSA Defendants. Of Plaintiffs' causes of action, their sixth cause of action—seeking a permanent injunction to prospectively prevent "[the New York City Department of Education ("DOE")] from violating the Plaintiffs' constitutional rights"—is moot to the extent it sought the lifting of the mandate going forward.

For the remaining claims, whether or not said claims are moot, UFT/CSA Defendants reiterate that these claims are entirely baseless as to them, on the grounds set forth in their motion to dismiss. As such, even if they proceed past the end of the Mandate, these claims fail.

Moreover, with the end of the Mandates, the City and DOE have offered the opportunity for potential reapplication or reinstatement to employees who resigned, retired or were terminated because of the Mandates. To UFT/CSA Defendants' understanding, different personnel policies are being applied by the City and DOE to different groups of employees based upon which title they served under and the context of their departure from their prior employment. It appears DOE has not yet established procedures regarding pedagogical and administrative titles. As such, to the extent that Plaintiffs allege damages against UFT/CSA Defendants, the continued accrual of such damages may be limited after February 10, 2023 for any plaintiff who receives an offer to apply for reinstatement without burdensome conditions.

February 17, 2023

Respectfully submitted,

 /s/ DINA KOLKER
―――――――――――――――――――
STROOCK & STROOCK & LAVAN LLP
Dina Kolker, Esq.
180 Maiden Lane
New York, New York 10038
(212) 806-5400
dkolker@stroock.com

*Co-Counsel for Defendants UFT and CSA*

CC: all counsel of record

STROOCK & STROOCK & LAVAN LLP  New York  ·  Los Angeles  ·  Miami  ·  Washington, DC
180 Maiden Lane, New York, NY 10038-4982  ·  T. 212.806.5400  ·  F. 212.806.6006  ·  www.stroock.com                    2