

**Hanan B. Kolko**
Partner
o 212-356-0214
c 516-241-6674
f 646-473-8214
HKolko@cwsny.com
www.cwsny.com

900 Third Avenue, Suite 2100 • New York, NY 10022-4869

February 17, 2023

**Via ECF**
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Rm. S905
Brooklyn, NY 11201

      Re:    Broecker, et al. v. NYC Department of Education, et al.
             Docket No. 21 CV 6387 (KAM)(LB)

Dear Judge Matsumoto:

      We represent defendants AFSCME District Council 37 ("DC37"), Henry Garrido, AFSCME Local 372, AFSCME Local 1251, Shaun Francois and Francine Francis (the "DC37 Defendants"). On behalf of the DC37 Defendants, we write in response to the Court's order directing the parties to address which issues in this case, if any, have been rendered moot by the City of New York's decision to no longer require its current and future employees to have been vaccinated for COVID. We address here whether the claims against DC37 Defendants are moot.

      In counts nine and ten, plaintiffs seek money damages against some or all of the DC37 defendants. Amended Complaint, ¶ 435, Prayer for Relief, ¶¶ 9, 10. Because plaintiffs seek money damages against some or all DC37 defendants in counts nine and ten, the claims asserted in those counts are not moot as to DC37 defendants.

      In count four, plaintiffs seek only "a declaratory judgment … that the agreement between DC37 and the NYCDOE was entered into without any contractual authority …and, therefore, the NYCDOE's suspension of Plaintiffs … violated [their] fourteenth Amendment rights to due process and their pay." Amended Complaint, ¶ 304, Prayer for Relief, ¶4.

      The agreement, Exhibit M to the Amended Complaint, provided a process applicable to DC37-represented DOE employees who sought a religious and/or medical exemption from the DOE's "mandatory vaccination policy," and addressed the status of employees who did not comply with the policy. Amended Complaint, ¶164. By its terms, the agreement required employees seeking an exemption from the policy to apply by October 5, 2021. It set an October 8, 2021 deadline for initial rulings on exemption requests, required appeals of those initial decisions to be made within 48 hours of receipt of the decision, required the submission of



supplemental documents regarding the appeal to the arbitration panel within 48 hours, and provided for an expedited arbitration process.  Exhibit M, at ¶¶ 1, 1(e), 1(f), 1(g).  Under the agreement, employees who received an exemption had certain rights, and employees who were denied an exemption and/or who did not seek an exemption had certain more limited rights.  However, the agreement is tied entirely to the now rescinded vaccination requirement – it set up a process that applied only to adjudicating employee and DOE rights and obligations vis-à-vis the DOE's now rescinded mandatory vaccination policy.  See, generally, Exhibit M.

"A case is moot when the issues presented are no longer live." *Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015).  Where a challenged government policy has expired, or is no longer in effect, a claim seeking non-monetary relief as to that policy is moot. *Hawaii v. Trump*, 138 S. Ct. 377 (Mem.) (2017).

A defendant who argues that a claim against it is moot because it stopped doing what plaintiffs challenge "bears a heavy burden" of showing that the "allegedly wrongful behavior could not reasonably be expected to recur." *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719 (2007).  Claims arising out of rescinded COVID-related policies are moot where a court cannot grant any relief on the claim, and a claim for attorneys' fees does not rescue such a claim from dismissal as moot. *Clark v. Governor of New Jersey*, 53 F. 4th 769, 776-777 (3d Cir. 2022).  Such a claim will be found moot unless plaintiffs establish that "the same precise situation – the pandemic such as it presented itself in 2020 and 2021 – [is likely to] … occur again."  Id.  In *Connecticut Citizens Defense League, Inc. v. Lamont*, 6 F.4th 439, 446 (2d Cir. 2021), the Second Circuit rejected as "speculative" the likelihood that the state would reimpose restrictions on fingerprinting needed to obtain a gun permit "in view of the mitigation measures that have become available to combat the spread of COVID, and the providential infrequency of pandemics."  Id.  Thus, mere speculation that the rescinded policy will be reimposed will not, absent more, rescue a claim challenging the rescinded policy from being dismissed as moot.

Here, the fourth claim attacks the validity of an agreement that addresses only how employees seek exemptions to the now-rescinded vaccine mandate policy and the rights of employees who did not comply with that policy.  As the policy giving rise to count four has been "wiped away," count four's claim for declaratory relief is moot. *Boston Bit Labs, Inc. v. Baker*, 11 F.4th 3, 9 (1st Cir. 2021).  And, plaintiffs cannot show that the policy is likely to be reimposed, in light of the availability of additional measures to deal with COVID and the fact that almost 100% of the DOE's workforce is vaccinated. Finally, the mere fact that the City may retain authority to reimpose a vaccine mandate does not change the result. *Boston Bit Labs,* 11 F.4[th] at 10 ("That the Governor has the power to issue executive orders cannot itself be enough to skirt mootness, because then no suit against the government would ever be moot.  And we know some are.").



      In sum: counts nine and ten are not moot, as they seek money damages, while count four is moot, as it seeks only a declaration as to an agreement that dealt only with a rescinded policy.

                                        Respectfully submitted,

                                        */s/ Hanan B. Kolko*

                                        Hanan B. Kolko

cc: All Counsel, via ECF